**UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-01966-RM-MEH

UNITED FOOD AND COMMERCIAL
WORKERS INTERNATIONAL UNION
LOCAL 464A, THE TRUSTEES OF
WELFARE AND PENSION FUNDS OF
LOCAL 464A – PENSION FUND, THE
TRUSTEES OF RETIREMENT PLAN FOR
OFFICERS, BUSINESS REPRESENTATIVES
AND OFFICE EMPLOYEES OF LOCAL
464A, THE TRUSTEES OF LOCAL 464A
FINAST FULL TIME EMPLOYEES
PENSION PLAN, THE TRUSTEES OF
LOCAL 464A WELFARE AND PENSION
BUILDING INC., and THE TRUSTEES OF
NEW YORK-NEW JERSEY
AMALGAMATED PENSION PLAN FOR
ACME EMPLOYEES, Individually and on
Behalf of All Others Similarly Situated,

                        Plaintiffs,

     v.

PILGRIM'S PRIDE CORPORATION,
JAYSON J. PENN, WILLIAM W. LOVETTE,
and FABIO SANDRI,

                        Defendants.

---

**MOTION OF UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL
UNION LOCAL 464A, THE TRUSTEES OF WELFARE AND PENSION FUNDS OF
LOCAL 464A – PENSION FUND, THE TRUSTEES OF RETIREMENT PLAN FOR
OFFICERS, BUSINESS REPRESENTATIVES AND OFFICE EMPLOYEES OF LOCAL
464A, THE TRUSTEES OF LOCAL 464A FINAST FULL TIME EMPLOYEES
PENSION PLAN, THE TRUSTEES OF LOCAL 464A WELFARE AND PENSION
BUILDING INC., AND THE TRUSTEES OF NEW YORK-NEW JERSEY
AMALGAMATED PENSION PLAN FOR ACME EMPLOYEES
FOR APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF SELECTION OF LEAD COUNSEL**

## TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...................................................................................................2

II.     FACTUAL BACKGROUND..................................................................................4

III.    ARGUMENT...........................................................................................................5

      A.    Local 464A Satisfies the PSLRA's Requirements and Should Be Appointed Lead Plaintiff............................................................................................5

            1.    Local 464A Has Timely Moved for Appointment as Lead Plaintiff ...........7

            2.    Local 464A Has the Largest Financial Interest in the Relief Sought by the Class ...................................................................................................7

            3.    Local 464A Satisfies the Requirements of Rule 23 .....................................7

                  a.    Local 464A's Claims Are Typical ...................................................8

                  b.    Local 464A Is Adequate ..................................................................9

      B.    Local 464A's Selection of Lead Counsel Should Be Approved............................10

IV.    CONCLUSION......................................................................................................12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barnwell v. Advanced Emissions Sols., Inc.*,
No. 14-cv-01243-CMA-KMT, 2015 WL 13612170 (D. Colo. Feb. 19, 2015) ................. 8, 8-9

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ................................................................................................... 1

*In re Cohen v. U.S. Dist. Court for the N. Dist. of Cal.*,
586 F.3d 703 (9th Cir. 2009) ............................................................................................... 10

*Cooke v. Equal Energy Ltd.*,
No. CIV–14–0087–C, 2014 WL 3819159 (W.D. Okla. May 8, 2014) ..................................... 8

*Ellis v. Spectranetics Corp.*,
No. 15-cv-01857-KLM, 2015 WL 9259928 (D. Colo. Dec. 18, 2015) .................................... 9

*Medina v. Clovis Oncology, Inc.*,
No. 15-cv-2546-RM-MEH, 2016 WL 660133 (D. Colo. Feb. 18, 2016)
(Moore, J.) ................................................................................ 2, 8-9, 9-10, 12

*In re SandRidge Energy, Inc. Sec. Litig.*,
No. CIV-12-1341-G, 2019 WL 4752268 (W.D. Okla. Sept. 30, 2019) .............................. 3, 10

**Statutes**

15 U.S.C. § 78u-4(a) .......................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 23 ............................................................................................................. 8, 9

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ........................... 3, 10

United Food and Commercial Workers International Union Local 464A, the Trustees of

Welfare and Pension Funds of Local 464A – Pension Fund, the Trustees of Retirement Plan for

Officers, Business Representatives and Office Employees of Local 464A, the Trustees of Local

464A Finast Full Time Employees Pension Plan, the Trustees of Local 464A Welfare and Pension

Building Inc., and the Trustees of New York-New Jersey Amalgamated Pension Plan for ACME

Employees (collectively, "Local 464A") respectfully move this Court for entry of an Order,

pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-

4(a)(3)(B): (1) appointing Local 464A as Lead Plaintiff; (2) approving Local 464A's selection of

Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") as Lead Counsel for the class; and (3)

granting such other relief as the Court may deem just and proper.[1]

This Motion is made on the grounds that Local 464A timely filed this motion and is the

"most adequate plaintiff" pursuant to the PSLRA.  Based on the information presently available,

Local 464A has the largest financial interest in the relief sought by the class, and meets the relevant

requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), as its claims are

typical of the claims of the class and Local 464A will fairly and adequately represent the interests

---

[1] This Motion has been filed under the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the PSLRA, which provides that within sixty days after publication of the required notice, any member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the underlying action. Consequently, counsel for Local 464A has no way of knowing who the competing lead plaintiff candidates—the opposing parties in this context—are at this time. *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 268 (3d Cir. 2001) ("[O]nly class members may seek to rebut the presumption, and the court should not permit or consider any arguments by defendants or non-class members."). As a result, counsel for Local 464A is unable to confer with opposing counsel as prescribed in Civil Rule 7.1(a) of the Local Rules of Practice of the United States District Court for the District of Colorado ("Local Civil Rule 7.1(a)") and Rule IV.G.2 of the Court's Civil Practice Standards, and respectfully requests that the conference requirements of Local Civil Rule 7.1(a) and Rule IV.G.2 be waived for this Motion.

1

of the class. In addition, Local 464A has selected and retained Kessler Topaz, a law firm with substantial experience in prosecuting securities class actions, to serve as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

## I.  INTRODUCTION

The above-captioned securities class action (the "Action")—filed by Local 464A—asserts claims under Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), against Pilgrim's Pride Corporation ("Pilgrim's Pride" or the "Company") and certain of the Company's current and former executive officers and directors (collectively, "Defendants"). The Action is brought on behalf of persons and entities who purchased Pilgrim's Pride common stock between February 9, 2017, and June 3, 2020 (the "Class Period").

The PSLRA governs the selection of the lead plaintiff in class actions asserting claims under the federal securities laws. Specifically, the PSLRA requires a court to appoint as lead plaintiff the movant: (1) making a timely motion under the PSLRA's sixty-day deadline; (2) asserting the largest financial interest among the movants seeking appointment as lead plaintiff; and (3) that satisfies the relevant requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Medina v. Clovis Oncology, Inc.*, No. 15-cv-2546-RM-MEH, 2016 WL 660133, at *3 (D. Colo. Feb. 18, 2016) (Moore, J.) (same).

Local 464A respectfully submits that it is the presumptively "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff. Local 464A's motion is timely and its losses of approximately $1,158,326 under a last-in, first-out ("LIFO") analysis in connection with its transactions in Pilgrim's Pride common stock during the Class Period represent the largest known financial interest in the relief sought by the class. *See* Declaration of Joel S. Neckers in

2

Support of the Motion of United Food and Commercial Workers International Union Local 464A, the Trustees of Welfare and Pension Funds of Local 464A – Pension Fund, the Trustees of Retirement Plan for Officers, Business Representatives and Office Employees of Local 464A, the Trustees of Local 464A Finast Full Time Employees Pension Plan, the Trustees of Local 464A Welfare and Pension Building Inc., and the Trustees of New York-New Jersey Amalgamated Pension Plan for ACME Employees for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel ("Neckers Decl."), Exs. 1 & 2. In addition to asserting the largest financial interest, Local 464A easily satisfies the relevant requirements of Rule 23 because its claims are typical of all members of the class and because it will fairly and adequately represent the class. *See* Section III.A, *infra*. Moreover, as a sophisticated institutional investor responsible for overseeing more than $1 billion in assets, Local 464A is the prototypical movant envisioned by Congress to serve as Lead Plaintiff under the PSLRA. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); *In re SandRidge Energy, Inc. Sec. Litig.*, No. CIV-12-1341-G, 2019 WL 4752268, at *4 (W.D. Okla. Sept. 30, 2019) ("The . . . PSLRA was designed to increase the likelihood that institutional investors will serve as lead plaintiffs.") (citation and internal quotation marks omitted).

Finally, Local 464A has retained experienced and competent counsel to represent the class. Accordingly, Local 464A respectfully requests that its selection of Kessler Topaz as Lead Counsel for the class be approved. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.").

3

## II.    FACTUAL BACKGROUND

Pilgrim's Pride, a Delaware corporation headquartered in Greeley, Colorado, is one of the largest chicken producers in the United States, with the majority of the Company's sales arising from broiler chicken products sold primarily to grocers and chain restaurants.

The Action alleges that during the Class Period, Defendants made materially false and misleading statements, as well as failed to disclose material adverse facts, about the Company's business and operations.  Specifically, Defendants misrepresented and/or failed to disclose that: (1) the Company and its executives had participated in an illegal antitrust conspiracy to fix prices and rig bids from at least as early as 2012 and continuing through at least early 2017; (2) the Company received competitive advantages, which persisted during the Class Period, from its anticompetitive conduct; and (3) as a result, Defendants' statements about the Company's business, operations, and prospects lacked a reasonable basis.

The truth about the Company's competitive positioning began to emerge on June 3, 2020, when the United States Department of Justice (the "DOJ") announced that a federal grand jury in the United States District Court for the District of Colorado had returned an indictment (the "Indictment") charging four executives in the chicken industry with criminal antitrust violations: Jayson J. Penn ("Penn"), the Company's President and Chief Executive Officer; Roger Austin, a former Pilgrim's Pride Vice President; Mikell Fries, President of Claxton Poultry Farms ("Claxton"); and Scott Brady, a former Pilgrim's Pride Vice President, who became a Vice President at Claxton in 2012 (collectively, the "DOJ Defendants").  As alleged in the Indictment, the DOJ Defendants violated the Sherman Act by "participating in a continuing network of Suppliers and co-conspirators, an understood purpose of which was to suppress and eliminate

4

competition through rigging bids and fixing prices and price-related terms for broiler chicken

products sold in the United States" from at least as early as 2012 through at least early 2017.

Detailing seven specific instances in which the DOJ Defendants and their co-conspirators—

including the Company's former President, Chief Executive Officer, and director William W.

Lovette—illegally coordinated on prices, discounts, and bids from supplier companies offered to

chicken purchasers, as well as a separate instance of "protecting the purpose and effectiveness of

the conspiracy," the Indictment provided the contents of phone calls, text messages, and relevant

documents, including specific instructions between competitors "not to come down on price." In

one instance of price coordination, Penn instructed a Company employee who was negotiating

with a national restaurant chain not to tell Penn if the employee's communications were "illegal."

In response to the announcement of the Indictment, the price of Company stock declined

$2.58 per share, or approximately 12.4%, from a close of $20.87 per share on June 2, 2020, to

close at $18.29 per share on June 3, 2020.

## III.    ARGUMENT

### A.    Local 464A Satisfies the PSLRA's Requirements and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for selecting a lead plaintiff in a class action lawsuit

asserting claims under the federal securities laws. *See* 15 U.S.C. § 78u-4(a)(1)-(3)(B)(i).

First, a plaintiff who files the initial action must publish a notice to the class within twenty

days of filing the action informing class members of: (1) the pendency of the action; (2) the claims

asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed

as lead plaintiff within sixty days of the publication of the notice. *See id*. § 78u-4(a)(3)(A)(i).

Within sixty days after publication of the notice, any member of the proposed class may apply to

the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See id*. § 78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that within ninety days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member of the class that the court determines to be most capable of adequately representing the interests of class members. *See id*. § 78u-4(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under the PSLRA is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id*. § 78u-4(a)(3)(B)(iii)(I). The "most adequate plaintiff" presumption may be rebutted only upon "proof" that the movant "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id*. § 78u-4(a)(3)(B)(iii)(II).

Here, Local 464A is the "most adequate plaintiff" because it: (1) timely moved for appointment as Lead Plaintiff; (2) possesses the "largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23" for purposes of this motion. *Id*. § 78u-4(a)(3)(B)(iii)(I).

### 1.    Local 464A Has Timely Moved for Appointment as Lead Plaintiff

The PSLRA allows any member of the class to move for appointment as lead plaintiff within sixty days of the publication of notice that the first action has been filed.  *See id*. § 78u-4(a)(3)(A)(i)(II).  Here, in connection with the filing of the Action by Local 464A, counsel for Local 464A published notice on July 6, 2020, in *Business Wire*.  *See* Neckers Decl., Ex. 3.  Thus, September 4, 2020, is the deadline for class members to seek appointment as Lead Plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(A)-(B).  Accordingly, Local 464A has timely moved this Court for appointment as Lead Plaintiff on behalf of all members of the class.

### 2.    Local 464A Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the movant with the "largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23."  *Id*. § 78u-4(a)(3)(B)(iii)(I).  Here, Local 464A suffered losses of approximately $1,158,326 under a LIFO analysis in connection with its transactions in Pilgrim's Pride securities during the Class Period.  *See* Neckers Decl., Exs. 1 & 2. To the best of its knowledge, Local 464A has the largest financial interest in this matter and is the presumptive "most adequate plaintiff."

### 3.    Local 464A Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the class, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure" in order to trigger the presumption of adequacy.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).

Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). At the lead plaintiff selection stage of litigation, only a "preliminary showing" of typicality and adequacy is required. *Cooke v. Equal Energy Ltd.*, No. CIV–14–0087–C, 2014 WL 3819159, at *2 (W.D. Okla. May 8, 2014) (citation omitted).

### a.    Local 464A's Claims Are Typical

The typicality requirement is satisfied when the presumptive lead plaintiff's claims "arise out of the same course of conduct and are based on the same theories as those of the absent class members and thus their interests are coextensive with and typical of those of all class members." *Barnwell v. Advanced Emissions Sols., Inc.*, No. 14-cv-01243-CMA-KMT, 2015 WL 13612170, at *2 (D. Colo. Feb. 19, 2015) (quoting *Schwartz v. Celestial Seasonings, Inc.*, 178 F.R.D. 545, 552 (D. Colo. 1998)). Local 464A satisfies the typicality requirement because, just like all other proposed class members, it seeks recovery for losses incurred as a result of Defendants' misrepresentations and omissions that resulted in subsequent declines in the price of Pilgrim's Pride common stock. Thus, Local 464A's claims arise from the same conduct as those of the other class members and Local 464A is typical. *See id.* at *3 (finding that a lead plaintiff movant had satisfied the typicality requirement "because it purchased or otherwise acquired [the Company's]

common stock during the Class Period at prices alleged to have been artificially inflated because

of Defendants' false and misleading statements"); *Clovis Oncology*, 2016 WL 660133, at *3

(finding a movant typical where it claimed that defendants "allegedly issued false or misleading

statements that inflated [the company's] share price and, when the falsity or misleading nature of

these statements was revealed, caused damages").

### b.    Local 464A Is Adequate

The adequacy element of Rule 23 is satisfied where the lead plaintiff can "fairly and

adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  Specifically, the adequacy

requirement is met where the presumptive lead plaintiff can demonstrate "(1) the absence of

potential conflict between the named plaintiffs and the class members and (2) that counsel chosen

by the representative parties is qualified, experienced and able to vigorously conduct the proposed

litigation." *Ellis v. Spectranetics Corp.*, No. 15-cv-01857-KLM, 2015 WL 9259928, at *2 (D.

Colo. Dec. 18, 2015) (citation omitted).

Local 464A is adequate because its interest in vigorously pursuing claims against

Defendants—given its substantial losses—is aligned with the interests of the members of the class

who were similarly harmed as a result of Defendants' false and misleading statements.  There is

no potential conflict between Local 464A's interests and those of the other members of the class,

and, as set forth in Local 464A's PSLRA certification, Local 464A is fully committed to vigorously

pursuing the claims on behalf of the class. *See* Neckers Decl., Ex. 1; *Clovis Oncology*, 2016 WL

660133, at *3 (finding a movant adequate where "there is nothing on the record before the Court

that either the [movant] or its counsel suffer from any conflicts of interest with other class

members" and "there is no reason to believe that the [movant] and its counsel will not vigorously

prosecute this action"). Local 464A has already demonstrated its commitment to protecting investors, as it filed the only complaint to date. Local 464A has further established its adequacy through its selection of Kessler Topaz as Lead Counsel for the class. As discussed more fully below, Kessler Topaz is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its capability to conduct complex securities class action litigation in an efficient, effective, and professional manner.

In addition to satisfying the typicality and adequacy requirements of Rule 23, Local 464A—as a sophisticated institutional investor with more than $1 billion in assets under management—is also the prototypical investor Congress sought to encourage to lead securities class actions. *See SandRidge Energy*, 2019 WL 4752268, at *4 ("The . . . PSLRA was designed to increase the likelihood that institutional investors will serve as lead plaintiffs.") (citation and internal quotation marks omitted); H.R. Conf. Rep. No. 104-369, at 34, *reprinted in* 1995 U.S.C.C.A.N. at 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

### B.  Local 464A's Selection of Lead Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cohen v. U.S. Dist. Court for the N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.") (citations omitted). Accordingly, Local 464A's selection of Kessler Topaz as Lead Counsel for the class should be approved.

Kessler Topaz specializes in prosecuting complex class action litigation and is one of the leading law firms in its field. *See* Neckers Decl., Ex. 4 (Kessler Topaz Firm Résumé). The firm is actively engaged in complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, including: *In re Tyco International, Ltd. Securities Litigation*, No. 02-md-1335 (PB) (D.N.H.) ($3.2 billion recovery); *In re Bank of America Corp. Securities, Derivative, & Employee Retirement Income Security Act (ERISA) Litigation*, No. 09-md-2058 (PKC) (S.D.N.Y.) ($2.425 billion recovery); *In re Wachovia Preferred Securities & Bond/Notes Litigation*, No. 09-cv-6351 (RJS) (S.D.N.Y.) ($627 million recovery); and *In re Lehman Bros. Equity/Debt Securities Litigation*, No. 08-cv-5523 (LAK) (S.D.N.Y.) ($615 million recovery). Additionally, Kessler Topaz is currently serving as lead or co-lead counsel in several high profile securities class actions across the country, including: *Sjunde AP-Fonden v. The Goldman Sachs Group, Inc.,* No. 18-cv-12084 (VSB) (S.D.N.Y.); *Sjunde AP-Fonden v. General Electric Co.*, No. 17-cv-8457 (JMF) (S.D.N.Y.); and *In re Kraft Heinz Securities Litigation*, No. 19-cv-01339 (RMD) (N.D. Ill.).

Kessler Topaz's commitment to zealous representation is also evident from its trial experience under the PSLRA. Specifically, the firm obtained a rare jury verdict in the class's favor after a week-long trial in *In re Longtop Financial Technologies Ltd. Securities Litigation*, No. 11-cv-3658 (SAS) (S.D.N.Y.)—which at the time was one of just thirteen securities class actions to reach a verdict since enactment of the PSLRA in 1995 (based on post-enactment conduct). The firm also obtained the largest damage award in Delaware Chancery Court history following a trial before Chancellor Leo E. Strine, Jr. *See In re S. Peru Copper Corp. S'holder Derivative Litig.*,

No. 961-CS (Del. Ch.), *aff'd Ams. Mining Corp. v. Theriault*, 51 A.3d 1213, 1262-63 (Del. 2012) (affirming final judgment, with interest, of $2 billion).

Thus, the Court may be assured that, in the event this motion is granted, the class will receive the highest caliber of legal representation available.  Accordingly, Local 464A's selection of Lead Counsel should be approved.  *See Clovis Oncology*, 2016 WL 660133, at \*4 (approving the lead plaintiff's selection of lead counsel).

## IV.    CONCLUSION

For the reasons stated herein, Local 464A respectfully requests that the Court: (1) appoint Local 464A as Lead Plaintiff; (2) approve its selection of Kessler Topaz as Lead Counsel for the class; and (3) grant such other relief as the Court may deem just and proper.

DATED:  September 4, 2020

Respectfully submitted,

*s/ Joel S. Neckers*
Joel S. Neckers
Nora Ali
**WHEELER TRIGG O'DONNELL LLP**
370 17th Street
Suite 4500
Denver, CO 80202
Telephone: (303) 244-1966
Facsimile: (303) 244-1879
Email: neckers@wtotrial.com
Email: ali@wtotrial.com

*Local Counsel for United Food and
Commercial Workers International Union
Local 464A, the Trustees of Welfare and
Pension Funds of Local 464A – Pension
Fund, the Trustees of Retirement Plan for
Officers, Business Representatives and
Office Employees of Local 464A, the
Trustees of Local 464A Finast Full Time
Employees Pension Plan, the Trustees of
Local 464A Welfare and Pension Building*

*Inc., and the Trustees of New York-New Jersey Amalgamated Pension Plan for ACME Employees*

**KESSLER TOPAZ MELTZER & CHECK, LLP**
Naumon A. Amjed
Darren J. Check
Ryan T. Degnan
Karissa J. Sauder
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
Email: namjed@ktmc.com
Email: dcheck@ktmc.com
Email: rdegnan@ktmc.com
Email: ksauder@ktmc.com

*Counsel for United Food and Commercial Workers International Union Local 464A, the Trustees of Welfare and Pension Funds of Local 464A – Pension Fund, the Trustees of Retirement Plan for Officers, Business Representatives and Office Employees of Local 464A, the Trustees of Local 464A Finast Full Time Employees Pension Plan, the Trustees of Local 464A Welfare and Pension Building Inc., and the Trustees of New York-New Jersey Amalgamated Pension Plan for ACME Employees, and Proposed Lead Counsel for the Class*

13

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2020, I electronically filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

<div style="margin-left:50%;">

*s/ Joel S. Neckers*

Joel S. Neckers
**WHEELER TRIGG O'DONNELL LLP**
370 17th Street
Suite 4500
Denver, CO 80202
Telephone: (303) 244-1966
Facsimile: (303) 244-1879
E-mail: neckers@wtotrial.com

*Local Counsel for United Food and Commercial Workers International Union Local 464A, the Trustees of Welfare and Pension Funds of Local 464A – Pension Fund, the Trustees of Retirement Plan for Officers, Business Representatives and Office Employees of Local 464A, the Trustees of Local 464A Finast Full Time Employees Pension Plan, the Trustees of Local 464A Welfare and Pension Building Inc., and the Trustees of New York-New Jersey Amalgamated Pension Plan for ACME Employees*

</div>