**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-01966-RM-MEH

UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION LOCAL 464A, et al.,

      Plaintiff,

v.

PILGRIM'S PRIDE CORPORATION, et al.,

      Defendants.

---

**NEW MEXICO STATE INVESTMENT COUNCIL'S OPPOSITION TO UFCW LOCAL 464A'S LEAD PLAINTIFF MOTION**

---

Cases\4852-8894-7148.v1-9/25/20

## I.    INTRODUCTION

The Private Securities Litigation Reform Act of 1995 ("PSLRA") directs courts to "adopt a presumption that the most adequate plaintiff" is the person that "has the largest financial interest in the relief sought by the class" ***and*** "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Of the two competing lead plaintiff motions before the Court, only the New Mexico State Investment Council ("NMSIC") satisfies all of the statutory requirements for appointment.  Indeed, the NMSIC suffered the largest loss ($1.7 million vs. UFCW Local 464A's $1.1 million), is typical and adequate of the putative class, and selected qualified counsel to serve as lead counsel.[1]  *See* ECF Nos. 27-28.

By contrast, UFCW Local 464A is subject to a unique conflict defense (and is therefore inadequate) because Pilgrim's Pride Corporation workers are members of a local UFCW union and one of the plaintiffs/movants here is also a local UFCW union.  *See* Ex. 5 (attached hereto).  Indeed, as an article in the *Greeley Tribune* reported, "UFCW Local 464A is based in New Jersey, but shares the larger national union that represents workers in the Greeley packing plants."  Ex. 6 (attached hereto).  Moreover, the individual who signed UFCW Local 464A's Certification, John T. Niccollai, is also implicated in the potential conflict as he is an elected Vice President of the United Food and Commercial Workers International Union and regularly attends meetings to help administrate the

---

[1]    UFCW Local 464A refers to the United Food and Commercial Workers International Union Local 464A, the Trustees of Welfare and Pension Funds of Local 464A – Pension Fund, the Trustees of Retirement Plan for Officers, Business Representatives and Office Employees of Local 464A, the Trustees of Local 464A Finast Full Time Employees Pension Plan, the Trustees of Local 464A Welfare and Pension Building Inc., and the Trustees of New York-New Jersey Amalgamated Pension Plan for ACME Employees.

- 1 -

operation of the UFCW across the United States and Canada.[2]  Ironically, UFCW Local 464A itself has previously argued that "[s]pending the class's resources to defend defenses unique to representative plaintiffs is precisely why courts disqualify movants facing such unique defenses." Ex. 7 at 12 (attached hereto).  Consequently, because UFCW Local 464A is subject to this serious potential conflict of interest, it cannot be appointed lead plaintiff.  Its motion should be denied.

## II.    ARGUMENT

"The PSLRA instructs district courts to appoint as lead plaintiff the class member that it 'determines to be most capable of adequately representing the interests of class members.'" *In re Bard Assocs., Inc.*, 2009 WL 4350780, at *2 (10th Cir. Dec. 2, 2009) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(i)) (emphasis omitted).  "'The "most capable" plaintiff – and hence the lead plaintiff – is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23.'"  *Id.* (quoting *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (footnote omitted).

In assessing the competing motions, "the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *Cavanaugh*, 306 F.3d at 730.  "It must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id.* (emphasis in original).  "If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff." *Id.*

---

[2]    *See* https://ufcw464a.org/content/president-john-t-niccollai (last visited Sept. 25, 2020).

- 2 -

Here, not only does UFCW Local 464A possess a smaller financial interest in the relief sought by the putative class, it is subject to a unique defense that precludes the Court from appointing it as lead plaintiff.

### A.    UFCW Local 464A Suffered a Smaller Loss Than NMSIC

There is no question that UFCW Local 464A does not possess the largest financial interest in the relief sought by the putative class in this case:

| Movant | Shares Purchased | Shares Retained at End of Class Period | Claimed Loss: |
|---|---|---|---|
| NMSIC | 215,903 | 70,248 | $1.7 million |
| UFCW Local 464A | 118,919 | 43,160 | $1.1 million |

*Compare* ECF No. 28-3 *with* ECF No. 29-3.  Not only does UFCW Local 464A lack the requisite financial interest, it is subject to a unique defense.

### B.    UFCW Local 464A Is Subject to a Unique Defense and Is Ineligible for Appointment as Lead Plaintiff

In assessing a movant's adequacy, "'[t]he PSLRA directs courts to limit [their] inquiry . . . to the existence of any conflicts between the interests of the proposed lead plaintiffs and the members of the class.'"  *In re Nature's Sunshine Prods., Inc*., 2006 WL 2380965, at *2 (D. Utah Aug. 16, 2006) (citation omitted).  Specifically, "'there must be an absence of potential conflict between the named plaintiffs and other class members.'"  *Id.* (citation omitted).  Moreover, the lead plaintiff cannot be "subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. §78u-(a)(3)(B)(iii)(II)(bb).

As a preliminary matter, there is a typographical error in the UFCW Local 464A's sworn Certification:

- 3 -

6.    I, John T. Niccollai, as President of United Food and Commercial Workers International Union Local 464A and Trustee of Welfare and Pension Funds of Local 464A – Pension

\*      \*      \*

John T. Niccollari, as President of United Food and Commercial Workers International Union Local 464A and Trustee of Welfare and Pension Funds of Local 464A –

*See* ECF No. 29-2.  There is also tension between the names of the UFCW Local 464A entities as represented on the Certification and Mr. Niccollai's declaration in another shareholder case seemingly involving one of the same entities.  Specifically, one of the movants here is the Trustees of Welfare and Pension Funds of Local 464A – Pension Fund (*see* ECF No. 29-2) but in another litigation, the party was Local 464A United Food and Commercial Workers Union Pension Fund. *See* Ex. 8 (attached hereto).  Which is it?  Are the proper entities even before the Court?[3]

More to the point, similar "clerical error[s]" in certifications – even inadvertent ones – have been found to be disqualifying.  *See Plaut v. Goldman Sachs Grp., Inc.*, 2019 WL 4512774, at \*5 (S.D.N.Y. Sept. 19, 2019) (finding that movant "makes no attempt to explain the circumstances surrounding the error" – failure to include certain transactions on certification – "or why they do not militate against a finding that [movant] is inadequate"); *Micholle v. Ophthotech Corp.*, 2018 WL 1307285, at \*9 (S.D.N.Y. Mar. 13, 2018) (finding that "errors in his submissions" – listing weekend

---

[3]    In a prior lead plaintiff motion, UFCW Local 464A relied on the common law of trusts to argue that the trustees themselves must move rather than the entities.  *See* Ex. 7 (attached hereto).  The Court rejected that argument because ERISA expressly provides that "'[a]n employee benefit plan may sue or be sued under this subchapter as an entity.'" *Labul v. XPO Logistics, Inc.*, 2019 WL 1450271, at \*6 (D. Conn. Apr. 2, 2019) (quoting 29 U.S.C. § 1132(d)(1)).  That decision combined with the fact that UFCW Local 464A has initiated other shareholder litigation directly in the Pension Fund's name support the contention that the proper UFCW Local 464A parties are not, in fact, before the Court.  At a minimum, only one trustee is before the Court, not *all* of the trustees.

Cases\4852-8894-7148.v1-9/25/20

dates and prices outside daily range on certification – "militate against appointment and render him inadequate").[4]

Beyond those threshold issues, a unique concern exists based on the fact that the UFCW Local 464A union itself is a plaintiff/movant and its members are members of the same national UFCW union as are Pilgrim's Pride workers. *See* Exs. 5-6. In fact, the signatory to the UFCW Local 464A's Certification, Mr. Niccollai, is the Vice President of the UFCW International Union. As Pilgrim's Pride workers, the UFCW members – and the movant here – have interests that are divergent from, and antagonistic to, the putative class's interests. Once discovery commences, it is possible that UFCW Local 464A will get sidetracked by questions concerning whether any UFCW members who work at Pilgrim's Pride were engaged in any aspect of the underlying price-fixing allegations that give rise to the allegations at issue in this case. The UFCW union members could also be forced to renegotiate collective bargaining rights or their contract with Pilgrim's Pride based on the repercussions from the fact that the Company cannot benefit from the same price-fixing scheme as it did previously. Notably, UFCW Local 464A itself has previously recognized that "[s]pending the class's resources to defend defenses unique to representative plaintiffs is precisely

---

[4]   *See also Williams v. Block.One*, 2020 WL 4505569, at *2 (S.D.N.Y. Aug. 4, 2020) (finding that "[r]egardless of whether these oversights are fatal to the Williams Group's application standing alone, they indicate a lack of diligence on behalf of these plaintiffs and their counsel"); *Li Hong Cheng v. Canada Goose Holdings Inc.*, 2019 WL 6617981, at *6 n.7 (S.D.N.Y. Dec. 5, 2019) (finding that "clerical error" in which original certification erroneously omitted to disclose that movant previously sought appointment in a prior action "'speaks to a level of carelessness,' and causes me 'to doubt whether [movant] possesses the necessary adequacy and sophistication to be lead plaintiff"); *Tomaszewski v. Trevena, Inc.*, 383 F. Supp. 3d 409, 414-15 (E.D. Pa. 2019) (finding that "errors in [movant's] sworn statements amount to a substantial degree of carelessness and raise doubt as to whether he will fairly and adequately represent the best interests of the class" particularly considering that "[s]worn declarations are integral to the PSLRA process").

why courts disqualify movants facing such unique defenses." Ex. 7 at 12 (attached hereto)[5]; *see also Koenig v. Benson*, 117 F.R.D. 330, 335-36 (E.D.N.Y. 1987) ("There is a concern that if a named plaintiff is subject to 'unique defenses' concerning his individual reliance, then attention will be diverted away from issues common to the class. . . . This would impair his ability to act as a representative for the class. Also, questions of individual reliance may place the materiality of the alleged misrepresentations into doubt."); *Landry v. Price Waterhouse Chartered Accountants*, 123 F.R.D. 474, 476 (S.D.N.Y. 1989) (whether potential unique defenses "will be successful is of no matter. The fact that plaintiffs will be subject to such defenses renders their claims atypical of other class members.").

The rest of the putative class (including NMSIC) is not subject to the same potential distractions that UFCW Local 464A is. Its motion should be denied.

III.    CONCLUSION

UFCW Local 464A suffered a smaller loss than NMSIC and UFCW Local 464A is subject to a unique defense defendants will surely exploit to the putative class's detriment because the Local 464A Union – a plaintiff and movant in this case – is a member of the same national union (UFCW) as Pilgrim's Pride workers. Consequently, Local 464A's motion should be denied.

DATED: September 25, 2020                Respectfully submitted,

                                         ROBBINS GELLER RUDMAN
                                           & DOWD LLP
                                         DANIELLE S. MYERS
                                         MICHAEL ALBERT

---

[5]    Importantly, the similar challenge UFCW Local 464A made against a competing lead plaintiff movant failed because, *unlike here*, that movant was *not* the union itself, but a wholly distinct legal entity. *See Labul*, 2019 WL 1450271, at *8-*9.

- 6 -

s/ Danielle S. Myers
DANIELLE S. MYERS

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

SHUMAN, GLENN & STECKER
RUSTY E. GLENN
600 17th Street, Suite 2800 South
Denver, CO  80202
Telephone:  303/861-3003
303/536-7849 (fax)
rusty@shumanlawfirm.com

Liaison Counsel for [Proposed] Lead Plaintiff

OFFICE OF THE NEW MEXICO
  ATTORNEY GENERAL
HECTOR BALDERAS, Attorney General
P. CHOLLA KHOURY, Assistant Attorney General
Director, Consumer and Environmental Protection
Post Office Drawer 1508
Santa Fe, NM  87504-1508
Telephone: 505/490-4052
ckhoury@nmag.gov

Additional Counsel for [Proposed] Lead Plaintiff

- 7 -

Cases\4852-8894-7148.v1-9/25/20

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on September 25, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Danielle S. Myers
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
     & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  dmyers@rgrdlaw.com

Cases\4852-8894-7148.v1-9/25/20

# Mailing Information for a Case 1:20-cv-01966-RM-MEH United Food and Commercial Workers International Union Local 464A et al v. Pilgrim's Pride Corporation et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Naumon Amjed**
  namjed@ktmc.com,rdegnan@ktmc.com,ksauder@ktmc.com,hpaffas@ktmc.com,iyeates@ktmc.com

- **Seth Goodchild**
  seth.goodchild@weil.com,mco.ecf@weil.com,seth-weil-4005@ecf.pacerpro.com

- **Caitlin C. McHugh**
  cmchugh@lrrc.com,lelliott@lrrc.com,caitlin.c.mchugh@gmail.com,caitlin-mchugh-3721@ecf.pacerpro.com

- **Alex C. Myers**
  amyers@lrrc.com,lelliott@lrrc.com,alex-myers-9547@ecf.pacerpro.com

- **Danielle S. Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Joel S. Neckers**
  neckers@wtotrial.com,allen@wtotrial.com,mchenry@wtotrial.com

- **Caroline J. Zalka**
  caroline.zalka@weil.com,mco.ecf@weil.com,caroline-zalka-7810@ecf.pacerpro.com,nymao@ecf.pacerpro.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)