# EXHIBIT 7

Case No. 1:20-cv-01966-RM-MEH    Document 30-3    filed 09/25/20    USDC Colorado
Case 3:18-cv-02062-VLB    Document 60    Filed 03/05/19    Page 1 of 20
pg 2 of 21

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LARRY LABUL, Individually and on Behalf of All Others Similarly Situated,<br><br>              Plaintiff,<br><br>    v.<br><br>XPO LOGISTICS, INC., BRADLEY S. JACOBS, and JOHN J. HARDIG,<br><br>              Defendants. | Case No. 3:18-CV-02062-VLB<br><br><br><br><br><br><br><br>March 5, 2019 |

MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION
OF THE TRUSTEES OF THE LOCAL 464A UNITED FOOD AND
COMMERCIAL WORKERS UNION PENSION FUND AND LOCAL 464A
UNITED FOOD AND COMMERCIAL WORKERS UNION WELFARE
SERVICE BENEFIT FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF ITS SELECTION OF COUNSEL,
AND IN OPPOSITION TO ALL COMPETING MOVANTS

ORAL ARGUMENT REQUESTED

Case No. 1:20-cv-01966-RM-MEH    Document 30-3    filed 09/25/20    USDC Colorado
pg 3 of 21
Case 3:18-cv-02062-VLB    Document 60    Filed 03/05/19   Page 2 of 20

## TABLE OF CONTENTS

| | | | Page |
|---|---|---|---|
| **I.** | **INTRODUCTION** | | 1 |
| **II.** | **ARGUMENT** | | 5 |
| | A. | The Pension Funds Cannot Satisfy the PSLRA's Requirements and Their Motion Must Be Denied | 5 |
| | | 1. The Pension Funds Lack Standing | 6 |
| | | 2. The Pension Funds Are Subject to Unique Standing Defenses and Any Belated Attempt to Cure Standing Would Be Untimely | 8 |
| | | 3. Defendants Have Announced Their Intention to Raise Additional Unique Defenses Against the Pension Funds | 11 |
| | B. | Local 464A Should Be Appointed Lead Plaintiff | 12 |
| | C. | Riviera Beach Police's Motion Should Be Denied | 14 |
| **III.** | **CONCLUSION** | | 14 |

## TABLE OF AUTHORITIES

**Page(s)**

<u>Cases</u>

*Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.,*
    137 S. Ct. 2041 (2017)...................................................................................4, 9

*In re Cavanaugh,*
    306 F.3d 726 (9th Cir. 2002)..........................................................................5, 14

*In re Cendant Corp. Litig.,*
    264 F.3d 201 (3d Cir. 2001) ...........................................................................2, 12

*China Agritech, Inc. v. Resh,*
    138 S. Ct. 1800 (2018)....................................................................................4, 9

*Constr. Workers Pension Tr. Fund v. Navistar Int'l Corp.,*
    No. 13 C 2111,2013 WL 3934243 (N.D. Ill. July 30, 2013).....................................9

*Friedman v. Quest Energy Partners LP,*
    261 F.R.D. 607 (W.D. Okla. 2009)..........................................................................10

*Gary Plastic Packaging Corp. v. Merrill Lynch,*
    *Pierce, Fenner & Smith,*
    903 F.2d 176 (2d Cir. 1990) ...........................................................4, 5, 8, 12

*Glauser v. EVCI Career Colls. Holding Corp.,*
    236 F.R.D. 184 (S.D.N.Y. 2006)........................................................................14

*Hanon v. Dataproducts Corp.,*
    976 F.2d 497 (9th Cir. 1992) ...........................................................................4-5, 8

*In re IMAX Sec. Litig.,*
    No. 06 Civ 6128(NRB), 2009 WL 1905033 (S.D.N.Y. June 29, 2009)............*passim*

*In re IMAX Sec. Litig.,*
    272 F.R.D. 138 (S.D.N.Y. 2010).........................................................................4, 9

*Kirschbaum v. Elizabeth Ortman Tr. of 1977,*
    No. 03-24492, 2004 WL 1372542 (N.Y. Sup. Ct. Suffolk County Mar.
    10, 2004) .......................................................................................................3, 7

*Koos v. First Nat'l Bank,*
    496 F.2d 1162 (7th Cir. 1974) ................................................................................8

*In re NYSE Specialists Sec. Litig.,*
    240 F.R.D. 128 (S.D.N.Y. 2007)........................................................................10

*In re SLM Corp. Sec. Litig.*,
258 F.R.D. 112 (S.D.N.Y. 2009)................................................................. 3, 4, 10, 12

*Summers v. Earth Island Inst.*,
555 U.S. 488 (2009) ................................................................................ 6

*Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*,
95 F. Supp. 3d 607 (S.D.N.Y. 2015)....................................................... 3, 10

*W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*,
549 F.3d 100 (2d Cir. 2008) .................................................... 2-3, 3, 6-7, 8

Statutes

15 U.S.C. §78u-4(a) ........................................................................... *passim*

Other Authorities

76 Am. Jur. 2d Trusts § 2 (2019) .............................................................. 3, 7

Amy Morris Hess, *et al.*, *Bogert's Trusts and Trustees* § 712 (2019) ....................... 7

The Trustees of the Local 464A United Food and Commercial Workers Union Pension Fund and Local 464A United Food and Commercial Workers Union Welfare Service Benefit Fund ("Local 464A") respectfully submits this memorandum of law in further support of its Motion for appointment as Lead Plaintiff, approval of its selection of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") as Lead Counsel for the class and Rogin Nassau LLC ("Rogin Nassau") as Liaison Counsel for the class (the "Motion") (ECF No. 33), and in opposition to the motions filed by two other movants: (1) Local #817 IBT Pension Fund, Local 272 Labor-Management Pension Fund, and Local 282 Pension Trust Fund and Local 282 Welfare Trust Fund (collectively, the "Pension Funds") (ECF No. 31); and (2) Riviera Beach Police Pension Fund ("Riviera Beach Police") (ECF No. 27).[1]

## I.    INTRODUCTION

Under the PSLRA's "straightforward" lead plaintiff selection process, Local 464A is entitled to appointment as Lead Plaintiff because it is the movant asserting the largest financial interest in this litigation that also satisfies the adequacy and typicality requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (requiring appointment of the movant that "has the

---

[1]    On February 15, 2019, movant Elena Paraskeva withdrew her motion for appointment as lead plaintiff. *See* ECF No. 42. On February 25, 2019, movants Marvin Cowdrey, David Oestreicher, and James Kennedy (collectively, the "XPO Investor Group") filed a notice of non-opposition to the competing motions for appointment as lead plaintiff and approval of counsel. *See* ECF No. 43 (stating the "XPO Investor Group does not appear to have the largest financial interest in this action within the meaning of the PSLRA"). On March 5, 2019, movant Bradley Cooper filed a notice of non-opposition to the competing motions for appointment as lead plaintiff and approval of counsel. *See* ECF No. 58 (stating "it appears that [Cooper] does not possess the largest financial interest in the relief sought by the class as required by the PSLRA").

Case No. 1:20-cv-01966-RM-MEH   Document 30-3   filed 09/25/20   USDC Colorado
20 7 of 21
Case 3:18-cv-02062-VLB   Document 60   Filed 03/05/19   Page 6 of 20

largest financial interest" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure"). With losses of approximately $751,456 under a LIFO basis in connection with its transactions in XPO common stock during the Class Period, Local 464A has a substantial financial interest in this litigation and is adequate and typical in all respects. *See In re IMAX Sec. Litig.*, No. 06 Civ 6128(NRB), 2009 WL 1905033, at *3-4 (S.D.N.Y. June 29, 2009) (appointing movant with largest financial interest that made a *prima facie* showing of typicality and adequacy under Rule 23 where movant with larger loss lacked standing at the time of its original lead plaintiff motion). No other movant before the Court satisfies the PSLRA's requirements for appointment. *See id.*

Although the Pension Funds claim to have suffered larger losses than Local 464A, the Pension Funds must be disqualified because they cannot meet the threshold showing of typicality or adequacy required by Rule 23.[2] *See In re Cendant Corp. Litig.*, 264 F.3d 201, 267 (3d Cir. 2001) ("If (for any reason) the court determines that the movant with the largest losses cannot make a threshold showing of typicality or adequacy, then the court should . . . disqualify that movant from serving as lead plaintiff.").[3] As explained by the Second Circuit in *W.R. Huff Asset Management Co., LLC v. Deloitte & Touche LLP*, "to ensure that [Article III of the Constitution's] bedrock case-or-controversy requirement is met, courts require

---

[2]   In addition, the Pension Funds' asserted loss is the aggregation of three separate entities (*see* ECF No. 35-3), and Local 464A asserts a larger loss than any of those entities individually (*see* ECF No. 39-2).

[3]   Unless otherwise noted, all emphases are added and all internal quotations and citations are omitted.

that plaintiffs establish their standing as the proper part[ies] to bring suit." 549 F.3d 100, 106 (2d Cir. 2008) (second alteration in original). Here, the Pension Funds—as trusts—are not legal entities and have <u>no standing</u> to assert claims. *See* 76 Am. Jur. 2d Trusts § 2 (2019) (explaining that "[a] trust is not a legal entity"). Indeed, it is black letter law that the Pension Funds' trustees—which did not seek appointment as Lead Plaintiff here—are the proper parties with standing to assert claims on behalf of the Pension Funds and would have been the proper party to seek appointment as Lead Plaintiff. *See id.* ("a trust is not an entity distinct from its trustees" and is "not capable of legal action on its own behalf"); *Kirschbaum v. Elizabeth Ortman Tr. of 1977*, No. 03-24492, 2004 WL 1372542, at *2 (N.Y. Sup. Ct. Suffolk County Mar. 10, 2004) (noting that trustees are "legal owners of the trust estate" that "generally sue and are sued in their own capacity"). Given that the Pension Funds lack standing to assert claims, the Pension Funds cannot serve as Lead Plaintiff. *See Huff*, 549 F.3d at 106 n.5 ("district courts should be mindful that *named* plaintiffs in a class action must allege and show that they personally have been injured, not that injury has been suffered by other [entities]") (emphasis in original).[4]

---

[4] Given that the PSLRA sets a strict sixty-day statutory deadline to move for Lead Plaintiff appointment—which expired on February 12, 2019 here—the Pension Fund's lack of standing cannot be cured through the subsequent substitution of their trustees. *See* ECF No. 39-3; 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) (setting sixty-day deadline for lead plaintiff motions); *Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*, 95 F. Supp. 3d 607, 619 (S.D.N.Y. 2015) ("The PSLRA is unequivocal and allows for no exceptions. All motions for lead plaintiff must be filed within sixty (60) days of the published notice for the first-filed action."); *In re SLM Corp. Sec. Litig.*, 258 F.R.D. 112, 116 (S.D.N.Y. 2009) ("Even if this Court held that the [movant could] cure the lack of standing, the Court of Appeals could hold otherwise. That uncertainty requires this Court to proceed with caution.").

In addition to rendering the Pension Funds inadequate and atypical, the Pension Funds' lack of Article III standing exposes the class to unnecessary risks—including the potential dismissal of the litigation and denial of class certification—that further require the rejection of the Pension Funds. *See IMAX*, 2009 WL 1905033, at *3 ("Were we to permit it to continue as lead plaintiff, it is possible that [the standing issue] could ultimately severely prejudice the class, either at the class certification stage or on some subsequent appeal."); *In re IMAX Sec. Litig.*, 272 F.R.D. 138, 155, 160 (S.D.N.Y. 2010) (denying class certification and reopening the lead plaintiff selection process where the previously appointed lead plaintiff was "subject to unique defenses"); *In re SLM Corp. Sec. Litig.*, 258 F.R.D. at 116 (finding that a plaintiff lacking standing "faces unique legal issues" and does not "satisf[y] the adequacy or typicality requirement"). The risks associated with the Pension Funds' appointment are further amplified by recent Supreme Court authority making clear that statutes of repose for the federal securities laws cannot be tolled, *see Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*, 137 S. Ct. 2042, 2054-55 (2017), and that the pendency of a class action does not toll the statutes of limitations for subsequently filed class actions, *see China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1807-08 (2018). Accordingly, questions surrounding the Pension Funds' standing expose the class to "unique defenses which threaten to become the focus of the litigation" and render the Pension Funds inadequate and atypical. *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir. 1990); *see also Hanon v. Dataproducts Corp.*, 976 F.2d 497, 509 (9th Cir. 1992) (holding that a plaintiff "fails to satisfy the typicality

4

requirement" if "it is predictable that a major focus of the litigation will be on a defense unique to him").

In addition to the unique defenses surrounding the Pension Funds' lack of standing, Defendants recently filed a notice previewing additional arguments they intend on raising against the Pension Funds in connection with the Pension Funds' relationship with the International Brotherhood of Teamsters (the "Teamsters"). *See* ECF No. 47 at 2 ("Defendants' Notice"). Regardless of the ultimate merits of Defendants' challenges, the fact that Defendants have raised this issue establishes that the Pension Funds will—unlike all other movants—be forced to expend time and resources to litigate issues that are wholly irrelevant to the class. *See Gary Plastic*, 903 F.2d at 180.

Separately, given that Riviera Beach Police does not assert a greater financial interest than Local 464A, it should be rejected as required by the PSLRA. *See* ECF Nos. 27, 29-2; *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status[.]").

Accordingly, Local 464A respectfully submits that it is the presumptive Lead Plaintiff and requests that the Court grant its Motion and deny the competing motions.

II.   **ARGUMENT**

A.   **The Pension Funds Cannot Satisfy the PSLRA's Requirements and Their Motion Must Be Denied**

Under the PSLRA, this Court is required to appoint as Lead Plaintiff, the movant that is "most capable of adequately representing the interests of class

members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA provides a presumption that the "most adequate plaintiff" is the "person or group of persons" that has the "largest financial interest in the relief sought by the class" and "satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* § 78u-4(a)(3)(B)(iii). The Pension Funds cannot satisfy these requirements.

### 1.   The Pension Funds Lack Standing

In order to meet the "case-or-controversy" requirement under Article III of the Constitution, courts require that plaintiffs "establish their standing as the proper part[ies] to bring suit." *Huff*, 549 F.3d at 106; *see also Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (noting that the plaintiff "bears the burden of showing that he has standing"). To this end, the Second Circuit has instructed "that district courts should be mindful that *named* plaintiffs in a class action must allege and show that they personally have been injured, not that injury has been suffered by other [parties] . . . ." *Huff*, 549 F.3d at 106 n.5 (emphasis in original). Accordingly, if a movant cannot "demonstrate the requisite case or controversy between themselves personally and [defendants]" then the movant cannot "seek relief on behalf of [it]self or any other member of the class." *Id.* (first alteration in original).

Here, the Pension Funds—as trusts—cannot satisfy Article III's standing requirements and, therefore, cannot serve as Lead Plaintiff.[5] As a threshold matter,

---

[5]   The Pension Funds' structure as trusts is not debatable. According to forms filed with the Department of Labor, Internal Revenue Service, and Pension Benefit Guaranty Corporation, each of the Pension Funds is a trust. *See* Supplemental Declaration of George C. Springer, Jr. in Support of the Motion of the Trustees of the Local 464A United Food and Commercial Workers Union Pension Fund and Local 464A United Food and Commercial Workers Union Welfare Service Benefit

6

Case No. 1:20-cv-01966-RM-MEH   Document 30-3   filed 09/25/20   USDC Colorado
pg 12 of 21
Case 3:18-cv-02062-VLB   Document 66   Filed 03/05/19   Page 11 of 20

it is well-settled that a trust—like each of the Pension Funds—"is not a legal entity" and is "not . . . capable of legal action on its own behalf." 76 Am. Jur. 2d Trusts § 2 (2019) ("A trust is not a legal entity."); *see also* Amy Morris Hess, *et al.*, *Bogert's Trusts and Trustees* § 712 (2019) ("A trust is not a legal person, nor is the trust property."). Instead, given that "a trust is not an entity distinct from its trustees," courts have consistently held that trusts may <u>only</u> take legal action <u>through their trustees</u> and trustees must sue or be sued in <u>their own names</u>. 76 Am. Jur. 2d Trusts § 2 (2019); *see also Kirschbaum*, 2004 WL 1372542, at *2 ("The trustees as legal owners of the trust estate generally sue and are sued in their own capacity.").

Despite these indisputable principles, the trustees of the Pension Funds—the parties that actually have standing to assert claims—did not move for appointment as Lead Plaintiff within the PSLRA's strict, sixty-day statutory deadline—which expired on February 12, 2019. *See* ECF No. 34 at 4 (Pension Funds' brief noting the February 12, 2019 statutory deadline); 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) (setting sixty-day deadline for lead plaintiff motions). As a result, the proper parties with standing to assert claims on behalf of the Pension Funds have not filed a timely motion for appointment as Lead Plaintiff and the Pension Funds' motion must be denied. *See Huff*, 549 F.3d at 106 n.5 ("district courts

---

Fund for Appointment as Lead Plaintiff and Approval of Its Selection of Counsel ("Springer Supp. Decl."), Exs. A (Local #817 IBT Pension Fund 2017 Form 5500 designating the fund as a trust); B (Local 272 Labor-Management Pension Fund 2016 Form 5500 designating the fund as a trust); C (Local 282 Pension Trust Fund 2017 Form 5500 designating the fund as a trust); D (Local 282 Welfare Trust Fund 2017 Form 5500 designating the fund as a trust); *see also* ECF No. 35-4 (joint declaration noting that each of the Pension Funds is "overseen by a board of trustees").

should be mindful that *named* plaintiffs in a class action must allege and show that they personally have been injured, not that injury has been suffered by other [entities]") (emphasis in original).[6]

**2.      The Pension Funds Are Subject to Unique Standing Defenses and Any Belated Attempt to Cure Standing Would Be Untimely**

Even if the Court were to postpone resolution of the Pension Funds' standing (it should not), questions surrounding the Pension Funds' standing would, at a minimum, present unique defenses that require denial of the Pension Funds' motion.  Critically, at the Lead Plaintiff stage, there is no requirement to prove that Defendants will prevail on the unique defense.  Instead, the mere fact that Defendants have a credible basis to challenge the Pension Funds' standing is sufficient to prevent their appointment as Lead Plaintiff.  *See Gary Plastic*, 903 F.2d at 180 (holding that a plaintiff is not adequate or typical if is "subject to unique defenses which threaten to become the focus of the litigation"); *Hanon*, 976 F.2d at 509 (holding that a plaintiff "fails to satisfy the typicality requirement" if "it is predictable that a major focus of the litigation will be on a defense unique to him"); *Koos v. First Nat'l Bank*, 496 F.2d 1162, 1164 (7th Cir. 1974) ("Where it is predictable that a major focus of the litigation will be on an arguable defense unique to the named plaintiff . . . then the named plaintiff is not a proper class representative.").

---

[6]      Local 464A—unlike the Pension Funds—properly moved for appointment as Lead Plaintiff through its trustees and, therefore, has standing to represent the class.  *See* ECF Nos. 33 (seeking the appointment of the "Trustees of the Local 464A United Food and Commercial Workers Union Pension Fund and Local 464A United Food and Commercial Workers Union Welfare Service Benefit Fund"); 37 (same), 39-1 (PSLRA certification stating "I John T. Niccollai, as Trustee of Local 464A, am authorized to make legal decisions on behalf of Local 464A."); *id.* (PSLRA certification executed by Trustee John T. Niccollai).

8

Indeed, the appointment of the Pension Funds would "severely prejudice the class" by exposing it to the distinct possibility that the Court will—because of the Pension Funds' lack of standing—be forced to dismiss the action or deny class certification. *IMAX*, 2009 WL 1905033, at *3 ("Were we to permit it to continue as lead plaintiff, it is possible that [the standing issue] could ultimately severely prejudice the class, either at the class certification stage or on some subsequent appeal."); *see also IMAX*, 272 F.R.D. at 155, 160 (denying class certification and reopening the lead plaintiff selection process where the previously appointed lead plaintiff was "subject to unique defenses"); *Constr. Workers Pension Tr. Fund v. Navistar Int'l Corp.*, No. 13 C 2111, 2013 WL 3934243, at *5 (N.D. III. July 30, 2013) (rejecting movant where "unique defense" created the risk that the movant "may face a motion to dismiss based on a lack of standing"). The Pension Funds' appointment (and a subsequent determination that they lacked standing) could have adverse consequences for the class. In fact, given that the Supreme Court has recently held that the pendency of a class action does not toll the statutes of repose for the federal securities laws or the statute of limitations period for subsequently filed class actions, members of the class may have only one bite at the apple, and the subsequent termination of this litigation due to the Pension Funds' standing defect could jeopardize all investors' claims. *See ANZ*, 137 S. Ct. at 2052 ("the *American Pipe* tolling rule does not apply to the 3–year [statute of repose]"); *China Agritech*, 138 S. Ct. at 1804 ("*American Pipe* does not permit the maintenance of a follow-on class action past expiration of the statute of limitations").

9

Moreover, the Pension Funds cannot cure their standing defect by seeking to substitute their trustees in their stead after the expiration of the PSLRA's statutory filing deadline (February 12, 2019).[7]  As an initial matter, courts throughout the country have consistently held that the PSLRA's sixty-day deadline "is unequivocal" and a movant's standing is to be determined at the time of its motion.  *Topping*, 95 F. Supp. 3d at 619 ("The PSLRA is unequivocal and allows for no exceptions. All motions for lead plaintiff must be filed within sixty (60) days of the published notice for the first-filed action."); *see also In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 138-39, 142 (S.D.N.Y. 2007) (concluding that a lead plaintiff movant must have standing "at the time of its original lead plaintiff motion" and noting that "courts have strictly construed [the PSLRA] time limitation"); *Friedman v. Quest Energy Partners LP*, 261 F.R.D. 607, 612 (W.D. Okla. 2009) (rejecting movant lacking standing at the time of its motion "due to the strict time limits set forth in the PSLRA for filing motions for appointment as lead plaintiff").

Further, any effort by the Pension Funds to revise their motion would give rise to additional, disabling unique defenses regarding the propriety of such efforts. *See SLM*, 258 F.R.D. at 116 ("Even if this Court held that the [movant could] cure the lack of standing, the Court of Appeals could hold otherwise. That uncertainty requires this Court to proceed with caution.").  As explained by the

---

[7]    The PSLRA mandates that lead plaintiff motions be filed "*not later* than 60 days after the date on which the notice [advising members of the purported plaintiff class] is published."  15 U.S.C. §78u-4(a)(3)(A)(i)(II).  Here, the PSLRA-mandated notice was published on December 14, 2018—the same day the Action was filed— and the deadline for class members to seek appointment as Lead Plaintiff was February 12, 2019. *See* ECF No. 34 at 4 (Pension Funds' brief noting the February 12, 2019 statutory deadline).

court in *IMAX*, a lead plaintiff is inadequate to represent the class once a standing issue is raised regardless of any attempt to cure the issue:

> We agree [ ] that irrespective of whether the assignments of claim cure [the lead plaintiff's] deficient Article III standing, [the lead plaintiff] now faces unique legal issues that other class members do not. Were we to permit it to continue as lead plaintiff, it is possible that these issues could ultimately severely prejudice the class, either at the class certification stage or on some subsequent appeal. There seems little reason for us to subject the class members to such a risk.

2009 WL 1905033, at *3.

Accordingly, the Pension Funds are subject to unique defenses regarding their standing that require the denial of the Pension Funds' motion.

### 3. Defendants Have Announced Their Intention to Raise Additional Unique Defenses Against the Pension Funds

In addition to the unique defenses surrounding the Pension Funds' lack of standing, on February 27, 2019, Defendants filed a notice challenging the Pension Funds' adequacy. *See* Defendants' Notice. Specifically, Defendants allege that the Pension Funds are subject to unique defenses given that the Teamsters—"the parent organization of the . . . Pension Funds who seek lead plaintiff status—has been engaged in a coordinated, aggressive campaign to unionize XPO facilities around the country" and an XPO affiliate is involved in active litigation against the Teamsters. *Id.* at 2. While Defendants are not permitted to challenge lead plaintiff movants at the lead plaintiff selection stage, *see* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (stating only that members of the putative class may challenge lead plaintiff movants), the fact that Defendants have announced their intention to challenge the Pension Funds' adequacy during this litigation demonstrates that the Pension

11

Funds are subject to additional unique defenses that will distract them from the prosecution of the class's claims.  Spending the class's resources to defend defenses unique to representative plaintiffs is precisely why courts disqualify movants facing such unique defenses. *See Gary Plastic*, 903 F.2d at 180 (holding that a plaintiff is not adequate or typical if is "subject to unique defenses which threaten to become the focus of the litigation"); Defendants' Notice at 6 ("Regardless of whether the . . . Pension Funds have the largest financial interest, as they claim, the possibility of unique defenses or interests that diverge from those of the putative class should preclude their appointment as lead plaintiff.").

B.    <u>Local 464A Should Be Appointed Lead Plaintiff</u>

With the Pension Funds disqualified from consideration, Local 464A should be appointed Lead Plaintiff under the PSLRA's sequential lead plaintiff appointment process. *See Cendant*, 264 F.3d at 267 ("If (for any reason) the court determines that the movant with the largest losses cannot make a threshold showing of typicality or adequacy, then the court should . . . disqualify that movant from serving as lead plaintiff."); *SLM*, 258 F.R.D. at 116-118 (appointing movant with next largest loss where movant with the largest financial interest lacked standing at time of filing original lead plaintiff motion).

Here, Local 464A asserts the largest loss of any qualified movant in connection with its transactions in XPO common stock during the Class Period and is typical and adequate in all respects. *See* ECF Nos. 37, 39-2; *see also* ECF No. 29-2. Indeed, as shown below, Local 464A's losses are *over eight times* larger than Riviera Beach Police's losses.

12



In addition to this substantial financial interest in the litigation, Local 464A readily satisfies the relevant adequacy and typicality requirements under Rule 23. As demonstrated in its brief, Local 464A's claims are typical of the claims of the class because Local 464A, like all other members of the class: (1) purchased XPO securities during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) was damaged thereby. Similarly, Local 464A is adequate to represent the class because: (1) there are no conflicts between Local 464A and the class as each seeks to recover losses caused by Defendants' false and misleading statements; (2) as set forth in its PSLRA certification, Local 464A has affirmatively demonstrated its willingness to pursue this Action for the benefit of the class; and (3) Local 464A has demonstrated its adequacy through its selection of Kessler Topaz as Lead Counsel for the class. *See* ECF Nos. 37, 39-1.

Accordingly, Local 464A should be appointed as Lead Plaintiff. *See IMAX,* 2009 WL 1905033, at *4 (appointing movant with the largest financial interest that

13

made a *prima facie* showing of typicality and adequacy as lead plaintiff where movant with a larger financial interest lacked standing at the time of its original lead plaintiff motion).

C.    Riviera Beach Police's Motion Should Be Denied

As set forth above, Riviera Beach Police asserts a significantly smaller loss than Local 464A and no "proof" exists to rebut Local 464A's presumptive status as the most adequate plaintiff under the PSLRA.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (requiring "proof" to rebut presumption); *Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 189-90 (S.D.N.Y. 2006) (rejecting "speculative and hypothetical argument[s]" challenging a presumptive lead plaintiffs' typicality or adequacy).  This, without more, is sufficient to deny Riviera Beach Police's motion under the PSLRA's "straightforward" lead plaintiff selection process.  *See Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status[.]").

III.    CONCLUSION

For the reasons stated herein and in its opening brief, Local 464A respectfully requests that the Court: (1) appoint Local 464A as Lead Plaintiff; (2) approve its selection of Kessler Topaz as Lead Counsel for the class and Rogin Nassau as Liaison Counsel for the class; and (3) deny the competing motions.


Dated:  March 5, 2019                              Respectfully submitted,

                                                   ROGIN NASSAU LLC

                                                   */s/ George C. Springer, Jr.*

14

George C. Springer, Jr. [CT03263]
CityPlace I, 22nd Floor
185 Asylum Street
Hartford, CT 06103
Telephone: (860) 256-6300
Facsimile: (860) 278-2179
gspringer@roginlaw.com

*Proposed Liaison Counsel for the
Class*

KESSLER TOPAZ
MELTZER & CHECK, LLP
Naumon A. Amjed
Darren J. Check
Ryan T. Degnan
Melissa L. Troutner
280 King of Prussia Road
Radnor, PA 19087
Telephone:  (610) 667-7706
Facsimile:  (610) 667-7056
namjed@ktmc.com
dcheck@ktmc.com
rdegnan@ktmc.com
mtroutner@ktmc.com

*Counsel for the Trustees of the Local
464A United Food and Commercial
Workers Union Pension Fund and
Local 464A United Food and
Commercial Workers Union Welfare
Service Benefit Fund and Proposed
Lead Counsel for the Class*

15

Case No. 1:20-cv-01966-RM-MEH     Document 30-3     filed 09/25/20     USDC Colorado
Case 3:18-cv-02062-VLB     Document 60-1 Filed 03/05/19     Page 20 of 20
pg 21 of 21

## CERTIFICATE OF SERVICE

I certify that on March 5, 2019, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

ROGIN NASSAU LLC

*/s/ George C. Springer, Jr.*
George C. Springer, Jr. [CT03263]
CityPlace I, 22nd Floor
185 Asylum Street
Hartford, CT 06103
Telephone: (860) 256-6300
Facsimile: (860) 278-2179
gspringer@roginlaw.com

16