# EXHIBIT 3

Case No. 1:20-cv-01966-RM-MEH   Document 31-3   filed 09/25/20   USDC Colorado
pg 2 of 42
Case 2:17-cv-03679-SVW-AGR   Document 203   Filed 04/16/19   Page 1 of 41   Page ID #:5327

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

THE HON. JUDGE STEPHEN V. WILSON, JUDGE PRESIDING

IN Re SNAP INC. SECURITIES       )
LITIGATION,                      )
                                 )
                                 )
                                 )
                                 )   NO. 17-CV-3679-SVW
                                 )
                                 )
                                 )
                                 )
_____)

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Los Angeles, California

Monday, March 4, 2019

LISA M. GONZALEZ, CSR No. 5920, CCRR
U.S. District Courthouse
350 West 1st Street - Suite 4455
Los Angeles, California 90012
213.894.2979
www.lisamariecsr.com

*Lisa M. Gonzalez, Official Reporter*

Case No. 1:20-cv-01966-RM-MEH    Document 31-3    filed 09/25/20    USDC Colorado
Case 2:17-cv-03679-SVW-AGR    Document 263    filed 04/16/19    Page 2 of 41    Page ID #:5328
pg 3 of 42

APPEARANCES:

PANISH, SHEA & BOYLE LLP
BY:  KEVIN R. BOYLE, ESQ.
11111 Santa Monica Boulevard
Suite 700
Los Angeles, California  90025
(310) 477-1700


LABATON SUCHAROW
BY:  THOMAS A. DUBBS, ESQ.
140 Broadway
New York, New York  10005
(212) 907-0700


STATE OF NEW MEXICO
TANIA MAESTAS
CHIEF DEPUTY ATTORNEY GENERAL
P.O. Drawer 1508
Santa Fe, New Mexico  87504-1508
(505) 490-4048


LEVI & KORSINSKY LLP
BY:  NICHOLAS I. PORRITT, ESQ.
1101 - 30th Street NW, Suite 115
Washington, DC 20007
(202) 524-4290


FARUQI & FARUQI
BY:  RICHARD W. GONNELLO, ESQ.
685 Third Avenue
New York, New York  10017
(212) 983-9330


POMERANTZ LLP
BY:  JORDAN L. LURIE, ESQ.
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
(310) 405-7190

Case No. 1:20-cv-01966-RM-MEH   Document 31-3   filed 09/25/20   USDC Colorado
Case 2:17-cv-03679-SVW-AGR   Document 263   Filed 04/16/19   Page 3 of 41   Page ID #:5329
pg 4 of 42

APPEARANCES (Continued):


                    KESSLER, TOPAZ, MELTZER, CHECK LLP
                    BY:   NAUMON A. AMJED, ESQ.
                          JENNIFER L. JOOST
                    280 King of Prussia Road
                    Radnor, PA  19087
                    (484) 270-1467


                    ROSMAN & GERMAIN LLP
                    BY:   DANIEL L. GERMAIN, ESQ.
                    16311 Ventura Boulevard
                    Suite 1200
                    Encino, California  91436-2152
                    (818) 788-0877


                    WILSON, SONSINI, GOODRICH & ROSATI
                    BY:   BORIS FELDMAN, ESQ.
                    650 Page Mill Road
                    Palo Alto, California  94304-1050
                    (650) 858-4444

**4**

*Los Angeles, California; Monday, March 4, 2019;*

*1:58 p.m.*

*-o0o-*

THE CLERK:  Item 6, CV-17-3679-SVW, In Re Snap Inc. Securities Litigation.

MR. BOYLE:  Good afternoon, Your Honor. Kevin Boyle of the Panish, Shea & Boyle firm as local counsel for New Mexico SIC.

MR. DUBBS:  Good afternoon, Your Honor. Thomas Dubbs from the Labaton firm in New York.  And with me is Ms. Tania Maestas, deputy attorney general of the State of New Mexico.

THE COURT:  Who was the first -- who did you represent?

MR. BOYLE:  So, Your Honor, I also represent the state of Mexico, but local counsel.  L.A. firm.

THE COURT:  I see.

And who else is making an appearance?

MR. PORRITT:  Nicholas Porritt of Levi & Korsinsky on behalf of the movant, Ghosh, G-h-o-s-h.

MR. GONNELLO:  Richard Gonnello of Faruqi & Faruqi on behalf of Shinu Gupta.

MR. LURIE:  Good afternoon, Your Honor. Jordan Lurie, Pomerantz LLP, for movant Snap Investment Group.

Case No. 1:20-cv-01966-RM-MEH    Document 31-3    filed 09/25/20    USDC Colorado
Case 2:17-cv-03679-SVW-AGR    Document 263    Filed 04/16/19    Page 5 of 41    Page ID #:5331
pg 6 of 42

5

MR. AMJED:  Good afternoon, Your Honor. Naumon Amjed, Kessler, Topaz, Meltzer & Check on behalf of the Snap Shareholder Group.

MS. JOOST:  Good afternoon, Your Honor.  Jennifer Joost also from Kessler Topaz on behalf of the Snap Shareholder Group.

MR. GERMAIN:  Good afternoon, Your Honor. Daniel Germain on behalf of the Snap Shareholder Group as well.

MR. FELDMAN:  May it please the Court, Boris Feldman for the defendant, Your Honor.

THE COURT:  All right.  Let me go about it this way.  I'm going to start with the putative lead plaintiff who has the largest stake in the litigation, and so I have some questions of each, but my principal concerns or interests, at least at this point, are with the -- I hope I say it correctly -- Shinu Group -- Gupta; the New Mexico State Investment Council; and the Snap Shareholder Group.

The Shinu Gupta investor was a petitioner or applicant at the first go-round, and the Court explained, then, why it rejected that party.

What has changed that would influence the Court to re-think?

MR. GONNELLO:  My name is Richard Gonnello of Faruqi & Faruqi.

Case No. 1:20-cv-01966-RM-MEH    Document 31-3    filed 09/25/20    USDC Colorado
Case 2:17-cv-03679-SVW-AGR    Document 263    Filed 04/16/19    Page 6 of 41    Page ID #:5332

pg 7 of 42

6

So what has changed is that the operative class period has more than doubled in length since the initial complaint.  There have been new claims added.  There have been three new corrective disclosures added, such that now when you look at the class, the majority of days during the class period occurred after a corrective disclosure.  I believe the percentage is roughly 78 percent of the days now occurred after a corrective disclosure.

THE COURT:  But, I mean, are you saying that in the ensuing time period some of these class members have continued to invest after the disclosures?

MR. GONNELLO:  Yes.  What I'm saying is that the nature of the case has changed such that Mr. Gupta is a prototypical class member now because the majority of the class, the majority of the shares, the damaged shares that were purchased were purchased after a corrective disclosure, so any defense with respect to Mr. Gupta can hardly be said to be unique because he's just like the majority of the class.

THE COURT:  But the other party vying for lead-class plaintiff, the New Mexico State Investment Council, they claim only to have purchased 15 percent of their shares after disclosure.

Doesn't that put them in a more favorable position than your client who purchased at least half or a majority

Case No. 1:20-cv-01966-RM-MEH    Document 31-3    filed 09/25/20    USDC Colorado
Case 2:17-cv-03679-SVW-AGR    Document 263    Filed 04/16/19    Page 7 of 41    Page ID #:5333
pg 8 of 42

7

before the disclosures were made, or the corrections?

MR. GONNELLO:  We suggest the answer to that is no, Your Honor, for a number of reasons, including the fact that Mr. Gupta is the only plaintiff, the only movant before this Court who can assert all of the claims that were asserted in the Exchange Act section of the complaint.  He can assert all of the --

THE COURT:  The cases say that isn't a necessary attribute.  I mean, it may be relevant, but it's not essential.

MR. GONNELLO:  Well, it's true, but if there's an issue with respect to one of the claims that Mr. Gupta may have purchased after, there's absolutely no issue with respect to Mr. Gupta's typicality with respect to the growth-hacking claim.

The growth-hacking claim starts with a statement that was made on May 10th.  The corrective disclosure didn't occur until August 10th.  Mr. Gupta did not purchase any shares until after August 10th.  So if you don't need to have standing for all the claims, well, that claim Mr. Gutpa didn't purchase a single share after.  So he's completely typical; he's completely adequate.  In fact, he is the only movant who can assert that claim out of all the plaintiffs whose counsel stand before you today.

THE COURT:  All right.  Let me hear from the

Case No. 1:20-cv-01966-RM-MEH   Document 31-3   filed 09/25/20   USDC Colorado
Case 2:17-cv-03679-SVW-AGR   Document 263   Filed 04/16/19   Page 8 of 41   Page ID #:5334

8

New Mexico --

MR. BOYLE:  Your Honor, Kevin Boyle as local counsel.  Mr. Dubbs is lead counsel.  His pro hac is pending.  We just want to make sure --

THE COURT:  I'll recognize him.  You can take the lectern.

Next to Gupta, you have the biggest investment.  The challenge -- one of the challenges is that there hasn't been the correct authorization.  Let me -- in terms of who the proper party is.  The way I understand it is that the plaintiff is the New Mexico State Investment Council and they manage the investment in Snap for the State of New Mexico and the argument is that they are the trustee of the funds of the State of New Mexico.

And first there was a challenge to the fact that if the state was to be a party to litigation, the action had to be authorized by the attorney general.  To the extent that that was a valid concern, the record now has an authorization from the state attorney general; correct?

MR. DUBBS:  That's correct, your Honor.

THE COURT:  Now there's another concern that there seems to be some difference between the party that signed the certificate of losses form for the application is different than the party that signed as an agent of the New Mexico Investment Council?  Did I say that incorrectly?

Case No. 1:20-cv-01966-RM-MEH   Document 31-3   filed 09/25/20   USDC Colorado
Case 2:17-cv-03679-SVW-AGR   Document 263   Filed 04/16/19   Page 9 of 41   Page ID #:5335
pg 10 of 42

9

Was I confusing?

MR. DUBBS:  I'm not sure I understand.  I think I understand the problem.

THE COURT:  Maybe you can, by your better understanding, both ask yourself the question and answer it.

MR. DUBBS:  Thank you for that privilege.

The issue -- they're two issues.  One is the nature of the form which is not very important, which I'll get to in a moment.  Your Honor quite accurately stated the status of New Mexico law, which is that SIC is trustee of the shares -- through its agents it bought the shares -- the shares are under its control, so it is the best entity to fill out the declaration saying how many shares are there in the possession of SIC, which it did, and less there be any confusion, that declaration includes any Snap share that SIC has, is trustee of, is the beneficial owner of.  That's point one.

Point two is, that under the New Mexico statutory framework, the New Mexico Attorney General is the agency that brings the action on behalf of the state agency like SIC, and it's the one that settles the action on behalf of SIC, unless there's a specific delegation of that authority, which to this point there has not been.

So we have those two coexisting mandates out of the New Mexico statutory framework.

Case No. 1:20-cv-01966-RM-MEH   Document 31-3   filed 09/25/20   USDC Colorado
Case 2:17-cv-03679-SVW-AGR   Document 205   Filed 04/16/19   Page 10 of 41   Page ID
#:5336

10

Now, my colleagues have tried to say, well, there's a problem here because in other cases, the declaration was filled out by the attorney general and that smells funny to us.

THE COURT:  The declaration, the certificate of loss, is that what you're saying?

MR. DUBBS:  The certificate of who owns the shares and what the losses are for purposes of the lead plaintiff motion.

In this case, what happened was there was an intervening event between those prior declarations or certifications or whatever one wants to call them and the one that was filed in this case.  That intervening fact was a decision by the intermediate appellate court in the State of New Mexico which focused on this interrelationship which I've just described with respect to two statutes that overlap to a certain extent.

After that decision, both the Attorney General's Office and the SIC said:  Well, how are we going to do this in the future?  And the decision was made that consistent with that decision, SIC was the one to sign the certificate. We agreed with that, and we agreed with it because if the attorney general signed it, we would now be accused of not following the statute, number one.  And number two, as a matter of federal law, under the Private Securities

Case No. 1:20-cv-01966-RM-MEH    Document 31-3    filed 09/25/20    USDC Colorado
Case 2:17-cv-03679-SVW-AGR    Document 265    Filed 04/16/19    Page 11 of 41    Page ID
#:5337

11

Litigation Reform Act, we wouldn't be telling the Court, or arguably we wouldn't be telling the Court, who owned or who had the beneficial interest in the stock.

Now, that's a long-winded way of saying that SIC has a role.  It has filed a declaration.  That declaration is a hundred percent accurate.  We stand by it.  And the attorney general has its role in this litigation, and that's why they're involved.

THE COURT:  And can you respond to the argument made by Gupta regarding the change in the class period and why the reasons for rejecting Gupta earlier are no longer relevant.

MR. DUBBS:  The reasons for rejecting the first time remain today.  The key issue is that after the first drop, 60 percent of the shares were bought.  That is, under the ruling of the cases, quote-unquote, "unusual," quote-unquote, "disproportionate."  That 60 percent number doesn't move because the class gets extended or because there were more purchases down the line and maybe the loss numbers changed, because what the 60 percent is about is to anticipate a potential attack from the plaintiffs on typicality.

And for counsel to say:  "Well, Mr. Gupta's just like any other class member," that doesn't -- that doesn't wash.  Most class members didn't buy 60 percent after the

Case No. 1:20-cv-01966-RM-MEH   Document 31-3   filed 09/25/20   USDC Colorado
Case 2:17-cv-03679-SVW-AGR   Document 265   Filed 04/16/19   Page 12 of 41   Page ID
#:5338

12

first drop.

So for all the reasons that Your Honor said he was atypical the first time around, all of those apply today.

THE COURT:  All right.  I may get back to you in a moment because I want to hear some further observations, but I want to next hear from the Snap Shareholder Group.  And that group is represented by the Kessler firm which had been the law firm for the earlier lead plaintiff; correct?

MR. AMJED:  That's right, Your Honor.  Naumon Amjed.

THE COURT:  And you have a stake in the litigation in an amount slightly under 500,000, but it's made up of five different individuals.

What is the relationship, if any, between those five individuals?

MR. AMJED:  Your Honor, the clients do not have a pre-existing relationship, I'd like to make that clear. But, I think, as we pointed out in our papers, the reason why courts look to whether someone has a preexisting relationship isn't necessarily are they related, it's to give the Court some comfort that the group can potentially act as a cohesive unit, control counsel, and things like that.

So, you know, as the Court in *Versata*, which is cited in our papers, makes clear, the preexisting

relationship requirement is too rigid because it doesn't take into account what is actually necessary, which is what is in the best interest of the class.  And is the group that's before the Court able to function independently.

And I would suggest that, consistent with *Versata*, consistent with the Third Circuit in *Cendant* who said there is no relatedness requirement under the statute; and as we pointed out in our papers, the recent trend as set forth in the LJM Fund's opinion from the Northern District of Illinois is that preexisting relationship is not necessary where the group has shown that it is able to function as a cohesive unit and has put forth evidence that it is functioning as a cohesive unit.  The declaration that we submitted, Your Honor, provides all the evidence that courts typically use to determine whether or not a group is functioning as a cohesive unit.

The clients within the group have personally spoken to each other, they've exchanged contact information, they understand the nature of the case, they understand that the Court would like to move quickly when the case is up and running, they've committed to engaging in discovery, and they continue to stay involved.  They continue to communicate after the motions were filed.  So for all intents and purposes, Your Honor, they are functioning as a cohesive unit.

Case No. 1:20-cv-01966-RM-MEH    Document 31-3    filed 09/25/20    USDC Colorado
Case 2:17-cv-03679-SVW-AGR   Document 265   Filed 04/16/19   Page 14 of 41   Page ID
#:5340

14

The other thing that I think is important to point out here is given the issues that are facing New Mexico and Mr. Gupta, which I can discuss, there is a benefit to the appointment of a group in this situation.  Both New Mexico and Mr. Gupta have trading issues.  New Mexico has potentially standing issues that we can get into.

THE COURT:  What standing issues?  The statute of limitation's argument that you raise doesn't seem to me to have much bases, in light of the -- I forget the name --

MR. AMJED:  *China Agritech*, **yes.**

THE COURT:  Yes.  That case dealt with something that was much different than what we're dealing with here, so I don't think you get much benefit from that case.

What is inadequate about the analysis that counsel for New Mexico just offered?

MR. AMJED:  Just to make clear, Your Honor, we did not raise the *China Agritech* opinion.  I agree with you completely that it's totally inapplicable to this current situation.  That argument was raised by Mr. Gupta.

So the issue with New Mexico, Your Honor -- the post-briefing declaration that they submitted makes two, I think, critical points which was confirmed by counsel this morning, this afternoon.

One, that New Mexico is pursuing the current litigation as a trustee on behalf of the funds it controls,

Case No. 1:20-cv-01966-RM-MEH    Document 31-3    filed 09/25/20    USDC Colorado
Case 2:17-cv-03679-SVW-AGR    Document 265    Filed 04/16/19    Page 15 of 41    Page ID
#:5341
pg 16 of 42

15

"funds" being plural; and two, that the Attorney General's Office is authorized to represent the state in civil litigation.

So applying these admissions to Mexico's --

THE COURT:  What you just said last, I didn't follow.  You said:  The certificate is that the state attorney general was authorized to represent the state.

Wasn't it that the state attorney general authorized the Mexico State Investment Council to represent the state, to file the suit?

MR. AMJED:  That's according to counsel.  I'm speaking about the post-briefing declaration that was put in a couple of days ago, I believe it was last week, that made these representations.

THE COURT:  Right.

MR. AMJED:  But the issue here is, Your Honor, if you look at Docket Entry 217, New Mexico -- SIC is not before the Court.  The actual movant before the Court is the State of New Mexico on behalf of the investment council.

THE COURT:  That was the way the motion was framed; correct?

MR. AMJED:  That is critical, Your Honor.

THE COURT:  Why is it critical?

MR. AMJED:  Because if I move on behalf of my wife, I am before the Court, not my wife.  And the way the

Case No. 1:20-cv-01966-RM-MEH    Document 31-3    filed 09/25/20    USDC Colorado
Case 2:17-cv-03679-SVW-AGR    Document 265    Filed 04/16/19    Page 16 of 41    Page ID
#:5342

16

motion is structured currently, the State of New Mexico is making the motion on behalf of New Mexico State Investment Council.

So why does this matter? I think there's two reasons why this matters: Number one, counsel just informed us today about an intermediate appellate court decision which interpreted the statute and gave counsel sort of the road map for how the motion should be structured. The need to interpret New Mexico statutory and state law, Your Honor, creates a unique issue.

We pointed out in our papers the *Freddie Mac* decision. The Court there -- the Southern District of New York -- was unwilling to appoint the State Treasurer of North Carolina because the Court was unwilling to engage in an analysis as to what the North Carolina state law provided in terms of the North Carolina treasurer's ability to pursue the litigation as a lead plaintiff.

So the fact that we need to look to state law at this point to figure out what they're doing here is appropriate is a problem.

Second, Your Honor, if there is a problem with their motion and if there is a problem with their certification, it's not fixable. In the *IMAX* decision, 2009 Westlaw 1905033, from the Southern District of New York, the Court there considered the impact of post-motion attempts to

fix standing.

And what the Court said there is it creates a unique issue.  Even if you remedy the standing defect, the fact that you have to go back and fix it creates the unique issue which makes the movant inappropriate to be a lead plaintiff.

The other thing that I think is interesting about New Mexico's motion, Your Honor, is the state investment officer signed the certification at Docket 217-1.  The state investment officer is making certain representations about what the State of New Mexico will, or will not do, so in paragraph six of Docket 217-1, there's a representation by the state investment officer that New Mexico will not accept compensation beyond its pro rata share of any recovery from the class action, which is a necessary declaration under the PLSRA, but it's unclear whether the SIO has the authority to bind the state.

Because if you look at paragraph 3 of Docket 217-1.  In paragraph 3, he says:  "I'm informed and believe that the State of New Mexico on behalf of NMSIC is willing to serve as lead plaintiff."

So in paragraph 6, he's make a declaration that binding the state which, according to the information that's been provided by New Mexico seemed only the attorney general can do, but in paragraph 3, he's make a representation based

Case No. 1:20-cv-01966-RM-MEH    Document 31-3    filed 09/25/20    USDC Colorado
Case 2:17-cv-03679-SVW-AGR    Document 265    filed 04/16/19    Page 18 of 41    Page ID
#:5344

18

on his information and belief which is that the SIO does not have the authority to bind the state in civil litigation.

Again, this goes back to the problem which the *IMAX* court identified in terms of, you know, if you need to go back and fix these issues under the PLSRA, that creates a unique issue to you.

And then going back to what the *Freddie Mac* court said, in terms of interpreting state law, that's exactly what we have to do here, Your Honor. It's not clear that counsel's interpretation of New Mexico state law is appropriate, and it's possible the defense would challenge that and say New Mexico state did not have authority to move on behalf of New Mexico SIC, the state investment officer did not have the authority to bind the state in civil litigation. And I think those are all issues which create a unique issue with respect to New Mexico that no one else faces here.

THE COURT: All right. Let me hear from Mr. --

Let me just ask you one thing. Maybe this is overly simplistic, but why in these instances doesn't the attorney general just bring the action?

MR. DUBBS: It doesn't bring the action because if it brought the action, Mr. Feldman would say, "You didn't buy the stock. There's a purchase and sale requirement under Section 10b. There are requirements under Section 11

Case No. 1:20-cv-01966-RM-MEH   Document 31-3   filed 09/25/20   USDC Colorado
Case 2:17-cv-03679-SVW-AGR   Document 265   Filed 04/16/19   Page 19 of 41   Page ID
#:5345

pg 20 of 42

19

that you have to buy the stock."  So the person or the entity that bought the stock has got to be the nominal plaintiff.

THE COURT:  But I mean, the person -- this is all kind of semantics because the entity that bought the stock was the State of New Mexico.

MR. DUBBS:  The entity that bought the stock is a semi-independent agency of the State of New Mexico called the State Investment Council.

THE COURT:  So how is it semi-autonomous?

MR. DUBBS:  Well, it has its own board, some of whom are selected by the govenor, some of which are selected by other people, and it has its own statutory framework. It's own setup as distinct from, I don't know, the Bureau of Prisons.

THE COURT:  So this council is an advisor to the State of New Mexico; correct?

MR. DUBBS:  This council is a semi-independent organ of the State of New Mexico that has the authority to buy stock and to run and to deal with certain funds that are by law dedicated to the SIC, for investment by the SIC.

THE COURT:  What funds are delegated to this council?  You don't have to do it in detail, but just --

MR. DUBBS:  There are four permanent funds.  The Land Grant Permanent Fund, which is basically the oil

Case No. 1:20-cv-01966-RM-MEH    Document 31-3    filed 09/25/20    USDC Colorado
Case 2:17-cv-03679-SVW-AGR    Document 265    Filed 04/16/19    Page 20 of 41    Page ID
#:5346

20

revenue from land that was given to New Mexico when it became a state; the Severance Tax Permanent Fund; the Tobacco Settlement Fund; the Water Trust Fund.  There are specific statutory delegations of those funds that automatically go to the State Investment Council.

Then, there are 22 state government -- local state government funds which have contracted with the SIC to invest their money.  All of that money from those four statutory funds, as well as the local funds, are put into one pool and that one pool is invested by SIC as SIC in its discretion sees fit.

The problem here, if I may add something, is the tension here which my colleagues are trying to drive a truck through is that the attorney general has the right to bring the suit, the attorney general has the right to settle the suit, unless it delegates it otherwise.

So when the head of the SIO says something about SIC, he is clearly within the scope of his duties, and he clearly can bind that.  When he says something about the attorney general, he cannot bind the attorney general so its in effect on information and belief.

So we have two statutory mandated arms of New Mexico that are doing different things.  They're not inconsistent, and there's no tension.  And to raise the *Fannie Mae* case is really to show how this argument has no

Case No. 1:20-cv-01966-RM-MEH   Document 31-3   filed 09/25/20   USDC Colorado
Case 2:17-cv-03679-SVW-AGR   Document 265   Filed 04/16/19   Page 21 of 41   Page ID
#:5347

21

legs, beause in the *Fannie Mae* case, the treasurer of the state of North Carolina authorized lawyers to go into court and bring a case.  And the attorney general of the State of New Mexico wrote the Court a letter saying under North Carolina law, which I interpret -- I'm giving you the opinion -- they don't have the authority.

So you had two branches of the North Carolina Government 180 degrees apart.  That's not what's going on here.  Everybody's on the same page, it's just that they have slightly different duties as mandated by the statute.

THE COURT:  Is the regime that you've described in New Mexico unique, or is it commonplace for states to take the earnings from different pockets and have it invested by some sort of semi-autonomous group for the benefit of those state pockets?

MR. DUBBS:  I can't say the New Mexico setup is unique, but it is relatively rare.  Most of the funds that are involved in this kind of litigation are more traditional public pension funds like CalPERS.

THE COURT:  That was my initial thinking.  I was just wondering why do they have this type of apparatus?  Why couldn't the state deal with these funds and appoint an investment advisor like most states, as I understand it, do.  And all the Wall Street firms make a gazillion dollars advising CalPERS and funds like that.  Not knowing the

Case No. 1:20-cv-01966-RM-MEH   Document 31-3   filed 09/25/20   USDC Colorado
Case 2:17-cv-03679-SVW-AGR   Document 265   Filed 04/16/19   Page 22 of 41   Page ID
#:5348

22

details of this, that's why I asked the question.

MR. DUBBS:  Well, CalPERS and CalSTRS, we have to remember, are true pension funds and they have pension obligations to the retirees that go out many, many years and so they have a totally different function than the SIC --

THE COURT:  In other words, the state doesn't have any fiduciary duty to the taxpayers?  I'm being a little facetious.

I'm sort of getting a better sense of it.

MR. DUBBS:  As a non-New Mexican, let me give an oversimplification which my colleague, the deputy attorney general, may very well disagree with, but a lot of this function and this setup began when New Mexico became a state and certain lands were given by the federal government to New Mexico and people thought, or people knew, that there were going to be mineral interests on those lands.  And that was the beginning of this.  And most of the money --

THE COURT:  Time out here just a second.

(Recess taken; proceedings resumed at 2:31 p.m.)

THE COURT:  Sorry for the interruption.

Let me just give you an opportunity to respond to a question that's on the same topic that we left off with.

I mean, there's no question that the state attorney general can delegate a state subdivision to bring a

Case No. 1:20-cv-01966-RM-MEH   Document 31-3   filed 09/25/20   USDC Colorado
Case 2:17-cv-03679-SVW-AGR   Document 265   Filed 04/16/19   Page 23 of 41   Page ID
#:5349

23

lawsuit on behalf of the state.  What I want your answer to is this question of semi-autonomous.

Can a state attorney general delegate a non-state entity or subdivision to sue on behalf of a state; and how does this sort of nebulous status of the council being semi-autonomous affect that?  Maybe you've said it already, but can you say it again.

MR. DUBBS:  Certainly, Your Honor.  The one thing that we do know from that intermediate appellate court decision is that the state attorney general could delegate to SIC, in particular, the power for settlement which is specifically authorized by the statute.

THE COURT:  But is the power to settle coextensive with the power to have standing to bring a suit?  In other words, they could delegate to a party to consider the reasonableness or the benefits to the state of a settlement, sort of an advisory type role, but does that mean that that same entity can stand in the shoes of the state for suit?

MR. DUBBS:  Well, first, it's not advisory when it comes to settlement, but if the question is:  Can the attorney general delegate to SIC the ability to bring the suit, I think the answer to that is somewhat unclear and is not necessary to reach.  Because in this case, the attorney general said we are going to sue because the statute says:  We sue in the name of the SIC.

Case No. 1:20-cv-01966-RM-MEH    Document 31-3    filed 09/25/20    USDC Colorado
Case 2:17-cv-03679-SVW-AGR   Document 265   Filed 04/16/19   Page 24 of 41   Page ID
pg 25 of 42
#:5350

24

THE COURT:  So "we" -- the "we" is who?

MR. DUBBS:  The attorney general.

THE COURT:  I see.

But why wouldn't the caption reflect that?

MR. DUBBS:  I think the caption does reflect that; and if Your Honor doesn't think it does, the Court has the ability to change the caption.

The bottom line here is that SIC has to be the lead plaintiff and the mechanics of the procedures of dealing with the lawsuit reside in the attorney general unless it delegates it.  And it has to start with SIC because it is the owner of the shares and bought the shares, and that's a necessary component of a securities --

THE COURT:  So when SIC bought the shares, it bought the shares in SIC's name, not on behalf of the State of New Mexico?

MR. DUBBS:  That's correct.  Those shares were bought by SIC and they remain to this day, to the extent they haven't been sold, under the custody and control of SIC.

THE COURT:  Let me switch gears for a minute.  At this point, I have focused, as I said, on the top three entities, the Gupta Group, the State Investment Council New Mexico, and the Snap Group.

I'll just show my hand.  I didn't think that the

Gupta group's argument changed my earlier analysis much, so I'm disinclined to think of them as lead plaintiff.

The Snap shareholder group has some persuasive arguments.  There -- they don't have, at least as far as I can see, any investors who bought after some disclosures were made.  They have a substantial stake, albeit, not as substantial as New Mexico, and they made an argument that, at least facially, sounded persuasive about when the cohesiveness of the individual investors needs to be examined.  So how would you respond?

MR. DUBBS:  Well, let me respond to that in a couple of different ways.

One, the aggregate amount of their losses, even if you put them together, are not that large, number one.

THE COURT:  I have it at 486 and change.

MR. DUBBS:  Right.

Number two, and more importantly, one does not have to be a super textualist to read the statute and where it says "group," interpret "group" to mean four or five independent people that are brought together by the lawyers, have a call, and then say, "we're cohesive."  And that's effectively what has been asserted here.

THE COURT:  That is true to an extent.  And the argument is, however disparate they may have been as investors, they have now come together with one focus, and

Case No. 1:20-cv-01966-RM-MEH    Document 31-3    filed 09/25/20    USDC Colorado
Case 2:17-cv-03679-SVW-AGR    Document 265    Filed 04/16/19    Page 26 of 41    Page ID
#:5352

26

that's the point at which the Court ought to look at the definition of group. You're saying that's not correct?

MR. DUBBS: Their only point of cohesiveness is that they have the same lawyer, and that's the bottom line. And the PSLRA was designed to take away the power in these cases from individual small plaintiffs and put it where some people who are not -- who are going to show up for depositions and are going to run these big cases the way they should be, and there is a distinct tilt towards institutions.

So that is -- when it comes close, we would submit that should be the tiebreaker if, indeed, there is a tie, which we submit there should not be.

THE COURT: Okay. Let me just ask Mr. Feldman, I mean, this is to some extent not your fight, but do you have any interest in giving some input to the discussion?

MR. FELDMAN: No, thank you, Your Honor.

MR. DUBBS: Your Honor, if you're through asking me questions -- I'm prepared to obviously stay as long as you want --

THE COURT: Those are the questions I had.

MR. DUBBS: The deputy attorney general, Ms. Maestas, has asked me to ask you if she may be heard.

THE COURT: If she wants, yes, she may.

MS. MAESTAS: Good afternoon, Your Honor. Thank

Case No. 1:20-cv-01966-RM-MEH   Document 31-3   filed 09/25/20   USDC Colorado
Case 2:17-cv-03679-SVW-AGR   Document 265   Filed 04/16/19   Page 27 of 41   Page ID
#:5353

27

you for this opportunity.

I would again like to reiterate and confirm the fact that the Office of the Attorney General and the State Investment Council, through their state investment officer and through all of the council members, have collaboratively worked on this lawsuit.  We are one cohesive unit.  We have separate statutory authority and separate statutory responsibilities, but we have jointly come together to try and protect the funds of New Mexicans.

THE COURT:  I see.  All right.  Then, I'll take the matter under submission and hopefully issue an order this week.

MR. AMJED:  I just have to make one quick point, and I only make it because it is actually pretty critical. Counsel for New Mexico just said that SIC has to be the lead plaintiff, and that SIC is the owner of the securities. Docket 214, page 1, the State of New Mexico on behalf of SIC is the movant before the Court, Your Honor.  If New Mexico SIC has to be the lead plaintiff, they are not before the Court.  They haven't made a motion.

If we look at the analysis that the *IMAX* Court sets out in 2009 Westlaw 1905033 -- I apologize for citing the case again, but there's a couple of citations to *IMAX* in our papers -- there, the Court talks about the importance of having the right party before the Court because if you don't

Case No. 1:20-cv-01966-RM-MEH    Document 31-3    filed 09/25/20    USDC Colorado
Case 2:17-cv-03679-SVW-AGR    Document 205    Filed 04/16/19    Page 28 of 41    Page ID
#:5354

28

have the right party before the Court and you have to fix it later, that is going to create unique issues with respect to the movant.

If New Mexico SIC has capacity, has standing, has ownership, it needs to be the movant.

If New Mexico state wants to be the movant, New Mexico SIC has to assign claims or New Mexico state has to put forth some other standing theory to allow it to be before the Court.

But the fact that New Mexico SIC has to be the plaintiff and is not the movant is a very serious problem, and it's something that we can't gloss over.

THE COURT:  I understand your argument.  I'll give you the very last word if you want.  Is there anything you want to add to that, then we'll close the discussion.

MR. DUBBS:  Your Honor, I think we've covered that discussion and won't belabor it.

THE COURT:  I'll consider the arguments and hopefully make a ruling by the end of the week.  Thank you for your arguments.

*(Thereupon, at 3:07 p.m., proceedings adjourned.)*

*-oOo-*

*CERTIFICATE*

I hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript format is in conformance with the regulations of the Judicial Conference of the United States.

Date:  March 8, 2019


                              /s/ Lisa M. Gonzalez
                         _____
                         Lisa M. Gonzalez, U.S. Court Reporter
                         CSR No. 5920

MR. BOYLE: [2]  4/5 4/14
MR. GONNELLO: [1]
7/10
THE CLERK: [1]  4/3
THE COURT: [41]

**-**

-o0o [1]  4/3
-oOo [1]  28/23

**/**

/s [1]  29/16

**0**

0700 [1]  2/8
0877 [1]  3/9

**1**

10005 [1]  2/8
10017 [1]  2/19
1050 [1]  3/12
10b [1]  18/25
10th [3]  7/17 7/18 7/19
11 [1]  18/25
1100 [1]  2/22
1101 [1]  2/15
11111 [1]  2/3
115 [1]  2/15
1200 [1]  3/8
140 [1]  2/7
1467 [1]  3/5
15 percent [1]  6/22
1508 [2]  2/11 2/12
15th [1]  2/22
16311 [1]  3/8
17-CV-3679-SVW [1]  1/8
1700 [1]  2/5
180 [1]  21/8
1905033 [2]  16/24 27/22
19087 [1]  3/5
1:58 [1]  4/2
1st [1]  1/23

**2**

20007 [1]  2/15
2009 [2]  16/23 27/22
2019 [3]  1/17 4/1 29/14

202 [1]  2/16
212 [2]  2/8 2/9
213.894.2979 [1]  1/24
214 [1]  27/17
2152 [1]  3/9
217 [1]  15/17
217-1 [2]  17/9 17/12
22 [1]  20/6
270-1467 [1]  3/5
28 [1]  29/8
280 [1]  3/4
2:31 [1]  22/20

**3**

30th [1]  2/15
310 [2]  2/5 2/23
350 [1]  1/23
3:07 [1]  28/21

**4**

4048 [1]  2/12
405-7190 [1]  2/23
4290 [1]  2/16
4444 [1]  3/13
4455 [1]  1/23
477-1700 [1]  2/5
484 [1]  3/5
486 [1]  25/15
490-4048 [1]  2/12

**5**

500,000 [1]  12/12
505 [1]  2/12
524-4290 [1]  2/16
5920 [2]  1/22 29/17

**6**

60 [3]  11/15 11/20 11/25
60 percent [1]  11/17
650 [2]  3/12 3/13
685 [1]  2/18

**7**

700 [1]  2/4
7190 [1]  2/23
753 [1]  29/7
78 [1]  6/7
788-0877 [1]  3/9

**8**

818 [1]  3/9
858-4444 [1]  3/13
87504-1508 [1]  2/12

**9**

90012 [1]  1/23
90024 [1]  2/22
90025 [1]  2/4
907-0700 [1]  2/8
91436-2152 [1]  3/9
9330 [1]  2/19
94304-1050 [1]  3/12
983-9330 [1]  2/19

**A**

ability [3]  16/16 23/21 24/7
able [2]  13/4 13/11
about [11]  5/12 11/20 14/14
 15/12 16/6 17/7 17/10 20/17
 20/19 25/8 27/24
above [1]  29/10
above-entitled [1]  29/10
absolutely [1]  7/13
accept [1]  17/13
according [2]  15/11 17/23
account [1]  13/2
accurate [1]  11/6
accurately [1]  9/9
accused [1]  10/23
act [3]  7/6 11/1 12/22
action [7]  8/16 9/20 9/21
 17/15 18/21 18/22 18/23
actual [1]  15/18
actually [2]  13/2 27/14
add [2]  20/12 28/15
added [2]  6/3 6/4
adequate [1]  7/22
adjourned [1]  28/21
admissions [1]  15/4
advising [1]  21/25
advisor [2]  19/16 21/23
advisory [2]  23/17 23/19
affect [1]  23/6
after [13]  6/6 6/8 6/11 6/16
 6/23 7/13 7/19 7/21 10/18
 11/14 11/25 13/23 25/5

Case No. 1:20-cv-01966-RM-MEH    Document 31-3    filed 09/25/20    USDC Colorado
Case 2:17-cv-03679-SVW-AGR    Document 205    Filed 04/16/19    Page 31 of 41    Page ID
#:5357

**A**

afternoon [8]  4/6 4/9 4/23
 5/1 5/4 5/7 14/23 26/25
again [4]  18/3 23/7 27/2
 27/23
agency [3]  9/19 9/20 19/8
agent [1]  8/24
agents [1]  9/11
aggregate [1]  25/13
ago [1]  15/13
agree [1]  14/17
agreed [2]  10/22 10/22
Agritech [2]  14/10 14/17
albeit [1]  25/6
all [18]  5/12 7/5 7/7 7/20
 7/23 7/25 12/2 12/3 12/4
 13/14 13/23 18/15 18/18
 19/4 20/8 21/24 27/5 27/10
allow [1]  28/8
already [1]  23/6
also [2]  4/15 5/5
Alto [1]  3/12
am [1]  15/25
AMJED [13]  3/3 5/1 5/2
 12/9 12/10 12/16 14/10
 14/16 15/11 15/16 15/22
 15/24 27/13
amount [2]  12/12 25/13
analysis [4]  14/14 16/15
 25/1 27/21
Angeles [5]  1/16 1/23 2/4
 2/22 4/1
another [1]  8/21
answer [4]  7/2 9/5 23/1
 23/22
anticipate [1]  11/21
any [10]  6/17 7/18 9/14 9/15
 11/24 12/14 17/14 22/7 25/5
 26/16
anything [1]  28/14
apart [1]  21/8
apologize [1]  27/22
apparatus [1]  21/21
appearance [1]  4/18
APPEARANCES [2]  2/1
 3/1

appellate [3]  10/14 16/6
 23/9
applicant [1]  5/20
application [1]  8/23
apply [1]  12/3
applying [1]  15/4
appoint [2]  16/13 21/22
appointment [1]  14/4
appropriate [2]  16/20 18/11
are [35]
arguably [1]  11/2
argument [9]  8/13 11/9 14/8
 14/19 20/25 25/1 25/7 25/24
 28/13
arguments [3]  25/4 28/18
 28/20
arms [1]  20/22
around [1]  12/3
as [34]
ask [4]  9/5 18/19 26/14
 26/23
asked [2]  22/1 26/23
asking [1]  26/18
assert [3]  7/5 7/7 7/23
asserted [2]  7/6 25/22
assign [1]  28/7
attack [1]  11/21
attempts [1]  16/25
attorney [29]  2/11 4/11 8/17
 8/19 9/19 10/3 10/18 10/23
 11/7 15/1 15/7 15/8 17/24
 18/21 20/14 20/15 20/20
 20/20 21/3 22/11 22/25 23/3
 23/10 23/21 23/23 24/2
 24/10 26/22 27/3
attribute [1]  7/9
atypical [1]  12/3
August [2]  7/18 7/19
August 10th [2]  7/18 7/19
authority [8]  9/22 17/16
 18/2 18/12 18/14 19/19 21/6
 27/7
authorization [2]  8/9 8/19
authorized [6]  8/17 15/2
 15/7 15/9 21/2 23/12
automatically [1]  20/5
autonomous [4]  19/10 21/14

 23/2 23/6
Avenue [2]  2/18 2/22
away [1]  26/5

**B**

back [5]  12/4 17/4 18/3 18/5
 18/7
based [1]  17/25
bases [1]  14/9
basically [1]  19/25
be [27]  6/17 6/18 7/9 8/16
 8/17 8/22 9/14 10/23 11/1
 11/2 16/8 17/5 19/2 22/16
 24/8 25/9 25/18 26/9 26/12
 26/13 26/23 27/15 27/19
 28/5 28/6 28/8 28/10
beause [1]  21/1
became [2]  20/2 22/13
because [19]  6/14 6/18 10/2
 10/22 11/18 11/18 11/20
 12/5 13/1 15/24 16/14 17/18
 18/22 19/5 23/23 23/24
 24/12 27/14 27/25
been [9]  6/3 6/4 8/9 9/23
 12/7 17/24 24/19 25/22
 25/24
before [12]  7/1 7/4 7/24 13/4
 15/18 15/18 15/25 27/18
 27/19 27/25 28/1 28/9
began [1]  22/13
beginning [1]  22/17
behalf [17]  4/20 4/22 5/2 5/5
 5/8 9/20 9/21 14/25 15/19
 15/24 16/2 17/20 18/13 23/1
 23/4 24/15 27/17
being [3]  15/1 22/7 23/5
belabor [1]  28/17
belief [2]  18/1 20/21
believe [3]  6/7 15/13 17/20
beneficial [2]  9/16 11/3
benefit [3]  14/3 14/13 21/14
benefits [1]  23/16
best [2]  9/12 13/3
better [2]  9/4 22/9
between [3]  8/22 10/11
 12/14
beyond [1]  17/14

Case No. 1:20-cv-01966-RM-MEH   Document 31-3   filed 09/25/20   USDC Colorado
Case 2:17-cv-03679-SVW-AGR   Document 205-4 Filed 04/16/19   Page 32 of 41   Page ID
#:3058

## B

big [1]  26/8
biggest [1]  8/7
bind [5]  17/17 18/2 18/14 20/19 20/20
binding [1]  17/23
board [1]  19/11
BORIS [2]  3/11 5/11
Boris Feldman [1]  5/11
both [3]  9/5 10/18 14/4
bottom [2]  24/8 26/4
bought [10]  9/11 11/15 19/2 19/5 19/7 24/12 24/14 24/15 24/18 25/5
Boulevard [2]  2/3 3/8
BOYLE [6]  2/2 2/3 4/7 4/7 8/2 8/2
branches [1]  21/7
briefing [2]  14/21 15/12
bring [7]  18/21 18/22 20/14 21/3 22/25 23/14 23/21
brings [1]  9/20
Broadway [1]  2/7
brought [2]  18/23 25/20
Bureau [1]  19/14
buy [4]  11/25 18/24 19/1 19/20

## C

CA [1]  2/22
CALIFORNIA [7]  1/2 1/16 1/23 2/4 3/9 3/12 4/1
call [2]  10/12 25/21
called [1]  19/8
CalPERS [3]  21/19 21/25 22/2
CalSTRS [1]  22/2
can [18]  6/17 7/5 7/7 7/23 8/5 9/4 11/9 12/21 14/3 14/6 17/25 20/19 22/25 23/3 23/7 23/18 23/20 25/5
can't [2]  21/16 28/12
cannot [1]  20/20
capacity [1]  28/4
caption [3]  24/4 24/5 24/7
Carolina [6]  16/14 16/15 16/16 21/2 21/5 21/7

case [12]  6/13 10/10 10/13 13/13 13/16 13/25 25/21 13/19 13/20 14/11 14/13 20/25 21/1 21/3 23/23 27/23
cases [5]  7/8 10/2 11/16 26/6 26/8
CCRR [1]  1/22
Cendant [1]  13/6
CENTRAL [1]  1/2
certain [4]  10/17 17/10 19/20 22/14
Certainly [1]  23/8
certificate [6]  8/23 10/5 10/7 10/21 15/6 29/5
certification [2]  16/23 17/9
certifications [1]  10/12
certify [1]  29/7
challenge [3]  8/8 8/15 18/11
challenges [1]  8/8
change [3]  11/10 24/7 25/15
changed [5]  5/22 6/1 6/13 11/20 25/1
CHECK [2]  3/3 5/2
CHIEF [1]  2/11
China [2]  14/10 14/17
Circuit [1]  13/6
citations [1]  27/23
cited [1]  12/25
citing [1]  27/22
civil [3]  15/2 18/2 18/14
claim [5]  6/22 7/15 7/16 7/20 7/23
claims [5]  6/3 7/5 7/12 7/20 28/7
class [14]  6/1 6/5 6/6 6/10 6/14 6/15 6/19 6/21 11/10 11/18 11/24 11/25 13/3 17/15
clear [4]  12/17 12/25 14/16 18/9
clearly [2]  20/18 20/19
client [1]  6/25
clients [2]  12/16 13/17
close [2]  26/11 28/15
Code [1]  29/8
coexisting [1]  9/24
coextensive [1]  23/13
cohesive [7]  12/22 13/12

13/13 13/16 13/25 25/21 27/6
cohesiveness [2]  25/9 26/3
collaboratively [1]  27/5
colleague [1]  22/11
colleagues [2]  10/1 20/13
come [2]  25/25 27/8
comes [2]  23/20 26/11
comfort [1]  12/21
committed [1]  13/21
commonplace [1]  21/12
communicate [1]  13/23
compensation [1]  17/14
complaint [2]  6/3 7/6
completely [3]  7/21 7/22 14/18
component [1]  24/13
concern [2]  8/18 8/21
concerns [1]  5/15
Conference [1]  29/12
confirm [1]  27/2
confirmed [1]  14/22
conformance [1]  29/11
confusing [1]  9/1
confusion [1]  9/15
consider [2]  23/15 28/18
considered [1]  16/25
consistent [3]  10/20 13/5 13/6
contact [1]  13/18
continue [2]  13/22 13/22
continued [2]  3/1 6/11
contracted [1]  20/7
control [3]  9/12 12/22 24/19
controls [1]  14/25
correct [9]  8/9 8/19 8/20 12/8 15/21 19/17 24/17 26/2 29/9
corrections [1]  7/1
corrective [5]  6/4 6/6 6/8 6/16 7/17
correctly [1]  5/17
could [2]  23/10 23/15
couldn't [1]  21/22
council [16]  5/18 6/22 8/11 8/25 15/9 15/19 16/3 19/9 19/16 19/18 19/23 20/5 23/5

Case No. 1:20-cv-01966-RM-MEH   Document 31-3   filed 09/25/20   USDC Colorado
Case 2:17-cv-03679-SVW-AGR   Document 205-4   filed 04/16/19   Page 33 of 41   Page ID
#:5859

## C

council... [3]  24/23 27/4 27/5
counsel [13]  4/8 4/16 7/24 8/3 8/3 11/23 12/22 14/14 14/22 15/11 16/5 16/7 27/15
counsel's [1]  18/10
couple [3]  15/13 25/12 27/23
court [37]
Courthouse [1]  1/22
courts [2]  12/19 13/14
covered [1]  28/16
create [2]  18/15 28/2
creates [4]  16/10 17/2 17/4 18/5
critical [4]  14/22 15/22 15/23 27/14
CSR [2]  1/22 29/17
current [2]  14/18 14/24
currently [1]  16/1
custody [1]  24/19
CV [2]  1/8 4/4
CV-17-3679-SVW [1]  4/4

## D

damaged [1]  6/15
DANIEL [2]  3/7 5/8
Daniel Germain [1]  5/8
Date [1]  29/14
day [1]  24/18
days [3]  6/5 6/7 15/13
DC [1]  2/15
deal [2]  19/20 21/22
dealing [2]  14/12 24/10
dealt [1]  14/11
decision [8]  10/14 10/18 10/20 10/21 16/6 16/12 16/23 23/10
declaration [11]  9/13 9/15 10/3 10/5 11/5 11/5 13/13 14/21 15/12 17/15 17/22
declarations [1]  10/11
dedicated [1]  19/21
defect [1]  17/3
defendant [1]  5/11
defense [2]  6/17 18/11
definition [1]  26/2

degrees [1]  21/8
delegate [5]  22/25 23/3 23/10 23/15 23/21
delegated [1]  19/22
delegates [2]  20/16 24/11
delegation [1]  9/22
delegations [1]  20/4
depositions [1]  26/8
deputy [4]  2/11 4/11 22/11 26/22
described [2]  10/16 21/11
designed [1]  26/5
detail [1]  19/23
details [1]  22/1
determine [1]  13/15
did [7]  4/13 7/18 8/25 9/14 14/16 18/12 18/14
didn't [6]  7/17 7/21 11/25 15/5 18/23 24/25
difference [1]  8/22
different [8]  8/24 12/13 14/12 20/23 21/10 21/13 22/5 25/12
disagree [1]  22/12
disclosure [5]  6/6 6/8 6/16 6/23 7/17
disclosures [4]  6/4 6/11 7/1 25/5
discovery [1]  13/21
discretion [1]  20/11
discuss [1]  14/3
discussion [3]  26/16 28/15 28/17
disinclined [1]  25/2
disparate [1]  25/24
disproportionate [1]  11/17
distinct [2]  19/14 26/9
DISTRICT [6]  1/1 1/2 1/22 13/9 16/12 16/24
DIVISION [1]  1/3
do [10]  10/19 12/16 17/11 17/25 18/9 19/23 21/21 21/23 23/9 26/15
Docket [5]  15/17 17/9 17/12 17/19 27/17
Docket 217-1 [1]  17/19
does [7]  16/4 18/1 23/5

23/17 24/5 24/6 25/17
doesn't [10]  6/24 11/18 11/24 11/24 13/1 14/8 18/20 18/22 22/6 24/6
doing [2]  16/19 20/23
dollars [1]  21/24
don't [7]  7/19 14/13 19/14 19/23 21/6 25/4 27/25
doubled [1]  6/2
down [1]  11/19
Drawer [1]  2/11
drive [1]  20/13
drop [2]  11/15 12/1
DUBBS [28]  2/7 4/9 4/10 8/3 8/20 9/2 9/6 10/7 11/13 18/22 19/7 19/11 19/18 19/24 21/16 22/2 22/10 23/8 23/19 24/2 24/5 24/17 25/11 25/16 26/3 26/18 26/22 28/16
during [1]  6/5
duties [2]  20/18 21/10
duty [1]  22/7

## E

each [2]  5/15 13/18
earlier [3]  11/11 12/8 25/1
earnings [1]  21/13
effect [1]  20/21
effectively [1]  25/22
else [2]  4/18 18/16
Encino [1]  3/9
end [1]  28/19
engage [1]  16/14
engaging [1]  13/21
ensuing [1]  6/10
entities [1]  24/23
entitled [1]  29/10
entity [6]  9/12 19/2 19/5 19/7 23/4 23/18
Entry [1]  15/17
ESQ [8]  2/3 2/7 2/14 2/18 2/21 3/3 3/7 3/11
essential [1]  7/10
even [2]  17/3 25/13
event [1]  10/11
Everybody's [1]  21/9

Case No. 1:20-cv-01966-RM-MEH   Document 31-3   filed 09/25/20   USDC Colorado
Case 2:17-cv-03679-SVW-AGR   Document 265   Filed 04/16/19   Page 34 of 41   Page ID
#:5850

**E**

evidence [2]  13/12 13/14
exactly [1]  18/8
examined [1]  25/10
Exchange [1]  7/6
exchanged [1]  13/18
existing [1]  12/17
explained [1]  5/20
extended [1]  11/18
extent [5]  8/17 10/17 24/18
 25/23 26/15

**F**

faces [1]  18/17
facetious [1]  22/8
facially [1]  25/8
facing [1]  14/2
fact [8]  7/3 7/22 8/15 10/13
 16/18 17/4 27/3 28/10
Fannie [2]  20/25 21/1
far [1]  25/4
FARUQI [6]  2/17 2/17 4/21
 4/21 5/25 5/25
favorable [1]  6/24
Fe [1]  2/12
federal [2]  10/25 22/14
FELDMAN [6]  3/11 5/10
 5/11 18/23 26/14 26/17
fiduciary [1]  22/7
fight [1]  26/15
figure [1]  16/19
file [1]  15/10
filed [3]  10/13 11/5 13/23
fill [1]  9/13
filled [1]  10/3
firm [5]  4/7 4/10 4/16 12/7
 12/8
firms [1]  21/24
first [8]  4/13 5/20 8/15
 11/13 11/14 12/1 12/3 23/19
fit [1]  20/11
five [3]  12/13 12/15 25/19
fix [4]  17/1 17/4 18/5 28/1
fixable [1]  16/23
Floor [1]  2/22
focus [1]  25/25
focused [2]  10/15 24/22

follow [1]  15/62
following [3]  10/24
foregoing [1]  29/8
forget [1]  14/9
form [2]  8/23 9/8
format [1]  29/11
forth [3]  13/8 13/12 28/8
four [3]  19/24 20/8 25/19
framed [1]  15/21
framework [3]  9/19 9/25
 19/13
Freddie [2]  16/11 18/7
function [4]  13/4 13/11 22/5
 22/13
functioning [3]  13/13 13/16
 13/24
Fund [4]  19/25 20/2 20/3
 20/3
Fund's [1]  13/9
funds [16]  8/14 14/25 15/1
 19/20 19/22 19/24 20/4 20/7
 20/9 20/9 21/17 21/19 21/22
 21/25 22/3 27/9
funny [1]  10/4
further [1]  12/5
future [1]  10/20

**G**

G-h-o-s-h [1]  4/20
gave [1]  16/7
gazillion [1]  21/24
gears [1]  24/21
general [27]  2/11 4/11 8/17
 8/19 9/19 10/3 10/23 11/7
 15/7 15/8 17/24 18/21 20/14
 20/15 20/20 20/20 21/3
 22/12 22/25 23/3 23/10
 23/21 23/24 24/2 24/10
 26/22 27/3
General's [2]  10/18 15/1
GERMAIN [4]  3/7 3/7 5/7
 5/8
get [4]  9/9 12/4 14/6 14/13
gets [1]  11/18
getting [1]  22/9
Ghosh [1]  4/20
give [4]  12/21 22/10 22/22

given [3]  14/2 20/1 22/14
giving [2]  21/5 26/16
Glendon [1]  2/22
gloss [1]  28/12
go [7]  5/12 5/20 17/4 18/5
 20/5 21/2 22/4
go-round [1]  5/20
goes [1]  18/3
going [9]  5/13 10/19 18/7
 21/8 22/16 23/24 26/7 26/8
 28/2
GONNELLO [7]  2/18 4/21
 4/21 5/24 5/24 6/12 7/2
GONZALEZ [3]  1/22 29/16
 29/17
Good [7]  4/6 4/9 4/23 5/1
 5/4 5/7 26/25
GOODRICH [1]  3/11
got [1]  19/2
govenor [1]  19/12
government [4]  20/6 20/7
 21/8 22/14
Grant [1]  19/25
group [21]  4/25 5/3 5/6 5/8
 5/17 5/18 12/6 12/7 12/21
 13/3 13/11 13/15 13/17 14/4
 21/14 24/23 24/24 25/3
 25/19 25/19 26/2
group's [1]  25/1
growth [2]  7/15 7/16
growth-hacking [2]  7/15
 7/16
Gupta [16]  4/22 5/17 5/19
 6/13 6/17 7/4 7/12 7/18 8/7
 11/10 11/11 14/3 14/5 14/19
 24/23 25/1
Gupta's [2]  7/14 11/23
Gutpa [1]  7/20

**H**

hac [1]  8/3
hacking [2]  7/15 7/16
had [5]  8/16 11/3 12/7 21/7
 26/21
half [1]  6/25
hand [1]  24/25

## H

happened [1]  10/10
hardly [1]  6/17
has [37]
hasn't [1]  8/8
have [49]
haven't [2]  24/19 27/20
having [1]  27/25
he [8]  7/6 7/22 12/2 17/19
 20/18 20/18 20/19 20/20
he's [5]  6/18 7/21 7/22 17/22
 17/25
head [1]  20/17
hear [4]  7/25 12/5 12/6
 18/18
heard [1]  26/23
held [1]  29/10
here [13]  10/2 14/2 14/12
 15/16 16/19 18/9 18/17
 20/12 20/13 21/9 22/18 24/8
 25/22
hereby [1]  29/7
him [1]  8/5
his [3]  8/3 18/1 20/18
HON [1]  1/4
Honor [32]
hope [1]  5/16
hopefully [2]  27/11 28/19
how [7]  9/13 10/19 16/8
 19/10 20/25 23/4 25/10
however [1]  25/24
hundred [1]  11/6

## I

I'd [1]  12/17
I'll [6]  8/5 9/8 24/25 27/10
 28/13 28/18
I'm [10]  5/13 6/12 9/2 15/11
 17/19 21/5 22/7 22/9 25/2
 26/19
I've [1]  10/16
identified [1]  18/4
Illinois [1]  13/10
IMAX [4]  16/23 18/4 27/21
 27/23
impact [1]  16/25
importance [1]  27/24

important [2]  12/8 14/1
importantly [1]  25/17
inadequate [1]  14/14
inapplicable [1]  14/18
inappropriate [1]  17/5
INC [2]  1/6 4/5
includes [1]  9/15
including [1]  7/3
inconsistent [1]  20/24
incorrectly [1]  8/25
indeed [1]  26/12
independent [3]  19/8 19/18
 25/20
independently [1]  13/4
individual [2]  25/9 26/6
individuals [2]  12/13 12/15
influence [1]  5/22
information [4]  13/18 17/23
 18/1 20/21
informed [2]  16/5 17/19
initial [2]  6/2 21/20
input [1]  26/16
instances [1]  18/20
institutions [1]  26/10
intents [1]  13/24
interest [3]  11/3 13/3 26/16
interesting [1]  17/7
interests [2]  5/16 22/16
intermediate [3]  10/14 16/6
 23/9
interpret [3]  16/9 21/5
 25/19
interpretation [1]  18/10
interpreted [1]  16/7
interpreting [1]  18/8
interrelationship [1]  10/15
interruption [1]  22/21
intervening [2]  10/11 10/13
invest [2]  6/11 20/8
invested [2]  20/10 21/13
investment [21]  4/24 5/18
 6/21 8/7 8/11 8/12 8/25 15/9
 15/19 16/2 17/8 17/10 17/13
 18/13 19/9 19/21 20/5 21/23
 24/23 27/4 27/4
investor [1]  5/19
investors [3]  25/5 25/9

involved [3]  11/8 13/22
 21/18
is [116]
isn't [2]  7/8 12/20
issue [12]  7/12 7/13 9/7
 11/14 14/20 15/16 16/10
 17/3 17/5 18/6 18/16 27/11
issues [8]  9/7 14/2 14/5 14/6
 14/7 18/5 18/15 28/2
it [56]
it's [14]  7/9 7/11 9/21 12/12
 12/20 14/18 16/23 17/16
 18/9 18/11 19/14 21/9 23/19
 28/12
Item [1]  4/4
its [8]  9/11 9/12 11/7 17/14
 19/11 19/13 20/10 20/20

## J

JENNIFER [2]  3/4 5/4
jointly [1]  27/8
JOOST [3]  3/4 5/4 5/5
JORDAN [2]  2/21 4/24
Jordan Lurie [1]  4/24
JUDGE [2]  1/4 1/4
Judicial [1]  29/12
just [19]  6/18 8/4 10/16
 11/23 14/15 14/16 15/5 16/5
 18/19 18/21 19/23 21/9
 21/21 22/18 22/22 24/25
 26/14 27/13 27/15

## K

KESSLER [4]  3/3 5/2 5/5
 12/7
KEVIN [3]  2/3 4/7 8/2
Kevin Boyle [1]  4/7
key [1]  11/14
kind [2]  19/5 21/18
King [1]  3/4
knew [1]  22/15
know [4]  12/24 18/4 19/14
 23/9
knowing [1]  21/25
KORSINSKY [2]  2/14 4/19

Case No. 1:20-cv-01966-RM-MEH    Document 31-3    filed 09/25/20    USDC Colorado
Case 2:17-cv-03679-SVW-AGR    Document 203    Filed 04/16/19    Page 36 of 41    Page ID
#:5362

## L

LABATON [2]  2/6 4/10
land [2]  19/25 20/1
lands [2]  22/14 22/16
large [1]  25/14
largest [1]  5/14
last [3]  15/5 15/13 28/14
later [1]  28/2
law [10]  9/10 10/25 12/8
 16/9 16/15 16/18 18/8 18/10
 19/21 21/5
lawsuit [3]  23/1 24/10 27/6
lawyer [1]  26/4
lawyers [2]  21/2 25/20
lead [12]  5/13 6/21 8/3 10/8
 12/8 16/17 17/5 17/21 24/9
 25/2 27/15 27/19
lead-class [1]  6/21
least [4]  5/16 6/25 25/4 25/8
lectern [1]  8/6
left [1]  22/23
legs [1]  21/1
length [1]  6/2
less [1]  9/14
let [10]  5/12 7/25 8/9 18/18
 18/19 22/10 22/22 24/21
 25/11 26/14
letter [1]  21/4
LEVI [2]  2/14 4/19
light [1]  14/9
like [10]  6/18 9/20 11/24
 12/17 12/22 13/20 21/19
 21/23 21/25 27/2
limitation's [1]  14/8
line [3]  11/19 24/8 26/4
LISA [3]  1/22 29/16 29/17
litigation [13]  1/6 4/5 5/14
 8/16 11/1 11/7 12/11 14/25
 15/3 16/17 18/2 18/15 21/18
little [1]  22/7
LJM [1]  13/9
LLP [6]  2/2 2/14 2/21 3/3
 3/7 4/24
local [5]  4/7 4/16 8/2 20/6
 20/9
long [2]  11/4 26/19

long-winded [1]  11/4
longer [1]  11/11
look [7]  6/5 12/19 15/17
 16/18 17/18 26/1 27/21
Los [5]  1/16 1/23 2/4 2/22
 4/1
loss [2]  10/6 11/19
losses [3]  8/23 10/8 25/13
lot [1]  22/12
LURIE [3]  2/21 4/23 4/24

## M

Mac [2]  16/11 18/7
made [9]  7/1 7/17 10/20
 11/10 12/12 15/13 25/6 25/7
 27/20
Mae [2]  20/25 21/1
MAESTAS [4]  2/10 4/11
 26/23 26/25
majority [5]  6/5 6/14 6/15
 6/18 6/25
make [9]  8/4 12/17 14/16
 17/22 17/25 21/24 27/13
 27/14 28/19
makes [3]  12/25 14/21 17/5
making [3]  4/18 16/2 17/10
manage [1]  8/12
mandated [2]  20/22 21/10
mandates [1]  9/24
many [3]  9/13 22/4 22/4
map [1]  16/8
March [3]  1/17 4/1 29/14
matter [4]  10/25 16/4 27/11
 29/10
matters [1]  16/5
may [10]  5/10 7/9 7/12 7/17
 12/4 20/12 22/12 25/24
 26/23 26/24
maybe [4]  9/4 11/19 18/19
 23/6
me [14]  4/10 5/12 7/25 8/9
 14/8 18/18 18/19 22/10
 22/22 24/21 25/11 26/14
 26/19 26/23
mean [7]  6/9 7/9 19/4 22/24
 23/17 25/19 26/15
mechanics [1]  24/9

MELTZER [2]  3/3 5/2
member [2]  6/14 11/24
members [3]  6/10 11/25
 27/5
Mexican [1]  22/10
Mexicans [1]  27/9
MEXICO [59]
Mexico's [2]  15/4 17/8
Mill [1]  3/12
mineral [1]  22/16
minute [1]  24/21
moment [2]  9/9 12/5
Monday [2]  1/17 4/1
money [3]  20/8 20/8 22/17
Monica [1]  2/3
more [5]  6/2 6/24 11/19
 21/18 25/17
morning [1]  14/23
most [4]  11/25 21/17 21/23
 22/17
motion [9]  10/9 15/20 16/1
 16/2 16/8 16/22 16/25 17/8
 27/20
motions [1]  13/23
movant [11]  4/20 4/24 7/4
 7/23 15/18 17/5 27/18 28/3
 28/5 28/6 28/11
move [4]  11/18 13/20 15/24
 18/12
MR [52]
Mr. [8]  6/17 7/4 7/12 7/18
 11/23 14/19 18/23 26/14
Mr. Feldman [2]  18/23
 26/14
Mr. Gupta [5]  6/17 7/4 7/12
 7/18 14/19
Mr. Gupta's [1]  11/23
MS [2]  5/4 26/25
Ms. [2]  4/11 26/23
Ms. Maestas [1]  26/23
Ms. Tania [1]  4/11
much [4]  14/9 14/12 14/13
 25/1
my [10]  5/15 5/24 10/1
 15/24 15/25 20/13 21/20
 22/11 24/25 25/1

Case No. 1:20-cv-01966-RM-MEH    Document 31-3    filed 09/25/20    USDC Colorado
Case 2:17-cv-03679-SVW-AGR    Document 265    Filed 04/16/19    Page 37 of 41    Page ID
#:4363

# N

nature [3]  6/13 9/8 13/19
NAUMON [3]  3/3 5/2 12/9
Naumon Amjed [1]  5/2
nebulous [1]  23/5
necessarily [1]  12/20
necessary [6]  7/8 13/2 13/10 17/15 23/23 24/13
need [4]  7/19 16/8 16/18 18/4
needs [2]  25/9 28/5
new [69]
New Mexico [5]  8/1 8/13 8/25 24/24 28/7
New York [1]  16/13
next [2]  8/7 12/6
NICHOLAS [2]  2/14 4/19
NMSIC [1]  17/20
no [12]  1/8 1/22 7/3 7/13 11/11 13/7 18/16 20/24 20/25 22/24 26/17 29/17
nominal [1]  19/2
non [2]  22/10 23/3
non-New [1]  22/10
non-state [1]  23/3
North [6]  16/14 16/15 16/16 21/2 21/5 21/7
North Carolina [1]  21/5
Northern [1]  13/9
not [34]
now [9]  6/4 6/7 6/14 8/18 8/21 10/1 10/23 11/4 25/25
number [7]  7/3 10/24 10/24 11/17 16/5 25/14 25/17
numbers [1]  11/20
NW [1]  2/15

# O

o0o [1]  4/3
obligations [1]  22/4
observations [1]  12/5
obviously [1]  26/19
occur [1]  7/18
occurred [2]  6/6 6/8
off [1]  22/23
offered [1]  14/15
Office [3]  10/19 15/2 27/3

officer [5]  17/9 17/10 17/13 18/13 27/4
oil [1]  19/25
Okay [1]  26/14
one [22]  7/12 8/8 9/7 9/17 9/21 10/12 10/13 10/21 10/24 14/24 16/5 18/16 18/19 20/10 20/10 23/8 25/13 25/14 25/17 25/25 27/6 27/13
only [7]  6/22 7/4 7/4 7/22 17/24 26/3 27/14
oOo [1]  28/23
operative [1]  6/1
opinion [3]  13/9 14/17 21/6
opportunity [2]  22/22 27/1
order [1]  27/11
organ [1]  19/19
other [10]  6/20 10/2 11/24 13/18 14/1 17/7 19/13 22/6 23/14 28/8
otherwise [1]  20/16
ought [1]  26/1
our [5]  12/18 12/25 13/8 16/11 27/24
out [12]  7/23 9/13 9/24 10/3 12/18 13/8 14/2 16/11 16/19 22/4 22/18 27/22
over [1]  28/12
overlap [1]  10/17
overly [1]  18/20
oversimplification [1]  22/11
own [3]  19/11 19/13 19/14
owned [1]  11/2
owner [3]  9/16 24/12 27/16
ownership [1]  28/5
owns [1]  10/7

# P

p.m [3]  4/2 22/20 28/21
P.O [1]  2/11
PA [1]  3/5
page [3]  3/12 21/9 27/17
Palo [1]  3/12
PANISH [2]  2/2 4/7
papers [5]  12/18 12/25 13/8 16/11 27/24

paragraph [5]  17/12 17/18 17/19 17/22 17/25
particular [1]  23/11
party [9]  5/21 6/20 8/10 8/16 8/22 8/24 23/15 27/25 28/1
pending [1]  8/4
pension [3]  21/19 22/3 22/3
people [5]  19/13 22/15 22/15 25/20 26/7
percent [7]  6/7 6/22 11/6 11/15 11/17 11/20 11/25
percentage [1]  6/7
period [4]  6/2 6/6 6/10 11/10
permanent [3]  19/24 19/25 20/2
person [2]  19/1 19/4
personally [1]  13/17
persuasive [2]  25/3 25/8
petitioner [1]  5/19
plaintiff [15]  5/13 6/21 7/4 8/11 10/8 12/8 16/17 17/6 17/21 19/3 24/9 25/2 27/16 27/19 28/11
plaintiffs [3]  7/23 11/21 26/6
please [1]  5/10
PLSRA [2]  17/16 18/5
plural [1]  15/1
pockets [2]  21/13 21/15
point [10]  5/16 9/17 9/18 9/23 14/1 16/19 24/22 26/1 26/3 27/13
pointed [3]  12/18 13/8 16/11
points [1]  14/22
POMERANTZ [2]  2/21 4/24
pool [2]  20/10 20/10
PORRITT [3]  2/14 4/19 4/19
position [1]  6/24
possession [1]  9/14
possible [1]  18/11
post [3]  14/21 15/12 16/25
post-briefing [2]  14/21 15/12
post-motion [1]  16/25

**P**

potential [1]  11/21
potentially [2]  12/21 14/6
power [4]  23/11 23/13 23/14
 26/5
pre [1]  12/17
pre-existing [1]  12/17
preexisting [3]  12/19 12/25
 13/10
prepared [1]  26/19
PRESIDING [1]  1/4
pretty [1]  27/14
principal [1]  5/15
prior [1]  10/11
Prisons [1]  19/15
Private [1]  10/25
privilege [1]  9/6
pro [2]  8/3 17/14
problem [8]  9/3 10/2 16/20
 16/21 16/22 18/3 20/12
 28/11
procedures [1]  24/9
proceedings [4]  1/15 22/19
 28/21 29/10
proper [1]  8/10
protect [1]  27/9
prototypical [1]  6/14
provided [2]  16/15 17/24
provides [1]  13/14
Prussia [1]  3/4
PSLRA [1]  26/5
public [1]  21/19
purchase [3]  7/18 7/21
 18/24
purchased [5]  6/16 6/16
 6/22 6/25 7/13
purchases [1]  11/19
purposes [2]  10/8 13/24
pursuant [1]  29/7
pursue [1]  16/16
pursuing [1]  14/24
put [7]  6/24 13/12 15/12
 20/9 25/14 26/6 28/8
putative [1]  5/13

**Q**

question [6]  9/5 22/1 22/23
 22/24 23/2 23/20
questions [3]  5/15 26/19
 26/21
quick [1]  27/13
quickly [1]  13/20
quite [1]  9/9
quote [2]  11/16 11/17
quote-unquote [2]  11/16
 11/17

**R**

Radnor [1]  3/5
raise [3]  14/8 14/17 20/24
raised [1]  14/19
rare [1]  21/17
rata [1]  17/14
re [3]  1/6 4/4 5/23
re-think [1]  5/23
reach [1]  23/23
read [1]  25/18
really [1]  20/25
reason [1]  12/18
reasonableness [1]  23/16
reasons [5]  7/3 11/11 11/13
 12/2 16/5
recent [1]  13/8
Recess [1]  22/19
recognize [1]  8/5
record [1]  8/18
recovery [1]  17/14
reflect [2]  24/4 24/5
Reform [1]  11/1
regarding [1]  11/10
regime [1]  21/11
regulations [1]  29/11
reiterate [1]  27/2
rejected [1]  5/21
rejecting [2]  11/11 11/13
related [1]  12/20
relatedness [1]  13/7
relationship [5]  12/14 12/17
 12/20 13/1 13/10
relatively [1]  21/17
relevant [2]  7/9 11/12
remain [2]  11/14 24/18

remedy [1]  17/3
remember [1]  22/3
reported [1]  29/9
Reporter [1]  29/17
REPORTER'S [1]  1/15
represent [5]  4/14 4/15 15/2
 15/7 15/9
representation [2]  17/12
 17/25
representations [2]  15/14
 17/10
represented [1]  12/7
requirement [3]  13/1 13/7
 18/24
requirements [1]  18/25
reside [1]  24/10
respect [7]  6/17 7/12 7/14
 7/14 10/16 18/16 28/2
respond [4]  11/9 22/22
 25/10 25/11
responsibilities [1]  27/8
resumed [1]  22/20
retirees [1]  22/4
revenue [1]  20/1
RICHARD [3]  2/18 4/21
 5/24
right [12]  5/12 7/25 12/4
 12/9 15/15 18/18 20/14
 20/15 25/16 27/10 27/25
 28/1
rigid [1]  13/1
road [3]  3/4 3/12 16/8
role [3]  11/5 11/7 23/17
ROSATI [1]  3/11
ROSMAN [1]  3/7
roughly [1]  6/7
round [1]  5/20
ruling [2]  11/16 28/19
run [2]  19/20 26/8
running [1]  13/21

**S**

said [12]  6/17 10/19 12/2
 13/6 15/5 15/6 17/2 18/8
 23/6 23/24 24/22 27/15
sale [1]  18/24
same [4]  21/9 22/23 23/18

**S**

same... [1]  26/4
Santa [2]  2/3 2/12
say [10]  5/17 7/8 8/25 10/1
 11/23 18/12 18/23 21/16
 23/7 25/21
saying [7]  6/9 6/12 9/13 10/6
 11/4 21/4 26/2
says [5]  17/19 20/17 20/19
 23/24 25/19
scope [1]  20/18
second [2]  16/21 22/18
section [4]  7/6 18/25 18/25
 29/7
securities [5]  1/6 4/5 10/25
 24/13 27/16
see [4]  4/17 24/3 25/5 27/10
seem [1]  14/8
seemed [1]  17/24
seems [1]  8/22
sees [1]  20/11
selected [2]  19/12 19/12
semantics [1]  19/5
semi [6]  19/8 19/10 19/18
 21/14 23/2 23/6
semi-autonomous [4]  19/10
 21/14 23/2 23/6
semi-independent [2]  19/8
 19/18
sense [1]  22/9
separate [2]  27/7 27/7
serious [1]  28/11
serve [1]  17/21
set [1]  13/8
sets [1]  27/22
settle [2]  20/15 23/13
settlement [4]  20/3 23/11
 23/16 23/20
settles [1]  9/21
setup [3]  19/14 21/16 22/13
Severance [1]  20/2
share [3]  7/21 9/15 17/14
shareholder [6]  5/3 5/6 5/8
 5/18 12/6 25/3
shares [15]  6/15 6/15 6/23
 7/19 9/11 9/11 9/12 9/13
 10/7 11/15 24/12 24/12
 24/14 24/15 24/17
she [3]  26/23 26/24 26/24
SHEA [2]  2/2 4/7
Shinu [3]  4/22 5/17 5/19
shoes [1]  23/18
should [4]  16/8 26/9 26/12
 26/13
show [3]  20/25 24/25 26/7
shown [1]  13/11
SIC [33]
SIC's [1]  24/15
sign [1]  10/21
signed [4]  8/22 8/24 10/23
 17/9
simplistic [1]  18/20
since [1]  6/2
single [1]  7/21
SIO [3]  17/16 18/1 20/17
situation [2]  14/4 14/19
six [1]  17/12
slightly [2]  12/12 21/10
small [1]  26/6
smells [1]  10/4
SNAP [12]  1/6 4/4 4/24 5/3
 5/5 5/8 5/18 8/12 9/15 12/6
 24/24 25/3
so [31]
sold [1]  24/19
some [14]  5/15 6/10 8/22
 12/5 12/21 19/11 19/12
 21/14 25/3 25/5 26/6 26/15
 26/16 28/8
someone [1]  12/19
something [5]  14/11 20/12
 20/17 20/19 28/12
somewhat [1]  23/22
SONSINI [1]  3/11
Sorry [1]  22/21
sort [5]  16/7 21/14 22/9 23/5
 23/17
sounded [1]  25/8
Southern [2]  16/12 16/24
speaking [1]  15/12
specific [2]  9/22 20/4
specifically [1]  23/12
spoken [1]  13/18

stake [3]  5/14 12/11 25/6
stand [3]  7/24 11/6 23/18
standing [8]  7/20 14/6 14/7
 17/1 17/3 23/14 28/4 28/8
start [2]  5/13 24/11
starts [1]  7/16
state [69]
stated [1]  9/9
statement [1]  7/16
states [5]  1/1 21/12 21/23
 29/8 29/12
status [2]  9/10 23/5
statute [8]  10/24 13/7 14/7
 16/7 21/10 23/12 23/24
 25/18
statutes [1]  10/16
statutory [9]  9/18 9/25 16/9
 19/13 20/4 20/9 20/22 27/7
 27/7
stay [2]  13/22 26/19
stenographically [1]  29/9
STEPHEN [1]  1/4
stock [7]  11/3 18/24 19/1
 19/2 19/5 19/7 19/20
Street [3]  1/23 2/15 21/24
structured [2]  16/1 16/8
subdivision [2]  22/25 23/4
submission [1]  27/11
submit [2]  26/11 26/13
submitted [2]  13/14 14/21
substantial [2]  25/6 25/7
such [2]  6/4 6/13
SUCHAROW [1]  2/6
sue [3]  23/4 23/24 23/25
suggest [2]  7/2 13/5
suit [6]  15/10 20/15 20/16
 23/14 23/18 23/22
Suite [4]  1/23 2/4 2/15 3/8
super [1]  25/18
sure [2]  8/4 9/2
SVW [2]  1/8 4/4
switch [1]  24/21

**T**

take [5]  8/5 13/2 21/12 26/5
 27/10
taken [1]  22/19

Case No. 1:20-cv-01966-RM-MEH   Document 31-3   filed 09/25/20   USDC Colorado
Case 2:17-cv-03679-SVW-AGR   Document 205   Filed 04/16/19   Page 40 of 41   Page ID
#:5355
20/23   page 41 of 42
true [4]   7/11 22/3 25/23 29/8

**T**

talks [1]  27/24
TANIA [2]  2/10 4/11
Tax [1]  20/2
taxpayers [1]  22/7
telling [2]  11/1 11/2
tension [2]  20/13 20/24
terms [4]  8/9 16/16 18/4 18/8
textualist [1]  25/18
than [5]  6/2 6/25 8/24 14/12 22/5
thank [4]  9/6 26/17 26/25 28/19
that [147]
that's [18]  8/20 9/16 11/4 11/7 12/9 13/4 15/11 17/23 18/8 21/8 22/1 22/23 24/13 24/17 25/21 26/1 26/2 26/4
their [7]  6/23 16/22 16/22 20/8 25/13 26/3 27/4
them [4]  6/24 10/12 25/2 25/14
then [6]  5/21 18/7 20/6 25/21 27/10 28/15
theory [1]  28/8
there [28]  6/3 6/3 8/8 8/15 8/21 9/13 9/14 9/23 10/10 11/19 13/6 14/3 16/12 16/21 16/22 16/25 17/2 18/25 19/24 20/3 20/6 22/15 25/4 26/9 26/12 26/13 27/24 28/14
there's [11]  7/11 7/13 8/21 9/22 10/2 16/4 17/12 18/24 20/24 22/24 27/23
Thereupon [1]  28/21
these [8]  6/10 15/4 15/14 18/5 18/20 21/22 26/5 26/8
they [27]  6/22 8/12 8/13 12/20 13/19 13/19 13/22 13/22 13/24 14/21 21/6 21/9 21/21 22/3 22/5 23/15 24/18 24/19 25/4 25/6 25/7 25/24 25/25 26/4 26/9 27/19 27/20
they're [4]  9/7 11/8 16/19

they've [2]  13/18 13/21
thing [4]  14/1 17/7 18/19 23/8
things [2]  12/22 20/23
think [15]  5/23 9/2 12/18 14/1 14/13 14/22 16/4 17/7 18/15 23/22 24/5 24/6 24/25 25/2 28/16
thinking [1]  21/20
Third [2]  2/18 13/6
this [38]
THOMAS [2]  2/7 4/10
Thomas Dubbs [1]  4/10
those [11]  9/24 10/11 12/3 12/14 18/15 20/4 20/8 21/14 22/16 24/17 26/21
thought [1]  22/15
three [2]  6/4 24/22
through [5]  9/11 20/14 26/18 27/4 27/5
tie [1]  26/12
tiebreaker [1]  26/12
tilt [1]  26/9
time [4]  6/10 11/14 12/3 22/18
Title [1]  29/8
Tobacco [1]  20/3
today [4]  7/24 11/14 12/3 16/6
together [4]  25/14 25/20 25/25 27/8
too [1]  13/1
top [1]  24/22
TOPAZ [3]  3/3 5/2 5/5
topic [1]  22/23
totally [2]  14/18 22/5
towards [1]  26/9
trading [1]  14/5
traditional [1]  21/18
transcript [3]  1/15 29/9 29/11
treasurer [2]  16/13 21/1
treasurer's [1]  16/16
trend [1]  13/8
tried [1]  10/1
truck [1]  20/13

Trust [1]  20/3
trustee [4]  8/13 9/10 9/16 14/25
try [1]  27/8
trying [1]  20/13
two [11]  9/7 9/18 9/24 10/16 10/24 14/21 15/1 16/4 20/22 21/7 25/17
type [2]  21/21 23/17
typical [1]  7/22
typicality [2]  7/14 11/22
typically [1]  13/15

**U**

U.S [2]  1/22 29/17
unclear [2]  17/16 23/22
under [13]  9/12 9/18 10/25 11/15 12/12 13/7 17/15 18/5 18/25 18/25 21/4 24/19 27/11
understand [7]  8/10 9/2 9/3 13/19 13/19 21/23 28/13
understanding [1]  9/5
unique [9]  6/18 16/10 17/3 17/4 18/6 18/16 21/12 21/17 28/2
unit [6]  12/22 13/12 13/13 13/16 13/25 27/6
UNITED [3]  1/1 29/8 29/12
unless [3]  9/22 20/16 24/11
unquote [2]  11/16 11/17
until [2]  7/18 7/19
unusual [1]  11/16
unwilling [2]  16/13 16/14
up [3]  12/12 13/20 26/7
us [2]  10/4 16/6
use [1]  13/15

**V**

valid [1]  8/18
Ventura [1]  3/8
Versata [2]  12/24 13/5
very [4]  9/8 22/12 28/11 28/14
vying [1]  6/20

Case No. 1:20-cv-01966-RM-MEH   Document 31-3   filed 09/25/20   USDC Colorado
Case 2:17-cv-03679-SVW-AGR   Document 265   Filed 04/16/19   Page 41 of 41   Page ID
#:5366

# W

want [7]  8/4 12/5 12/6 23/1 26/20 28/14 28/15
wants [3]  10/12 26/24 28/6
was [31]
wash [1]  11/25
Washington [1]  2/15
Wasn't [1]  15/8
Water [1]  20/3
way [6]  5/13 8/10 11/4 15/20 15/25 26/8
ways [1]  25/12
we [33]
we'll [1]  28/15
we're [2]  14/12 25/21
we've [1]  28/16
week [3]  15/13 27/12 28/19
well [12]  5/9 7/11 7/20 10/1 10/19 11/23 19/11 20/9 22/2 22/12 23/19 25/11
were [11]  6/16 6/16 7/1 7/5 11/15 11/19 13/23 22/14 22/16 24/17 25/6
West [1]  1/23
WESTERN [1]  1/3
Westlaw [2]  16/24 27/22
what [23]  5/22 6/1 6/12 10/6 10/8 10/10 11/20 12/14 13/2 13/2 14/7 14/12 14/14 15/5 16/15 16/19 17/2 17/11 18/7 18/9 19/22 23/1 25/22
what's [1]  21/8
whatever [1]  10/12
when [10]  6/5 13/20 20/1 20/17 20/19 22/13 23/19 24/14 25/8 26/11
where [3]  13/11 25/18 26/6
whether [3]  12/19 13/15 17/16
which [28]  9/8 9/8 9/10 9/14 9/23 10/15 10/15 12/7 12/24 13/2 14/3 14/22 16/7 17/5 17/15 17/23 18/1 18/3 18/15 19/12 19/25 20/7 20/13 21/5 22/11 23/11 26/1 26/13
who [16]  4/13 4/13 4/18 5/14 6/25 7/5 7/23 8/9 10/7 11/2 11/2 13/6 24/1 25/5 26/7 26/7
whom [1]  19/12
whose [1]  7/24
why [12]  5/21 11/8 11/11 12/19 15/23 16/4 16/5 18/20 21/21 21/21 22/1 24/4
why the [1]  11/11
wife [2]  15/25 15/25
will [3]  17/11 17/11 17/13
willing [1]  17/21
WILSON [2]  1/4 3/11
winded [1]  11/4
within [2]  13/17 20/18
won't [1]  28/17
wondering [1]  21/21
word [1]  28/14
words [2]  22/6 23/15
worked [1]  27/6
would [9]  5/22 10/23 13/5 13/20 18/11 18/23 25/10 26/11 27/2
wouldn't [3]  11/1 11/2 24/4
wrote [1]  21/4
www.lisamariecsr.com [1]  1/24

# Y

years [1]  22/4
yes [4]  6/12 14/10 14/11 26/24
York [7]  2/8 2/8 2/19 2/19 4/10 16/13 16/24
you [46]
you're [3]  10/6 26/2 26/18
you've [2]  21/11 23/6
your [38]
your Honor [17]  5/11 7/3 8/20 9/9 12/2 12/16 14/20 15/16 15/22 16/9 16/21 18/9 23/8 24/6 26/17 26/18 28/16
yourself [1]  9/5