**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-01966-RM-MEH

UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION LOCAL 464A, et al.,

       Plaintiff,

v.

PILGRIM'S PRIDE CORPORATION, et al.,

       Defendants.

---

**NMSIC'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION
FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF
LEAD COUNSEL**

---

4848-9963-6174

## TABLE OF CONTENTS

**Page**

I.     PRELIMINARY STATEMENT .........................................................................................1

II.    ARGUMENT........................................................................................................................2

III.   CONCLUSION...................................................................................................................10

4848-9963-6174

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*Baron v. Angie's List, Inc.*,
  2015 WL 3796008 (S.D. Ind. June 18, 2015) ..............................................................................9

*Baron v. Angie's List, Inc.*,
  No. 1:13-cv-02032-WTL-TAB (S.D. Ind.) ...................................................................................8

*Chahal v. Credit Suisse Grp. AG*,
  2018 WL 3093965 (S.D.N.Y. June 21, 2018) .............................................................................7

*Eastwood Enters., LLC v. Farha*,
  No. 8:07-cv-01940-VMC-EAJ (M.D. Fla.) ..................................................................................8

*In re Cardinal Health Inc. Sec. Litig.*,
  528 F. Supp. 2d 752 (S.D. Ohio 2007) ........................................................................................8

*In re Cardinal Health Inc. Sec. Litig.*,
  No. 2:04-cv-00575-ALM (S.D. Ohio) .......................................................................................7, 8

*In re Diamond Foods, Inc., Sec. Litig.*,
  281 F.R.D. 405 (N.D. Cal. 2012) .................................................................................................7

*In re HealthSouth Corp. Sec. Litig.*,
  No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) .................................................................................8

*In re SandRidge Energy, Inc. Sec. Litig.*,
  2019 WL 4752268 (W.D. Okla. Sept. 30, 2019) ........................................................................9

*In re SemGroup Energy Partners, L.P., Sec. Litig.*,
  2008 WL 4826318 (N.D. Okla. Oct. 27, 2008) ...........................................................................3

*In re Snap Inc. Sec. Litig.*,
  2019 WL 2223800 (C.D. Cal. Apr. 1, 2019) .............................................................................3, 4

*In re Snap Inc. Sec. Litig.*,
  No. 2:17-cv-03679-SVW-AGR (C.D. Cal.) ....................................................................... *passim*

*NMSIC v. Weinstein*,
  382 P.3d 923 (N.M. Ct. App. 2016) .........................................................................................6, 7

*Rosen v. The BISYS Grp., Inc.*,
  No. 1:04-cv-03840-JSR (S.D.N.Y.) .............................................................................................8

4848-9963-6174

**Page**

*Welch v. Meaux*,
    2020 WL 4758269 (W.D. La. Aug. 17, 2020) ............................................................................9

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
    §78u-4(a)(3)(B)(iii)(I) ..................................................................................................................2
    §78u-4(a)(3)(B)(iii)(II) .............................................................................................................2, 3

New Mexico Statutes Annotated
    §8-5-2 (West 1966) .....................................................................................................................5
    §36-1-19 (West 2019) .................................................................................................................5

**LEGISLATIVE HISTORY**

H.R. Conf. Rep. No. 104-369, at 34,
    *reprinted in* 1995 U.S.C.C.A.N. 730 ........................................................................................9

## I.    PRELIMINARY STATEMENT

Unable to dispute that the New Mexico State Investment Council ("NMSIC") has the largest financial interest in the relief sought by the class, UFCW Local 464A contends that the proceedings in *In re Snap Inc. Sec. Litig.*, No. 2:17-cv-03679-SVW-AGR (C.D. Cal.) somehow preclude the NMSIC from meeting the Rule 23 typicality and adequacy requirements in this Action despite UFCW Local 464A's admission that the circumstances underlying the NMSIC's candidacy in *Snap* are "***unlike here***." *See* ECF No. 31 at 6.[1]    Given that the NMSIC is the movant before the Court (unlike in *Snap*), there is no delegation of authority by the Attorney General's Office (unlike in *Snap*), and the Attorney General's office has signed the Certification (unlike in *Snap*), *Snap* has no bearing on the Court's determination here.    Moreover, UFCW Local 464A concedes that the NMSIC's motion and Certification submitted in this Action are virtually identical to each case in which the NMSIC has served as lead plaintiff pursuant to the PSLRA and in which courts have found – ***without exception*** – that the NMSIC met Rule 23's requirements and ***recovered more than $1.5 billion*** for class members, including the largest PSLRA class action recoveries ever obtained in the Sixth and Eleventh Circuits.    Simply stated, UFCW Local 464A's reliance on an admittedly-distinguishable case (*Snap*) has no bearing on the NMSIC's application to serve as lead plaintiff here.

---

[1]    UFCW Local 464A refers to the United Food and Commercial Workers International Union Local 464A, the Trustees of Welfare and Pension Funds of Local 464A – Pension Fund, the Trustees of Retirement Plan for Officers, Business Representatives and Office Employees of Local 464A, the Trustees of Local 464A Finast Full Time Employees Pension Plan, the Trustees of Local 464A Welfare and Pension Building Inc., and the Trustees of New York-New Jersey Amalgamated Pension Plan for ACME Employees.  Unless otherwise noted, all emphasis is added and citations are omitted.

4848-9963-6174

UFCW Local 464A's remaining argument that the mere "inconsisten[cy]" (ECF No. 31 at 3) between *Snap* and the instant motion somehow disqualifies the NMSIC – the nation's third largest sovereign wealth fund and one of the most selective and effective PSLRA litigants – from ever serving as lead plaintiff not only directly contravenes the PSLRA's purpose, it falls far short of the exacting "proof" the statute requires to rebut the presumption that the NMSIC is the most adequate plaintiff.  15 U.S.C. §78u-4(a)(3)(B)(iii)(II).  In an ironic twist, UFCW Local 464A's logic would also preclude its own appointment as lead plaintiff given UFCW Local 464A's own litigation inconsistencies.  *See* ECF No. 30 at 3-5 & n.3.

The NMSIC has evidenced its substantial financial interest and standing to prosecute this Action and pursue all available remedies against all culpable parties.  It is not subject to any unique defenses.  As such, the NMSIC should be appointed as Lead Plaintiff.

## II.    ARGUMENT

The PSLRA creates a rebuttable presumption that the most adequate plaintiff is "the person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  UFCW Local 464A does not dispute that the NMSIC has the largest financial interest, regardless of the metrics or accounting methodologies used.  *See* ECF No. 31 at 1-2.  The NMSIC has also made a *prima facie* showing that it satisfies Rule 23's adequacy and typicality requirements.  *See* ECF No. 27 at 8-9.  Therefore, the NMSIC is the presumptive lead plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Pursuant to the PSLRA, the NMSIC's presumptive status can be rebutted "only upon ***proof*** by a member of the purported plaintiff class that the presumptively most adequate plaintiff" either "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique

- 2 -

4848-9963-6174

defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). "The burden of proof of inadequacy of the presumptive lead plaintiff rests with parties contesting its appointment . . . speculative assertions are insufficient to rebut the lead plaintiff presumption." *In re SemGroup Energy Partners, L.P., Sec. Litig*., 2008 WL 4826318, at *2 (N.D. Okla. Oct. 27, 2008). "Mere innuendo and inferences will not suffice to support allegations of atypicality, conflict of interest or unique defenses." *Id.*

UFCW Local 464A has not offered any such proof. Instead, UFCW Local 464A attempts to characterize the rejection of the NMSIC's lead plaintiff application in *Snap* as a *per se* bar to all future appointments of the NMSIC as lead plaintiff. In doing so, UFCW Local 464A candidly concedes (as it must) that the circumstances in *Snap* were "***unlike here*.**" ECF No. 31 at 6. That concession alone is sufficient to overrule UFCW Local 464A's opposition to the NMSIC's motion.

More to the point, a closer examination of the circumstances present in *Snap* confirms why UFCW Local 464A's position is untenable here. First, the *Snap* court rejected a motion brought by the "State of New Mexico" where the actual party seeking appointment was the NMSIC. *In re Snap Inc. Sec. Litig.*, 2019 WL 2223800 (C.D. Cal. Apr. 1, 2019). Judge Wilson explained that "NMSIC may face a challenge as to whether it enjoys standing and statutory authority to bring suit" because "[t]he issue raised is that, although the NMSIC (*i.e*., the entity itself) seeks lead plaintiff status, the motion for lead plaintiff appointment was brought by the 'State of New Mexico on behalf of [the NMSIC]' and NMSIC's PSLRA certification was signed by New Mexico's State Investment Officer ('SIO') 'on behalf of [the NMSIC].'" *Id*. at *3 & n.2. It was that "complex interplay between three somewhat-independent yet interrelated parties" which led Judge Wilson to conclude that, based on those facts, "the Court is not satisfied in its understanding of which party – the State or the NMSIC –

- 3 -

4848-9963-6174

is driving this litigation effort and of the relationship between the two" and denied the NMSIC's motion. *Id*. at *3.

To its credit, UFCW Local 464A discloses the dispositive fact rendering *Snap* inapposite to this Action, acknowledging that: "[i]n that case, ***unlike here***, NMSIC's motion was filed by the 'State of New Mexico on behalf of [NMSIC]' and included a PSLRA-required certification signed by the State Investment Officer on behalf of the NMSIC." ECF No. 31 at 6. Moreover, when the *Snap* court held oral argument on the lead plaintiff motions, counsel for UFCW Local 464A (who was also the counsel opposing NMSIC's motion in *Snap*), articulated the factual basis underpinning his client's challenge to NMSIC's standing and authority to sue:

> MR. AMJED: I just have to make one quick point, and I only make it because it is actually pretty critical. Counsel for New Mexico just said that SIC has to be the lead plaintiff, and that SIC is the owner of the securities. Docket 214, page 1, the State of New Mexico on behalf of SIC is the movant before the Court, Your Honor. If New Mexico SIC has to be the lead plaintiff, they are not before the Court. They haven't made a motion.
>
> *    *    *
>
> ***If New Mexico SIC has capacity, has standing, has ownership, it needs to be the movant.***
>
> If New Mexico state wants to be the movant, New Mexico SIC has to assign claims or New Mexico state has to put forth some other standing theory to allow it to be before the Court.
>
> But the fact that New Mexico SIC has to be the plaintiff and is not the movant is a very serious problem, and it's something that we can't gloss over.

*See* ECF No. 31-3 at 27:13-28:12. Here, as UFCW Local 464A itself admits, there is no such concern as the NMSIC's motion is filed ***in its own name***, not the State of New Mexico on the NMSIC's behalf. *See* ECF No. 27.

- 4 -

It is also telling that, in stark contrast to the clearly articulated standing concerns UFCW Local 464A's counsel here raised in *Snap*, counsel has not articulated any theory here as to why – *independent of Snap* – the NMSIC's **current** lead plaintiff motion subjects it to unique standing or authority to sue defenses under relevant New Mexico law.  While UFCW Local 464A's opposition uses the word "standing" 34 times, it never once articulates **why** the NMSIC lacks standing to pursue this litigation in its own name or **why** the New Mexico Attorney General's Office cannot represent the NMSIC in this Action.  Indeed, the instant motion is being brought by the precise entity that UFCW Local 464A contended in *Snap* was the proper movant – the NMSIC – and the signatory of the NMSIC's PSLRA Certification is the Office of the Attorney General, which unambiguously has standing and authority to directly represent the NMSIC.[2]  Eliminating any doubt that N.M. Stat. Ann. §8-5-2 controls, Assistant Attorney General Khoury executed the NMSIC's PSLRA Certification and explicitly noted that "[h]aving made the determination that this action is in the interest of the State of New Mexico, the Attorney General is statutorily authorized to represent the NMSIC in this litigation."  *See* ECF No. 28-2 at ¶1.  Assistant Attorney General Khoury likewise provided a sworn Declaration to assure the Court of the appropriateness of the NMSIC's motion here:

> The Attorney General for the State of New Mexico is statutorily authorized to provide counsel to the State's agencies, including the NMSIC.  Pursuant to State law, the Attorney General has the discretion to initiate or participate in litigation on behalf

---

[2]    *See* N.M. Stat. Ann. §8-5-2 (West 1966) ("Except as otherwise provided by law, the attorney general shall: . . . B. prosecute and defend in any other court or tribunal all actions and proceedings, civil or criminal, in which the state may be a party or interested when, in his judgment, *the interest of the state requires such action* or when requested to do so by the governor . . . ."); N.M. Stat. Ann. §36-1-19 (West 2019) ("no one shall represent the state or any county thereof in any matter in which the state or county is interested except the attorney general . . . and such associate counsel as may appear on order of the court, with the consent of the attorney general or district attorney").

- 5 -

of the State and its agencies, when in his judgment the interest of the State so requires. The Office of the Attorney General is providing counsel to the NMSIC and will actively monitor and remain informed about the status of this case.

ECF No 28-4 at ¶3. In fact, as UFCW Local 464A admits, and "*unlike*" *Snap*, the NMSIC's lead plaintiff motion here is consistent with its prior lead plaintiff motions and is supported by an evidentiary showing confirming there are no credible standing challenges raised by the form of motion or manner in which the Certification was executed.

Unable to articulate any independent legal basis to challenge the NMSIC's standing or authority to sue in *this* Action, UFCW Local 464A instead points to argument made by the NMSIC's outside counsel in *Snap* (which is not the same outside counsel retained here) regarding the supposed impact a New Mexico Court of Appeals decision (*NMSIC v. Weinstein*, 382 P.3d 923 (N.M. Ct. App. 2016)) had on the manner in which the NMSIC's motion and certification were structured in *Snap* as proof that *Weinstein* requires the NMSIC's submissions here to mirror those in *Snap*. *See* ECF No. 31 at 7-9; *see also* ECF No. 31-3 at 9:22-11:5 (NMSIC's counsel in *Snap* arguing to Judge Wilson that up "to this point," *i.e.*, in all of the NMSIC's lead plaintiff motions *before Snap*, there had been no "specific delegation of [the Attorney General's] authority," but in *Snap*, "the decision was made that consistent with [*Weinstein*], SIC was the one to sign the certificate" and "SIC has a role"). In doing so, UFCW Local 464A assumes that the underlying issue raised in *Weinstein* – the Attorney General's authority to delegate litigation authority to the NMSIC – is present here, and then hypothesizes about future "risks associated with NMSIC's appointment" based on that assumption.[3]

---

[3]   The *Weinstein* appeal involved a series of *qui tam* actions in which the New Mexico Attorney General gave a special commission to NMSIC counsel and outside counsel to pursue claims on behalf of the NMSIC. A plain reading of the decision makes clear that it pertains to the NMSIC's ability to *re*-delegate settlement authority to an internal subcommittee *when it has itself been delegated that authority by the Attorney General's Office*. *See Weinstein*, 382 P.3d at 943. The

- 6 -

4848-9963-6174

*Compare* ECF No. 31 at 6-11 *with Chahal v. Credit Suisse Grp. AG*, 2018 WL 3093965, at \*7 (S.D.N.Y. June 21, 2018) ("This improbable if-you-give-a-mouse-a-cookie hypothetical about a future series of events is far too attenuated to rebut the statutory presumption."). Here, however, the Attorney General has not delegated any control of this Action to the NMSIC's in-house personnel for litigation purposes. Accordingly *Weinstein* – and therefore, *Snap* – is simply inapposite.

Not only is the structure of the NMSIC's instant lead plaintiff motion been universally accepted – as UFCW Local 464A implicitly concedes (*see* ECF No. 31 at 6) – motions by similar state agencies represented by Attorneys General likewise have been considered and accepted. *See, e.g.*, *In re Diamond Foods, Inc., Sec. Litig.*, 281 F.R.D. 405, 412 (N.D. Cal. 2012) ("Whereas here, the institutional investor is a state agency, the presumptively most adequate lead-plaintiff candidate has significant experience in securities litigation, and the Attorney General's Office, whose authority to manage litigation is derived from a state statute, will report to the Board of Trustee's, the fact that no member of the board of trustees or executive director will be a part of managing the litigation does not rebut the statutory presumption."). Indeed, as UFCW Local 464A itself admits, the manner in which the NMSIC's motion and Certification were presented here is entirely consistent with its prior lead plaintiff applications. *See* ECF No. 31-1. And, in serving as lead plaintiff in prior PSLRA cases, the NMSIC has recovered *over $1.5 billion* for class members, including in: (1) *In re Cardinal Health Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio), where as a co-lead plaintiff, the

*Weinstein* court readily accepted and did not question the Attorney General Office's ability to initiate, control, or settle litigation on the NMSIC's behalf. *See id.* at 943 n.9. ("NMSIC states in its brief that the power to settle litigation is vested in the Attorney General and that the Attorney General delegated such power to NMSIC or to NMSIC's counsel, but conceded at oral argument that the record does not reflect such delegation. . . . Moreover, the settlement agreements were signed by members of the Litigation Committee or the Governor, not the New Mexico Attorney General's Office or NMSIC counsel.").

- 7 -

4848-9963-6174

NMSIC obtained a $600 million recovery which remains the largest securities class action settlement ever achieved in the Sixth Circuit; (2) *In re HealthSouth Corp. Sec. Litig*., No. 2:03-cv-01500-KOB-TMP (N.D. Ala.), where the NMSIC and its co-lead plaintiffs obtained a $670 million recovery – the largest securities class action recovery ever achieved in the Eleventh Circuit; (3) *Eastwood Enters., LLC v. Farha*, No. 8:07-cv-01940-VMC-EAJ (M.D. Fla.), where the NMSIC obtained the largest securities class action recovery in Florida history – a $200 million recovery; and (4) *Rosen v. The BISYS Grp., Inc*., No. 1:04-cv-03840-JSR (S.D.N.Y.), where the NMSIC obtained a recovery of $65 million. Not only has the current structure of the NMSIC's lead plaintiff motion been approved in each of these cases, it has never been rejected by *any* court.[4]  Obtaining at least an eight-figure settlement in each of the four cases it served as lead plaintiff, NMSIC is one of the most effective lead plaintiffs in the 25 years since the PSLRA was enacted in 1995.[5]

---

[4]   Courts overseeing the NMSIC's service as lead plaintiff have commended it for its effective leadership. For example, in *Cardinal Health* – where, like here – the motion was made in the NMSIC's name and the Attorney General's Office executed the NMSIC's PSLRA certification, (now) Chief Judge Marbley stated that the lead plaintiffs "vigorously litigated this case and conducted extensive discovery, including reviewing approximately 7.2 million pages of documents, interviewing ninety-eight potential witnesses, and consulting numerous experts." *In re Cardinal Health Inc. Sec. Litig.*, 528 F. Supp. 2d 752, 756 (S.D. Ohio 2007). The court went on to conclude that "[t]he quality of the representation is demonstrated by the substantial benefit achieved for the Class and the efficient, effective prosecution and resolution of this action." *Id.* at 763.

[5]   To put the NMSIC and the New Mexico Attorney General's "4 out of 4" track record into context, NERA reports that in 2019, dismissals outnumbered settlements more than 2-to-1. *See* Janeen McIntosh and Svetlana Starykh, Recent Trends in Securities Class Action Litigation: H1 2020 Update, NERA Economic Consulting (July 17, 2020). To compare, the NMSIC is only aware of one instance where UFCW Local 464A was appointed to serve as a lead plaintiff, *Baron v. Angie's List, Inc.,* No. 1:13-cv-02032-WTL-TAB (S.D. Ind.), in which the court dismissed the complaint, finding "that the assertions in [UFCW Local 464A's] Complaint are simply too vague and attenuated to withstand the heightened pleading requirements." *Baron v. Angie's List, Inc*., 2015 WL 3796008, at *8 (S.D. Ind. June 18, 2015). Although the court gave UFCW Local 464A "one additional opportunity to amend their Complaint," (*id.*), UFCW Local 464A was unable or unwilling

- 8 -

UFCW Local 464A's remaining argument that "any explanation [the NMSIC] provides on reply seeking to distance itself from its representations in *Snap* [would be insufficient]"is tantamount to asking this Court to effectively bar the NMSIC – the third largest sovereign wealth fund in the United States and one of the most successful PSLRA litigants of all time– from ever serving as a lead plaintiff.  ECF No. 31 at 12.  Such a result would be plainly antithetical to the PSLRA's goals that UFCW Local 464A itself acknowledges.  *See* ECF No. 29 at 10 (quoting *In re SandRidge Energy, Inc. Sec. Litig.*, 2019 WL 4752268, at \*4 (W.D. Okla. Sept. 30, 2019) ("The . . . PSLRA 'was designed to increase the likelihood that institutional investors will serve as lead plaintiffs.'"); H.R. Conf. Rep. No. 104-369, at 34, *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").  Likewise, UFCW Local 464A does not – and cannot – explain why the tried-and-true structure of the NMSIC's current lead plaintiff motion and Certification would "distract the prosecution of the class's claims" or pose "considerable risk to all investors."  ECF No 31 at 12. UFCW Local 464A falls far short of the proof necessary to rebut the presumption in the NMSIC's favor. *Welch v. Meaux*, 2020 WL 4758269, at \*6 (W.D. La. Aug. 17, 2020) ("De la Cruz has failed to rebut the presumption that DIG is the most adequate plaintiff; his assertions against DIG are conclusory and unsupported by any 'exacting proof' and are wholly refuted by DIG testimony. Accordingly, we grant DIG's motion to be appointed lead plaintiff in this litigation and now turn to

---

to do, leading Judge Lawrence to enter judgment dismissing the case with prejudice.  *See* Ex. 9 (attached hereto).

- 9 -

4848-9963-6174

the last issue before the court, selection of lead counsel."). This "heads I win, tails you lose" approach by UFCW Local 464A should be rejected.[6]

## III.    CONCLUSION

The PSLRA requires proof to rebut the presumption that the most adequate plaintiff – here, the NMSIC – should be appointed lead plaintiff. Instead of proof, UFCW Local 464A proffers a string of suppositions built upon an inaccurate factual foundation, undermined by inapposite legal authority. Consequently, the Court should find that UFCW Local 464A has not met its heavy burden to rebut the presumption in favor of the NMSIC's appointment as lead plaintiff. The NMSIC's motion should be granted.

DATED:  October 9, 2020                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT


                                           s/ Danielle S. Myers
                                          DANIELLE S. MYERS

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

---

[6]    Indeed, under its own logic, the fact that UFCW Local 464A has discrepancies in how it presents itself in litigation – even if justified – precludes it from serving as a lead plaintiff as well. *See* ECF No. 30 at 3-5 & n.3.

- 10 -

4848-9963-6174

SHUMAN, GLENN & STECKER
RUSTY E. GLENN
600 17th Street, Suite 2800 South
Denver, CO  80202
Telephone:  303/861-3003
303/536-7849 (fax)
rusty@shumanlawfirm.com

Liaison Counsel for [Proposed] Lead Plaintiff

OFFICE OF THE NEW MEXICO
  ATTORNEY GENERAL
HECTOR BALDERAS, Attorney General
P. CHOLLA KHOURY, Assistant Attorney General
Director, Consumer and Environmental Protection
Post Office Drawer 1508
Santa Fe, NM  87504-1508
Telephone: 505/490-4052
ckhoury@nmag.gov

Additional Counsel for [Proposed] Lead Plaintiff

- 11 -

4848-9963-6174

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on October 9, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Danielle S. Myers
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  dmyers@rgrdlaw.com

4848-9963-6174

# Mailing Information for a Case 1:20-cv-01966-RM-MEH United Food and Commercial Workers International Union Local 464A et al v. Pilgrim's Pride Corporation et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Naumon Amjed**
  namjed@ktmc.com,rdegnan@ktmc.com,ksauder@ktmc.com,hpaffas@ktmc.com,iyeates@ktmc.com

- **Seth Goodchild**
  seth.goodchild@weil.com,mco.ecf@weil.com,seth-weil-4005@ecf.pacerpro.com

- **Caitlin C. McHugh**
  cmchugh@lrrc.com,lelliott@lrrc.com,caitlin.c.mchugh@gmail.com,caitlin-mchugh-3721@ecf.pacerpro.com

- **Alex C. Myers**
  amyers@lrrc.com,lelliott@lrrc.com,alex-myers-9547@ecf.pacerpro.com

- **Danielle S. Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Joel S. Neckers**
  neckers@wtotrial.com,allen@wtotrial.com,mchenry@wtotrial.com

- **Caroline J. Zalka**
  caroline.zalka@weil.com,mco.ecf@weil.com,caroline-zalka-7810@ecf.pacerpro.com,nymao@ecf.pacerpro.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)