**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-01966-RM-MEH

UNITED FOOD AND COMMERCIAL
WORKERS INTERNATIONAL UNION
LOCAL 464A, THE TRUSTEES OF
WELFARE AND PENSION FUNDS OF
LOCAL 464A – PENSION FUND, THE
TRUSTEES OF RETIREMENT PLAN FOR
OFFICERS, BUSINESS REPRESENTATIVES
AND OFFICE EMPLOYEES OF LOCAL
464A, THE TRUSTEES OF LOCAL 464A
FINAST FULL TIME EMPLOYEES
PENSION PLAN, THE TRUSTEES OF
LOCAL 464A WELFARE AND PENSION
BUILDING INC., and THE TRUSTEES OF
NEW YORK-NEW JERSEY
AMALGAMATED PENSION PLAN FOR
ACME EMPLOYEES, Individually and on
Behalf of All Others Similarly Situated,

                           Plaintiffs,

    v.

PILGRIM'S PRIDE CORPORATION,
JAYSON J. PENN, WILLIAM W. LOVETTE,
and FABIO SANDRI,

                           Defendants.

---

**REPLY IN FURTHER SUPPORT OF THE MOTION OF LOCAL 464A FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD
COUNSEL, AND IN OPPOSITION TO THE COMPETING MOTION**

---

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...................................................................................................1

II.   ARGUMENT.........................................................................................................3

    A.    There Are No "Threshold Issues" Regarding Local 464A ......................................3

    B.    Local 464A Is Not Subject to Unique Defenses .......................................................6

III.  CONCLUSION...................................................................................................11

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Chahal v. Credit Suisse Grp. AG*,
2018 WL 3093965 (S.D.N.Y. June 21, 2018) ..........................................................................10

*Cook v. Allergan PLC*,
2019 WL 1510894 (S.D.N.Y. Mar. 21, 2019) ....................................................................... 4-5

*Ferrari v. Gisch*,
225 F.R.D. 599 (C.D. Cal. 2004) ...........................................................................................3

*Foley v. Transocean Ltd.*,
272 F.R.D. 126 (S.D.N.Y. 2011) ................................................................................. 9-10, 10

*Khunt v. Alibaba Grp. Holding Ltd.*,
102 F. Supp. 3d 523 (S.D.N.Y. 2015)............................................................................. 1-2, 4

*Labul v. XPO Logistics, Inc.*,
2019 WL 1450271 (D. Conn. Apr. 2, 2019)..................................................................... *passim*

*Micholle v. Ophthotech Corp.*,
2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018) ..........................................................................4

*Plaut v. Goldman Sachs Grp., Inc.*,
2019 WL 4512774 (S.D.N.Y. Sept. 19, 2019)..........................................................................4

*Sakhrani v. Brightpoint, Inc.*,
78 F. Supp. 2d 845 (S.D. Ind. 1999) .......................................................................................3

*In re Snap Inc. Sec. Litig.*,
2019 WL 2223800 (C.D. Cal. Apr. 1, 2019) ............................................................1, 2, 3, 10

*In re Solar City Corp. Sec. Litig.*,
2017 WL 363274 (N.D. Cal. Jan. 25, 2017) ..................................................................... 1-2, 3

*Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*,
554 U.S. 269 (2008)....................................................................................................2, 6

*Vladimir v. Bioenvision, Inc.*,
2007 WL 4526532 (S.D.N.Y. Dec. 21, 2007) .........................................................................3

ii

**Statutes**

15 U.S.C. § 78u-4(a) ..........................................................................................................1, 2, 3

29 U.S.C. § 151, *et seq.*....................................................................................................7

**Other Authorities**

76 Am. Jur. 2d Trusts § 2 (2020) ..............................................................................2, 5

Local 464A respectfully submits this memorandum in further support of its motion for appointment as Lead Plaintiff (ECF No. 29) and in opposition to the competing motion filed by NMSIC (ECF No. 27).[1]

## I. INTRODUCTION

Local 464A is the only movant that satisfies the PSLRA's requirements and should therefore be appointed as Lead Plaintiff.

Of the two movants before the Court, only one—NMSIC—has actually been disqualified by a federal court for failing to meet the PSLRA's adequacy and typicality requirements. Anticipating that Local 464A would highlight NMSIC's recent disqualification in *In re Snap Inc. Securities Litigation*, 2019 WL 2223800 (C.D. Cal. Apr. 1, 2019), NMSIC launches a series of speculative and unsupported challenges against Local 464A in what appears to be an effort to distract from its own infirmities. NMSIC's arguments are refuted by the evidence before the Court and are inconsistent with case law—including *Labul v. XPO Logistics, Inc.*, 2019 WL 1450271 (D. Conn. Apr. 2, 2019), in which, just last year, Robbins Geller Rudman & Dowd LLP (NMSIC's counsel here) successfully argued against many of the positions NMSIC now takes. Specifically:

- Local 464A filed the only complaint in this case, along with a PSLRA certification, on July 6, 2020. Although not required to do so, Local 464A filed a second PSLRA certification with its lead plaintiff motion on September 4, 2020.[2] The second certification included a single misplaced letter that had nothing to do with Local 464A's financial interest or adequacy. An inadvertent and inconsequential misspelling of one word in Local 464A's PSLRA certification is irrelevant to Local 464A's ability to serve as Lead Plaintiff. *See, e.g.*, *In re Solar City Corp. Sec. Litig.*, 2017 WL 363274, at *6 (N.D. Cal. Jan. 25, 2017); *Khunt v. Alibaba Grp. Holding*

---

[1]    Terms not defined herein shall have the same meaning as in Local 464A's motion and opposition brief, *see* ECF Nos. 29 & 31, all emphasis is added, and all internal quotation marks and citations are omitted.

[2]    *See* 15 U.S.C. § 78u-4(a).

*Ltd.*, 102 F. Supp. 3d 523, 538-39 (S.D.N.Y. 2015).  NMSIC's reliance on an inconsequential typographical error highlights the weakness of its position.

- Each of the Local 464A entities are properly before the Court.  While *XPO* stated that employee benefit funds (like Local 464A) **may** sue in their own names, *see* 2019 WL 1450271, at *6, it remains settled law that trustees also have standing to sue on behalf of their respective trusts.  *See, e.g.*, *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 287 (2008) ("[t]rustees bring suits to benefit their trusts"); 76 Am. Jur. 2d Trusts § 2 (2020).

- There is no evidence that the membership of certain Pilgrim's Pride employees in other local chapters of Local 464A's parent union (which is not before the Court)— the United Food and Commercial Workers International Union ("UFCW")—will result in any conflicts of interest or subject Local 464A to unique defenses.  The argument is completely speculative and not tethered to any evidence, which is fatal to NMSIC's assertion.  Its counsel knows this because, as they argued in *XPO*, purported conflicts of interest must be grounded in fact, and not based on speculative hypotheticals about a future series of events.  *See* 2019 WL 1450271, at *8-9.  Indeed, Local 464A has already demonstrated its commitment and ability to zealously represent the class in this action by filing the only complaint in this litigation.  *See also* Declaration of John T. Niccollai (the "Niccollai Decl."), ¶ 6, (reaffirming Local 464A's commitment to maximize the class's recovery).[3]

In contrast to the established unique defenses surrounding NMSIC's standing, *see Snap*, 2019 WL 2223800, none of the speculative arguments raised against Local 464A meet the "proof" required by the PSLRA to rebut Local 464A's status as the presumptive lead plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  Accordingly, Local 464A continues to be the only movant capable of satisfying each of the PSLRA's requirements and should be appointed Lead Plaintiff so the litigation can proceed expeditiously and without the distraction of the unique defenses that will plague NMSIC throughout the entirety of the litigation.

---

[3]    Attached as "Exhibit 1" to the Reply Declaration of Joel S. Neckers (the "Neckers Reply Decl.").

## II.    ARGUMENT

### A.    There Are No "Threshold Issues" Regarding Local 464A

Recognizing that *Snap* compels its disqualification, NMSIC attempts to deflect attention away from its own infirmities by speculating that inconsequential "threshold issues," based on a typographical error and the structure of Local 464A's motion, prevent Local 464A's appointment. NMSIC is wrong.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (requiring "proof").

First, a single, minor typographical error—the inadvertent misspelling of the name of Local 464A's signatory on the PSLRA certification accompanying its motion—has no bearing on Local 464A's ability to serve as lead plaintiff.  "Multiple district courts have held that 'minor or inadvertent mistakes made in a sworn certification do not strike at the heart of Rule 23's adequacy requirement.'"  *Solar City*, 2017 WL 363274, at *6; *see also, e.g.*, *Vladimir v. Bioenvision, Inc.*, 2007 WL 4526532, at *9, *9 n.19 (S.D.N.Y. Dec. 21, 2007) (appointing a movant with numerous typographical errors in its certification, including an incorrect reference to "18 U.S.C." rather than "28 U.S.C.," because "'typos' are a fact of life"); *Ferrari v. Gisch*, 225 F.R.D. 599, 605 (C.D. Cal. 2004) (agreeing with a movant that "relatively minor miscalculations" of losses "in no way go to the adequacy" of the movant's representation); *Sakhrani v. Brightpoint, Inc.*, 78 F. Supp. 2d 845, 855 (S.D. Ind. 1999) (declining to disqualify a movant who erred in listing the date of one purchase, noting that "neither counsel for the [opposing movant] nor the court has been immune from occasional typographical errors").  This is especially true here given that the certification cited by NMSIC was the second certification submitted by Local 464A in this case.[4]  NMSIC takes

---

[4]    NMSIC cites cases suggesting that multiple errors may demonstrate carelessness, which raises doubt as to adequacy.  *See* ECF No. 30 at 5 n.4.  But there is no repeated substantive error here: Mr. Niccollai's name was spelled correctly in Local 464A's first certification (filed in

no issue with Local 464A's initial certification filed with the complaint.  NMSIC's primary argument amounts to much ado about nothing.

While NMSIC argues that "similar 'clerical error[s]' in certifications . . . have been found to be disqualifying," ECF No. 30 at 4 (first alteration in original), NMSIC cites dissimilar cases involving ***substantive*** errors impacting a movant's financial interest, not a single, inconsequential misspelling (in the second of two certifications).  *See Plaut v. Goldman Sachs Grp., Inc*., 2019 WL 4512774, at *5 (S.D.N.Y. Sept. 19, 2019) (rejecting movant who failed to include 45,728 shares on its PSLRA certification, representing nearly 25% of the movant's total shares and more than $8 million in investment value); *Micholle v. Ophthotech Corp*., 2018 WL 1307285, at *8-9 (S.D.N.Y. Mar. 13, 2018) (rejecting movant who incorrectly claimed a loss of $4,140,587 when his loss (after correcting errors) was only $1,659,767).  The single-letter typographical error on Local 464A's second certification is plainly irrelevant to the issues before the Court.  As explained by the court in *Alibaba*, "[t]he failure to correct obvious or inconsequential clerical errors, like the ones at issue, simply is not the type of adequacy issue that would 'divert the fact finders' attention from the merits and thus infect the claims of the class as a whole.'"  102 F. Supp. 3d at 538-39.  NMSIC's argument is a smokescreen and its need to rely on such an argument speaks volumes about the weakness of its speculative attacks.  As stated by the court in *Cook v. Allergan PLC*, an argument based on typographical errors "is the sort of argument that does not dispose me to favor the lead counsel candidacy of the firm making it."  2019 WL 1510894, at *4 (S.D.N.Y. Mar. 21, 2019)

---

connection with the complaint), and was spelled correctly in every other instance in Local 464A's second certification (filed in connection with Local 464A's motion).  *See* ECF Nos. 1-2 & 29-2.

(rejecting argument based on typographical errors in assessing lead plaintiff motions under the PSLRA).

Second, Local 464A is properly before the Court. The Local 464A movants include United Food and Commercial Workers International Union Local 464A ("UFCW Local 464A")—a local chapter of the UFCW—and the trustees of several retirement and pension plans for the members and employees of UFCW Local 464A (the "Local 464A Funds"). As demonstrated in the complaint and Local 464A's motion, the trustees of the Local 464A Funds are seeking to represent the trusts they are obligated to oversee. *See* ECF Nos. 1 & 29.

It is well established, and NMSIC does not dispute, that trusts are not legal entities (and generally have no standing to assert claims on their own) and that, instead, trustees have standing to sue on behalf of their respective trusts. *See, e.g.*, 76 Am. Jur. 2d Trusts § 2 (2020) (explaining that "[a] trust is not an entity distinct from its trustees" and is not "capable of legal action on its own behalf"). As NMSIC notes, the court in *XPO* held that the Employee Retirement Income Security Act of 1974 ("ERISA") permits employee benefit plans to sue as legal entities, in their own names, where a district court has subject matter jurisdiction. *XPO*, 2019 WL 1450271, at *6. However, consistent with ERISA's ***permissive*** grant, the *XPO* court held only that employee benefit funds ***may*** sue in their own capacities, not that they ***must***. *See id.* (explaining that "ERISA provides that '[a]n employee benefit plan ***may*** sue or be sued under this subchapter as an entity'") (alteration in original).[5] Nowhere, of course, did *XPO* purport to overturn longstanding trust law

---

[5]     Tellingly, the *XPO* court did not disqualify ***either*** a group of pension funds associated with the International Brotherhood of Teamsters (which sought appointment in their own name) ***or*** various Local 464A trusts (which sought appointment through their trustees). *See generally* 2019 WL 1450271, at *6.

and eliminate the ability of trustees to sue on behalf of their respective trusts.[6]  As the Supreme

Court has made clear, "[t]rustees bring suits to benefit their trusts."  *Sprint*, 554 U.S. at 287.  This

is exactly what the trustees of the Local 464A Funds did here.  *See* ECF Nos 1 & 29.  Accordingly,

the Local 464A Funds are properly before the Court.

B.      **Local 464A Is Not Subject to Unique Defenses**

NMSIC separately argues that Local 464A is subject to a unique defense because UFCW

Local 464A is a chapter of the UFCW, and certain Pilgrim's Pride workers are members of ***other***

UFCW chapters.  *See* ECF No. 30 at 5.  To be clear, UFCW and the other UFCW chapters

referenced by NMSIC are not parties to this case and are ***not before the Court***.  Notwithstanding

this critical fact, NMSIC speculates that "Local 464A will get sidetracked by questions concerning

whether any UFCW members who work at Pilgrim's Pride were engaged in any aspect of the

underlying price-fixing allegations that give rise to the allegations at issue in this case," or may

develop interests that are divergent from those of the class if Pilgrim's Pride workers are forced to

renegotiate their collective bargaining rights as a result of this litigation.  *Id*.  These speculative

concerns are baseless and—as NMSIC's counsel correctly argued just last year in *XPO*—fall far

short of the "proof" required to rebut Local 464A's status as presumptive lead plaintiff.  *See Labul*

*v. XPO Logistics, Inc.*, No. 3:18-cv-02062-VLB, ECF No. 72 at 5-7 (D. Conn. Mar. 13, 2019)

---

[6]      NMSIC also strangely contends, without explanation, that "only one trustee is before the
Court, not *all* of the trustees."  ECF No. 30 at 4 n.3 (emphasis in original).  If NMSIC is suggesting
that Mr. Niccollai is the only trustee before the Court because he signed the PSLRA certification
on behalf of Local 464A, NMSIC is incorrect.  As plainly evident from the complaint and Local
464A's motion, "the *Trustees* of [the Local 464A Funds]"—not just one trustee—filed the
complaint and the motion for appointment as lead plaintiff.  *See* ECF Nos. 1 & 29.  Moreover, as
set forth in Local 464A's PSLRA certifications and the Niccollai Decl., Mr. Niccollai has full
authority to make legal decisions on behalf of the Local 464A Funds.  *See* ECF Nos. 1-2 & 29-2;
Niccollai Decl., ¶ 2.

(arguing that "exacting proof is needed to rebut the presumption"), attached as "Exhibit 2" to the Neckers Reply Decl.  More to the point, Local 464A has filed two certifications and an additional declaration affirming its commitment to the class.  *See* ECF Nos. 1-2 & 29-2; Niccollai Decl., ¶ 6. Local 464A's repeated representations regarding its commitment to protect the class constitute the only actual proof before the Court.

UFCW Local 464A represents nearly 20,000 service workers in food and related industries located in New Jersey, New York, and parts of Pennsylvania.  *See* Niccollai Decl., ¶ 3.  UFCW Local 464A's members include hard working men and women who work in the food services industry as meat cutters/packers, food manufacturers and processors, grocery clerks and cashiers, deli, seafood, produce, frozen food, and baking employees, and food industry delivery workers. *Id.*[7]  There is no evidence—or even a well-pled allegation—that any Pilgrim's Pride employee who was involved in price-fixing was or is a member of any UFCW chapter (let alone a member of UFCW Local 464A).[8]  There is also no evidence that this litigation will force Pilgrim's Pride workers who are members of other UFCW local chapters (which are not before the Court) to renegotiate their union contracts with Pilgrim's Pride (much less that any such renegotiation would

---

[7]  The Local 464A Funds provide retirement and pension benefits to these workers and their beneficiaries.

[8]  The information concerning Pilgrim's Pride price-fixing scheme suggests that it was committed by high-level executive officers, including the Chief Executive Officer and an Executive Vice President—who, likely to be considered managers under the law, are not protected by the National Labor Relations Act of 1935 and are ineligible to join unions.  *See* 29 U.S.C. § 151, *et seq.*; *see also* Niccollai Decl., ¶ 7 (noting that Local 464A is not aware of any Pilgrim's Employees being members of UFCW Local 464A).  NMSIC does not offer any evidence that non-executive employees were involved in the price-fixing scheme.

impact the conduct of UFCW Local 464A, an entirely different UFCW chapter with fiduciary duties to its own members and, if appointed Lead Plaintiff, to the class).

Instead, NMSIC speculates about future conflicts of interest that could ***theoretically*** arise in the course of litigation, and incorrectly argues that, no matter how unlikely those events are to occur, the fact that they ***may*** occur is cause to disqualify Local 464A.  NMSIC's musings are insufficient to meet the standard of "proof" demanded by the PSLRA.  As NMSIC's counsel recently argued in *XPO*, "any [purported] conflict of interest must be ***grounded in fact*** to rebut the presumption of the most adequate lead plaintiff," and "improbable . . . hypothetical[s] about a future series of events [are] far too attenuated to rebut the statutory presumption."  Neckers Reply Decl., Ex. 2 at 7 (quoting *Chahal v. Credit Suisse Grp. AG*, 2018 WL 3093965, at *7 (S.D.N.Y. June 21, 2018)).  The *XPO* court agreed.  *See* 2019 WL 1450271, at *9 ("Such conclusory assertions of inadequacy, without specific evidentiary support for the existence of an actual or potential conflict of interest or a unique defense to which the lead plaintiff would be subject, are insufficient.").

In *XPO*, the defendants sought to rebut the presumption that several union pension funds (the "Pension Funds") were the most adequate lead plaintiff, as the parent union was engaged in litigation to unionize an affiliate of the defendant corporation.  Representing the Pension Funds, NMSIC's counsel argued at length that defendants' concerns about the Pension Funds' potential conflicts of interest—stemming from the existing relationship between the parent union and defendants—were "[c]onclusory assertions and mere speculation," and thus not disqualifying for the Pension Funds.  Neckers Reply Decl., Ex. 2 at 5-8 (alteration in original).  The Pension Funds

also submitted declarations affirming under oath the underlying facts that contradicted potential conflicts of interest. *See XPO*, 2019 WL 1450271 at *8.

Based on this evidence, the *XPO* court refused to disqualify the Pension Funds. As the Honorable Vanessa L. Bryant explained, the Pension Funds' trustees, as fiduciaries, were "obligated to act in the interest of the fund participants and beneficiaries—whose interests here align with those of the other putative class members—and would violate that obligation and open themselves up to liability if they acted in the interest of another party." 2019 WL 1450271, at *8. Indeed, "[t]heir fiduciary duties require them to invest Fund assets with care, skill, prudence, and diligence, . . . *not* with consideration of interests of third parties." *Id.* at *9 (emphasis in original). Moreover, the court concluded that "[t]he conflict asserted by Defendants is entirely speculative and is far from the proof required to rebut the presumption that the Pension Funds are the most adequate lead plaintiff." *Id.* While acknowledging the concern that the defendants had already "'announced their intention' to raise defenses unique to the Pension Funds," the court nevertheless declined to disqualify the Pension Funds because "[t]he potential that a defendant will raise unique challenges to a lead plaintiff *without actual evidence of those unique defenses* is not sufficient to overcome the presumption." *Id.*

The same result is warranted here. While NMSIC—directly contradicting the position its counsel took just last year—argues that speculative concerns about theoretical future conflicts of interest should disqualify Local 464A from serving as Lead Plaintiff, NMSIC has presented no "actual evidence" that a conflict of interest is likely to actually arise or that Defendants could or would successfully assert challenges against Local 464A. *See, e.g.*, *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 133 (S.D.N.Y. 2011) ("[T]he conflict of interest must be shown, not merely

9

speculated, in order to rebut the presumption of the most adequate lead plaintiff."). Additionally, Local 464A, in its sworn declaration, has affirmed under oath that it intends to vigorously pursue the largest possible recovery for the entire class, that Local 464A's decision-making will not be impacted if any Pilgrim's Pride workers are members of other UFCW local chapters, and that Local 464A is unaware of any conflict of interest that would preclude Local 464A from representing the class. *See* Niccollai Decl., ¶¶ 6-7; *see also Transocean*, 272 F.R.D. at 133 (holding that a purported conflict of interest was "belied" by the movant's "sworn certification that it will adequately and aggressively lead the class"). Indeed, having filed the only complaint in this case, Local 464A has ***already*** affirmatively demonstrated its commitment and ability to zealously prosecute this litigation for the benefit of the class. Accordingly, there is no proof sufficient to rebut the presumption that Local 464A will adequately represent the class.

In contrast to this baseless challenge, Local 464A has presented actual, highly specific, and non-speculative evidence that NMSIC is exposed to unique defenses that, as explained by the Honorable Stephen V. Wilson, "[d]efendants would likely seek to exploit." *Snap*, 2019 WL 2223800, at *3. Indeed, rather than being predicated on an "improbable if-you-give-a-mouse-a-cookie hypothetical about a future series of events," *Chahal*, 2018 WL 3093965, at *7, the *Snap* opinion confirms that it is "highly likely that the arguments [regarding NMSIC's standing] would play a significant role at trial, and that the NMSIC would have to devote class resources to defending itself." *Snap*, 2019 WL 2223800, at *2. If anything, the concerns that militated against NMSIC's appointment in *Snap* are more pronounced now given that NMSIC has abandoned the representations it made in *Snap* and advances inconsistent positions regarding its standing and authority in this litigation.

10

The Court should reject NMSIC's attempt to distract from its own fatal flaws with irrelevant and highly speculative arguments about Local 464A's motion, and appoint Local 464A as Lead Plaintiff.

## III.    CONCLUSION

For the reasons stated herein, Local 464A respectfully requests that the Court: (1) appoint Local 464A as Lead Plaintiff: (2) approve Local 464A's selection of Kessler Topaz as Lead Counsel for the class; and (3) grant such other relief as the Court may deem just and proper.

DATED:  October 9, 2020

Respectfully submitted,

s/ Joel S. Neckers
Joel S. Neckers
Nora Ali
**WHEELER TRIGG O'DONNELL LLP**
370 17th Street
Suite 4500
Denver, CO 80202
Telephone: (303) 244-1966
Facsimile: (303) 244-1879
Email: neckers@wtotrial.com
Email: ali@wtotrial.com

*Local Counsel for United Food and Commercial Workers International Union Local 464A, the Trustees of Welfare and Pension Funds of Local 464A – Pension Fund, the Trustees of Retirement Plan for Officers, Business Representatives and Office Employees of Local 464A, the Trustees of Local 464A Finast Full Time Employees Pension Plan, the Trustees of Local 464A Welfare and Pension Building Inc., and the Trustees of New York-New Jersey Amalgamated Pension Plan for ACME Employees*

11

**KESSLER TOPAZ**
  **MELTZER & CHECK, LLP**
Naumon A. Amjed
Darren J. Check
Ryan T. Degnan
Karissa J. Sauder
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
Email: namjed@ktmc.com
Email: dcheck@ktmc.com
Email: rdegnan@ktmc.com
Email: ksauder@ktmc.com

*Counsel for United Food and Commercial Workers International Union Local 464A, the Trustees of Welfare and Pension Funds of Local 464A – Pension Fund, the Trustees of Retirement Plan for Officers, Business Representatives and Office Employees of Local 464A, the Trustees of Local 464A Finast Full Time Employees Pension Plan, the Trustees of Local 464A Welfare and Pension Building Inc., and the Trustees of New York-New Jersey Amalgamated Pension Plan for ACME Employees, and Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2020, I electronically filed the foregoing reply with the

Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel

of record.


*s/ Joel S. Neckers*
Joel S. Neckers