IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 20-cv-01966-RM-MEH

UNITED FOOD AND COMMERCIAL
WORKERS INTERNATIONAL UNION
LOCAL 464A, THE TRUSTEES OF
WELFARE AND PENSION FUNDS OF
LOCAL 464A – PENSION FUND, THE
TRUSTEES OF RETIREMENT PLAN FOR
OFFICERS, BUSINESS REPRESENTATIVES
AND OFFICE EMPLOYEES OF LOCAL
464A, THE TRUSTEES OF LOCAL 464A
FINAST FULL TIME EMPLOYEES
PENSION PLAN, THE TRUSTEES OF
LOCAL 464A WELFARE AND PENSION
BUILDING INC., and THE TRUSTEES OF
NEW YORK-NEW JERSEY
AMALGAMATED PENSION PLAN FOR
ACME EMPLOYEES, Individually and on
Behalf of All Others Similarly Situated,

    Plaintiffs,

v.

PILGRIM'S PRIDE CORPORATION,
JAYSON J. PENN, WILLIAM W. LOVETTE, and
FABIO SANDRI,

    Defendants.

___

**ORDER**
___

    This matter is before the Court on competing motions from United Food and Commercial Workers International Union Local 464A, the Trustees of Welfare and Pension Funds of Local 464A – Pension Fund, the Trustees of Retirement Plan for Officers, Business Representatives and Office Employees of Local 464A, the Trustees of Local 464A Finast Full Time Employees

Pension Plan, the Trustees of Local 464A Welfare and Pension Building Inc., and the Trustees of New York-New Jersey Amalgamated Pension Plan for ACME Employees (collectively, "Local 464A") (ECF No. 29) and the New Mexico State Investment Council ("NMSIC") (ECF No. 27) to be appointed lead plaintiff in this securities class action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B).  Upon consideration of the motions and supporting briefs, applicable law, and being otherwise fully advised, the Court finds and orders as follows.

## I. BACKGROUND

The matter underlying the instant motions is a class action brought on behalf of all persons or entities who purchased or otherwise acquired Pilgrim's Pride common stock between February 9, 2017 and June 3, 2020 (the "Class Period").  (ECF No. 1 at 2, 6.)  The complaint alleges that during the Class Period, Pilgrim's Pride, a national chicken producer and distributor, and three of its officers made materially false and misleading statements regarding business operations and conspired to fix prices and rig bids.  (*Id.* at 3.)  After the alleged conduct was revealed during the course of the U.S. Department of Justice's criminal investigation, the price of Pilgrim's Pride stock significantly declined, harming investors.  (*Id.* at 12-14.)  Notification of the putative class action was disseminated via wire; in response, Local 464A and the NMSIC filed motions to be appointed lead plaintiff.

## II. LEGAL STANDARD

Under the PSLRA, the Court shall appoint the presumptive "most adequate plaintiff" as lead plaintiff to represent the interests of the purported class members in a securities action.  15 U.S.C. § 78u-4(a)(3)(B).  The most adequate plaintiff is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;

2

> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-49(a)(3)(B)(iii)(I).  Rule 23 requires that a party may represent the class only if:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

At this stage of the proceedings, the Court limits its inquiry to the typicality and adequacy prongs of Rule 23.  *See Wolfe v. AspenBio Pharma, Inc.*, 275 F.R.D. 625, 627-28 (D. Colo. 2011) ("As for the requirement that the lead plaintiff otherwise satisfy the requirements of Rule 23, only two of the four requirements of Rule 23(a)—typicality and adequacy—impact the analysis of the lead plaintiff issue.").  The PSLRA also permits a member of the purported plaintiff class to rebut this presumption by showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

### III.   ANALYSIS

Here, Local 464A and the NMSIC jockey to be appointed lead plaintiff of the class, arguing that they each satisfy the requirements set forth under the PSLRA and Rule 23.  In

response to the NMSIC's motion, Local 464A claims that the NMSIC is subject to unique defenses disqualifying it from appointment as lead plaintiff.  The NMSIC raises a similar argument in response to Local 464A's motion, asserting that a unique defense disrupts Local 464A's adequacy to represent the class.

      A.      **Timeliness and Financial Interest**

Turning first to the timeliness prong, Local 464A and the NMSIC timely filed their motions for appointment as lead plaintiff.  Any interested party to a private securities class action may move the court to be appointed lead plaintiff within sixty days of the publication of notice. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  Here, on July 6, 2020, notice was published in the *Business Wire*.  On September 4, 2020, Local 464A and the NMSIC moved the court to be appointed lead plaintiff.  Thus, the parties' motions were timely.

Next, examining the monetary prong, the NMSIC has the largest financial interest in the relief sought by the class.  The parties assert that in assessing financial interest, the Court considers monetary loss under a last in first out calculation. (ECF Nos. 27 at 8; 29 at 7.)  Here, during the Class Period, the NMSIC suffered losses of approximately $1,744,101 and Local 464A suffered losses of approximately $1,158,326.  (*Compare* ECF No. 28-3 *with* ECF No. 29-3.)  Neither party raises an issue with the opposing parties' calculation of losses, and the Court decerns no error.  Thus, the NMSIC has the largest financial interest in the relief sought by the putative class.  Accordingly, based on the timeliness of its motion and financial interest at stake, the NMSIC is the most adequate plaintiff should it otherwise satisfy the relevant requirements of Rule 23.

      B.      **Typical and Adequate**

"Typicality exists where the 'injury and the conduct are sufficiently similar.'" *In re*

*Ribozyme Pharm., Inc. Sec. Litig.*, 192 F.R.D. 656, 658 (D. Colo. 2000) (citation omitted).  The NMSIC's claims are typical of the purported class.  It, like other proposed class members, purchased Pilgrim's Pride stock during the Class period at a price bolstered by Defendants' misrepresentations and omissions, causing damages when the illegal activity was exposed.  Thus, the NMSIC's claims are typical as they arise from the same cause and injury.[1]

The adequacy requirement is met where the presumptive lead plaintiff can show "(1) the absence of potential conflict between the named plaintiffs and the class members and (2) that counsel chosen by the representative parties is qualified, experienced and able to vigorously conduct the proposed litigation."  *In re Ribozyme*, 192 F.R.D. at 659.  The NMSIC satisfies the adequacy requirement of Rule 23.  There is no evidence of a potential conflict between the interests of the NMSIC and those of the other class members.  Moreover, this potential lead plaintiff has retained respected counsel who will vigorously pursue claims against Defendants on behalf of the putative class.  Thus, the NMSIC is an adequate plaintiff.[2]  While both the NMSIC and Local 464A are well-positioned to be appointed lead plaintiff in this class action, the Court's determination turns on the largest financial interest, which belongs to the NMSIC.  Accordingly, the Court finds the NMSIC is the presumptive lead plaintiff.

**C.    Rebutting the Presumption**

Under the PSLRA, Local 464A can rebut the NMSIC's presumptive status by showing either that the NMSIC "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  Here, Local 464A argues that the NMSIC is subject

---

[1] Local 464A's claims are also typical of the purported class as they are based on the same cause and injury set forth by the NMSIC.
[2] Local 464A is also an adequate plaintiff.

to unique defenses based on its standing and authority to participate in the class action. (ECF No. 31 at 2.) Specifically, that the NMSIC is ineligible because its PSLRA certification was improperly executed. (*Id.* at 3.) The NMSIC disagrees, arguing that its certification was proper and, thus, has standing to prosecute this action. (ECF No. 32 at 2.)

In support of its position, Local 464A relies on a preceding securities class action involving the NMSIC, *In re Snap Inc. Sec. Litig.* (*In re Snap*), No. 217-CV-03679-SVW-AGR, 2019 WL 2223800 (C.D. Cal. Apr. 1, 2019). There, the court denied the NMSIC's motion to be appointed lead plaintiff, explaining that the NMSIC "may face a challenge as to whether it enjoys standing and statutory authority to bring suit" because its motion was brought by the State of New Mexico on behalf of the NMSIC and its PSLRA certification was signed by New Mexico's State Investment Officer, and that since the NMSIC "sold all of its stock prior to the final corrective disclosure," it may not be able to prove loss causation. *In re Snap*, 2019 WL 2223800, at *3. The Court finds the concerns present in *In re Snap* are absent from this case.

First, here, the NMSIC's motion to be appointed lead plaintiff was filed in its own name rather than by the State of New Mexico on behalf of the NMSIC. Second, the New Mexico Assistant Attorney General signed the PSLRA certification rather than the State Investment Officer.[3] Finally, the NMSIC did not sell all its Pilgrim's Pride common stock prior to the final corrective disclosure. Rather, at the end of the Class Period, the NMSIC retained over 70,000 shares of Pilgrim's Pride. Thus, the potential standing issues raised by Local 464A are insufficient to knock the NMSIC from its presumptive plaintiff status. Accordingly, the Court finds the NMSIC is presumptively the most adequate plaintiff to represent the interests of the

---

[3] New Mexico law grants authority to the Office of the Attorney General to represent the NMSIC. *See* N.M. Stat. Ann. § 8-5-2 (1978).

purported class.

### D. Lead Counsel

Under the PSLRA, the lead plaintiff shall select lead counsel, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The NMSIC has selected Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel for the class. Robbins Geller has substantial experience in complex securities litigation and is well qualified and able to vigorously represent the interests of the putative class. Accordingly, the Court approves Robbins Geller as lead counsel and its choice of Shuman, Glenn & Stecker as liaison counsel.

### IV. CONCLUSION

Based on the forgoing, it is **ORDERED** that

1. The NMSIC's motion for appointment as lead plaintiff and approval of lead counsel (ECF No. 27) is GRANTED;
2. Local 464A's motion for appointment as lead plaintiff and approval of lead counsel (ECF No. 29) is DENIED;
3. The NMSIC is appointed lead plaintiff;
4. Robbins Geller is approved as lead counsel; and
5. Shuman, Glenn & Stecker is approved as liaison counsel.

DATED this 17th day of March, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge