IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 20-cv-01966-RM-MEH

UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION LOCAL 464A,
TRUSTEES OF WELFARE AND PENSION FUNDS OF LOCAL 464A—PENSION FUND,
TRUSTEES OF RETIREMENT PLAN FOR OFFICERS,
BUSINESS REPRESENTATIVES AND OFFICE EMPLOYEES OF LOCAL 464A,
TRUSTEES OF LOCAL 464A FINAST FULL TIME EMPLOYEES PENSION PLAN,
TRUSTEES OF LOCAL 464A WELFARE AND PENSION BUILDING INC.,
TRUSTEES OF NEW YORK-NEW JERSEY AMALGAMATED PENSION PLAN FOR ACME EMPLOYEES, and
NEW MEXICO STATE INVESTMENT COUNCIL, individually and on behalf of all others similarly situated,

  Plaintiffs,

v.

PILGRIM'S PRIDE CORPORATION,
JAYSON J. PENN,
WILLIAM W. LOVETTE, and
FABIO SANDRI,

  Defendants.

---

# ORDER

---

Before the Court is Lead Plaintiff's Motion to Alter or Amend Judgment (ECF No. 77), seeking leave to amend the Complaint on the grounds of new evidence. The Motion has been briefed (ECF Nos. 78, 79) and is denied for the reasons below.

**I. BACKGROUND**

Lead Plaintiff brought this action against Defendant Pilgrim's Pride Corporation ("Pilgrim's") and three of its officers on behalf of all persons or entities that acquired common stock of the corporation between February 9, 2017, and June 2, 2020. The three individual

Defendants have served as president and chief executive officer of Pilgrim's, one of the nation's leading chicken producers.

On March 8, 2022, the Court granted Defendants' Motion to Dismiss the 110-page Consolidated Amended Class Action Complaint ("the Complaint"), asserting claims under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934. Lead Plaintiff contended that Defendants deceived investors by touting Pilgrim's performance during the class period while continuing to participate in an undisclosed and illegal bid-rigging conspiracy.

Now, Lead Plaintiff asserts it has discovered new evidence which cures the deficiencies identified in the Court's Order. (ECF No. 77 at 7.) Along with its Motion, it has submitted a 123-page Proposed Amended Complaint (ECF No. 77-2), providing additional allegations gleaned from testimony at consecutive criminal trials regarding the same bid-rigging conspiracy against multiple executives of chicken producers (the "First and Second Criminal Trials"), including Defendants Penn and Lovette. After two mistrials, a third trial ended in acquittals for each defendant. Lead Plaintiff's new allegations are also based on an indictment against four additional Pilgrim's executives in another case (the "*McGuire* Indictment"). That case ended after the court found the United States had not met its burden under Fed. R. Evid. 801(d)(2)(E) of demonstrating a price-fixing or bid-rigging conspiracy by a preponderance of the evidence, prompting the United States to move to dismiss the case without prejudice.

## II. LEGAL STANDARD

Grounds for granting relief under Fed. R. Civ. P. 59(e) include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Monge v. RG Petro-Mach. (Grp.) Co.*, 701 F.3d 598, 611 (10th Cir. 2012). But such a motion "cannot be used to expand a judgment to encompass new issues which could have been raised prior to issuance of the judgment." *Sprint Nextel Corp.*

2

*v. Middle Man, Inc.*, 822 F.3d 524, 536 (10th Cir. 2016) (quotation omitted).  Where a party seeks to submit additional evidence pursuant to Fed. R. Civ. P. 59(e), it must show either that the evidence is newly discovered or, if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence.  *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1213 (10th Cir. 2012).  In addition, the "newly discovered evidence must be of such a nature as would probably produce a different result."  *Id.* (quotation omitted).

## III.     ANALYSIS

Defendants contend that Plaintiff's purportedly new evidence was available before entry of judgment and that its proposed amendment would not cure the deficiencies in the Complaint or produce a different result.  The Court agrees.

The First and Second Criminal Trials ended on December 16, 2021, and March 29, 2022, respectively.  Lead Plaintiff contends that its Proposed Amended Complaint relies on several new facts uncovered during the Second Criminal Trial, and therefore its new evidence was unavailable when the Court entered its Order and Final Judgment on March 8, 2022.[1]  Yet only six paragraphs in the Proposed Amended Complaint expressly rely on testimony solely from the Second Criminal Trial.  (ECF No. 77-2, ¶¶ 7, 144, 167, 265, 268, 272.)  Several of these restate the unremarkable testimony by a Pilgrim's employee that he had monthly sales meetings with Defendants Penn and Lovette where they "reviewed our results and plans going forward."  (*Id.* at ¶¶ 7, 265, 268, 272.)  One states the unremarkable allegation by the same employee that Pilgrim's entered a 2018-2020 contract with KFC.  (*Id.* at ¶ 144.)  Another vaguely refers to

---

[1] To the extent Lead Plaintiff relies on testimony from the First Criminal Trial; the *McGuire* Indictment, which was made public on July 28, 2021; or Pilgrim's plea agreement, which was made public on February 23, 2021, the Court finds that evidence from these sources was available to Lead Plaintiff well before the Court's Order, and therefore does not constitute a basis for relief under Fed. R. Civ. P. 59(e).

Defendants Penn and Lovette's "involvement" in the alleged bid-rigging scheme during the class period and, in a conclusory manner, alleges a "negative impact" of the scheme on Pilgrim's relationships with its key customers and a "material impact" of the scheme on Pilgrim's bottom line. (*Id.* at ¶ 167.) The Court finds the new allegations stemming from the testimony at the Second Criminal Trial fall well short of remedying the Complaint's failure to plead falsity, a necessary element of a securities fraud claim. (*See* ECF No. 75.)  And to the extent Plaintiff relies on testimony from both Criminal Trials, the evidence gleaned from the Second Criminal Trial is largely cumulative of the evidence from the First Criminal Trial, which the Court has already determined was available at the time of the Court's dismissal Order.

Nor has Plaintiff shown that all the allegations in the Proposed Amended Complaint, considered together, are sufficient to state a securities fraud claim in any event. Thus, like the Complaint, many of the allegations in the Proposed Amended Complaint pertain to conduct preceding the class period, much of it by years. (*Compare* ECF No. 54, ¶¶ 70-116, *with* ECF No. 77-2, ¶¶ 89-135.) Per the Complaint, Defendant Penn's latest alleged involvement in the bid-rigging scheme was in March 2015. In the Proposed Amended Complaint, Plaintiff has added allegations about communications in February 2017 between Pilgrim's employees who, at that time, reported to Defendants Penn and Lovette. (ECF No. 77-2, ¶¶ 143, 265.) Similarly, Plaintiff attempts to extend Defendant Lovette's involvement in the scheme beyond May 2016 by adding allegations that certain employees reported to him. (*Id.* at ¶¶ 143, 265, 268.) These allegations advance Lead Plaintiff's claims a nearly imperceptible distance. Accordingly, the Court finds the Proposed Amended Complaint, like the Complaint, lacks the required particularized allegations connecting any Defendants' specific conduct to any specific statements made during the class period.

Further, the Proposed Amended Complaint does not explain how conduct by Pilgrim's employees during the class period rendered any specific statement made during the class period false or misleading.  And Lead Plaintiff still has not met its burden to state *with particularity* a factual basis for its belief that the bid-rigging scheme significantly contributed to Pilgrim's success during the class period such that its statements attributing its success to other factors were materially false or misleading.

The new allegations in the Proposed Amended Complaint fail to cure the other deficiencies in the Complaint as well.  Lead Plaintiff concedes that the Proposed Amended Complaint "does not precisely quantify the full impact of Defendants' bid-rigging scheme" (ECF Nol. 79 at 9) and still has not shown that the bid-rigging scheme had a significant impact on Pilgrim's bottom line during the class period.  And the Proposed Amended Complaint still relies on vague statements of corporate optimism that are incapable of objective verification, fails to plead facts showing that Defendants did not actually hold their stated opinions, continues to rely on statements that amount to non-actionable puffery, and fails to allege circumstances raising a duty to disclose.

## IV.    CONCLUSION

Accordingly, the Motion (ECF No. 77) is DENIED.

DATED this 21st day of October, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge